1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  JEFFREY D. POLSKY (State Bar No. 120975)
   Email: polsky@kmm.com
3  ROSSANA S. ELTANAL (State Bar No. 221145)
   Email: eltanal@kmm.com
4  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
5  San Francisco, California 94104
   Telephone:  (415) 421-3111
6  Facsimile:  (415) 421-0938

7  Attorneys for Defendants
   MILLS-PENINSULA HEALTH SERVICES,
8  SUTTER HEALTH AND CLAUDIA CHRISTENSEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| L.M. BOCCIGNONE,<br><br>Plaintiff,<br><br>v.<br><br>SUTTER HEALTHCARE (MILLS PENINSULA HEALTH SERVICES), BARBARA "BOBBI" FOSTER, CLAUDIA CHRISTENSEN and DOES 1-97,<br><br>Defendants. | CASE NO. CV 07-6243 CRB<br><br>**DEFENDANT SUTTER HEALTH'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>F.R.CIV.P., RULE 12(b)(6)<br><br>DATE:  January 25, 2008<br>TIME:  10:00 a.m.<br>DEPT:  Courtroom 8<br>JUDGE: Charles R. Breyer<br><br>SECOND AMENDED<br>COMPLAINT FILED:  November 14, 2007<br>TRIAL DATE:  No date set. |
|---|---|

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT SUTTER HEALTH'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

CASE NO. CV 07-6243 CRB

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 25, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard in Department 8, the Honorable Charles R. Breyer presiding, of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Sutter Health (erroneously named as Sutter Healthcare (Mills Peninsula Health Services)) will and hereby moves the Court to dismiss all of the claims against it, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). The allegations in the Second Amended Complaint ("Complaint") filed by Plaintiff L.M. Boccignone only state facts relating to Plaintiff's employer and Sutter Health's subsidiary, Defendant Mills-Peninsula Health Services. The Complaint does not state facts relating directly to Sutter Health itself.

Sutter Health's Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such oral argument as may be presented to the Court at the time of the hearing.

DATED: December 17, 2007

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: /s/ JEFFREY D. POLSKY
      JEFFREY D. POLSKY

Attorneys for Defendants
MILLS-PENINSULA HEALTH SERVICES,
SUTTER HEALTH AND CLAUDIA
CHRISTENSEN

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT SUTTER HEALTH'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

- 2 -

CASE NO. CV 07-6243 CRB

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

It would be a miscarriage of justice to allow Plaintiff to pursue her claims against Defendant Sutter Health. Sutter Health is a separate entity from Defendant Mills-Peninsula Health Services ("Mills-Peninsula"), was not Plaintiff L.M. Boccignone's employer, and had absolutely no control over the individuals or events giving rise to this lawsuit.[1] Plaintiff makes the error of naming Sutter Health and Mills-Peninsula as a single defendant, failing to recognize that they are two separate entities. Sutter Health knew nothing about Plaintiff, her employment at Mills-Peninsula[2] or any alleged wrongful conduct, until this lawsuit.

Plaintiff's claims arise out of conduct occurring solely within the employee-employer context. The only facts alleged in the Complaint that relate to Sutter Health are that Plaintiff's employer, Mills-Peninsula, is a subsidiary of Sutter Health. (Compl. at ¶ 1 (2:1, 8), ¶ 2 (3:10), ¶ 6, ¶ 7.) Plaintiff alleges that she was "recruited by SUTTER HEALTH's subsidiary: MILLS-PENINSULA and then hired in January, 2005." (Compl. at ¶ 1 (2:2-3).) The numerous exhibits attached to the Complaint do nothing to further Plaintiff's attempt to name Sutter Health as her employer or a defendant in this action. (Compl. at Exhibits A, B, C, D, E, F, G and R.) Plaintiff does not plead that Sutter Health itself independently committed any wrongful acts. Despite this, Plaintiff proceeds to refer to Mills-Peninsula and Sutter Health as a single Defendant "Mills-Peninsula" throughout her pleading. (Compl. at ¶ 8, 6:8-9 (the caption page of the Complaint also identifies the two defendants as a single defendant: "Sutter Healthcare (Mills Peninsula Health

---

[1] In the Second Amended Complaint ("Complaint"), Plaintiff fails to designate those specific claims against Sutter Health, or any other defendant. Nevertheless, Plaintiff alleges intentional and/or negligent misrepresentation, breach of contract, sex discrimination, sexual harassment, sex discrimination in violation of the California Constitution, false light, violation of Confidentiality of Medical Information Act, wrongful termination in Violation of California Constitution Article 1, Section 8, common law wrongful termination, cancer discrimination, pregnancy discrimination and retaliation.

[2] Mills-Peninsula is one of over two dozen hospital affiliates of Sutter Health, a not-for-profit network of community-based health care providers.

-1-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT SUTTER HEALTH'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

CASE NO. CV 07-6243 CRB

Services).") In the absence of any allegations establishing that Sutter Health is her employer, Plaintiff's claims against Sutter Health should be dismissed without leave to amend.

## II. RELIEF REQUESTED

Rule 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted." In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. TwoRivers v. Lewis, 174 F. 3d 987, 991 (9th Cir. 1999); Rodriguez v. Panayiotou, 314 F. 3d 979, 983 (9th Cir. 2002). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F. 3d 979, 988 (9th Cir. 2001). The question is not whether the plaintiff will ultimately prevail; rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229 (1984); Sprewell, 266 F. 3d at p. 988.

## III. SUTTER HEALTH IS ENTITLED TO DISMISSAL OF ALL CAUSES OF ACTION AGAINST IT

"An employee who seeks to hold a parent corporation liable for the acts or omissions of its subsidiary on a theory that the two corporate entities constitute a single employer has a *heavy burden* to meet under both California and federal law. Corporate entities are presumed to have separate existences, and the corporate form will be disregarded only when the ends of justice require this result." Laird v. Capital Cities/ABC, Inc., 68 Cal. App. 4th 727, 737 (1998) (emphasis added). In particular, there is a strong presumption that a parent company is not the employer of its subsidiary's employees. Id.; Allen v. Pacific Bell, 212 F. Supp. 2d 1180, 1200 (C.D. Cal. 2002) (the parent corporation was not a proper party to the action where it had no more control over

- 2 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT SUTTER HEALTH'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. CV 07-6243 CRB

the subsidiary than that typically exercised by the parent corporation in a parent/subsidiary corporate relationship.).

In <u>Vernon v. State</u>, 116 Cal. App. 4th 114, 125-134 (2004), the court sustained a demurrer in a California Fair Employment and Housing Act case because the plaintiff failed to establish that the defendant was his employer. "The pleading does not allege that the [defendant] hired [plaintiff], set his compensation, or maintained any personnel records for him." <u>Id.</u> at 127. Here, the exhibits in support of Plaintiff's Complaint only evidence Mills-Peninsula as her employer. In particular, Exhibit R contain pay records from her employer Mills-Peninsula, not Sutter Health, a factor that the <u>Vernon</u> court considered strong evidence that an employment relationship did not exist.

Furthermore, Plaintiff fails to plead the doctrine of "alter ego" or its elements to support that Sutter Health was her employer. <u>Vasey v. California Dance Co.</u>, 70 Cal. App. 3d 742, 749 (1977); <u>Wady v. Provident Life and Accident Ins. Co. of America</u>, 216 F. Supp. 2d 1060, 1067 (C.D. Cal. 2002) (dismissing claims because plaintiff had failed to plead alter ego); <u>In re Napster, Inc. Copyright Litigation</u>, 354 F. Supp. 2d 1113, 1121 (N.D. Cal. 2005); <u>Laird v. Capital Cities/ABC, Inc.</u>, <u>supra</u>, 68 Cal. App. 4th at p. 741. When a complaint improperly names a corporation's parent company as a defendant, without alleging facts specific to the parent company, the parent company is entitled to dismissal of the claims against it. <u>Neilson v. Union Bank of Cal., N.A.</u>, 290 F. Supp. 2d 1101, 1117-1118 (C.D. Cal. 2003) (granting a motion to dismiss because the plaintiff failed to allege sufficient facts against the parent company).

In the instant case, Plaintiff alleges she was "recruited by SUTTER HEALTH's subsidiary: MILLS-PENINSULA and then hired in January, 2005." Her Complaint does not assert any facts suggesting that Sutter Health should be held liable for acts allegedly committed by its subsidiary, nor can Plaintiff as Sutter Health was never her employer.

- 3 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT SUTTER HEALTH'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. CV 07-6243 CRB

## IV. CONCLUSION

For all the foregoing reasons, the Court should grant this Motion to Dismiss all the causes of action against Sutter Health, without leave to amend.

DATED: December 17, 2007

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By:   /s/ JEFFREY D. POLSKY
         JEFFREY D. POLSKY

Attorneys for Defendants
MILLS-PENINSULA HEALTH SERVICES, SUTTER HEALTH AND CLAUDIA CHRISTENSEN

4819-5339-1106.2

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 4 -

DEFENDANT SUTTER HEALTH'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. CV 07-6243 CRB