1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  JEFFREY D. POLSKY (State Bar No. 120975)
   Email: polsky@kmm.com
3  ROSSANA S. ELTANAL (State Bar No. 221145)
   Email: eltanal@kmm.com
4  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
5  San Francisco, California  94104
   Telephone:   (415) 421-3111
6  Facsimile:   (415) 421-0938

7  Attorneys for Defendants
   MILLS-PENINSULA HEALTH SERVICES,
8  SUTTER HEALTH AND CLAUDIA CHRISTENSEN

9  DENNIS D. STRAZULO (State Bar No. 124695)
   Email:dstrazulo@strazlaw.com
10 NANCY MCCOY (State Bar No. 184983)
   Email:nmccoy@strazlaw.com
11 STRAZULO FITZGERALD, LLP
   One Sansome Street, Suite 3500
12 San Francisco, California 94104
   Telephone: (415) 394-9500
13 Facsimile: (415) 934-9501

14 Attorneys for Defendant
   BARBARA FOSTER

15
                    UNITED STATES DISTRICT COURT
16                 NORTHERN DISTRICT OF CALIFORNIA

17 L.M. BOCCIGNONE,                    CASE NO.  CV 07-6243 CRB

18              Plaintiff,             **DEFENDANTS' NOTICE OF MOTION
                                       AND MOTION TO DISMISS, MOTION
19 v.                                  TO STRIKE PORTIONS OF
                                       PLAINTIFF'S COMPLAINT, OR IN
20 SUTTER HEALTHCARE (MILLS            THE ALTERNATIVE, MOTION FOR
   PENINSULA HEALTH SERVICES),         A MORE DEFINITE STATEMENT;
21 BARBARA "BOBBI" FOSTER, CLAUDIA     MEMORANDUM OF POINTS AND
   CHRISTENSEN and DOES 1-97,          AUTHORITIES IN SUPPORT
22                                     THEREOF**
                Defendants.
23                                     FRCIVP, RULE 12(b)(6), 12(e) and 12(f)

24                                     **DATE:**    January 25, 2008
                                       **TIME:**    10:00 a.m.
25                                     **DEPT:**    Courtroom 8
                                       **JUDGE:**   Charles R. Breyer
26
                                       SECOND AMENDED
27                                     COMPLAINT FILED:    November 14, 2007
                                       TRIAL DATE:         No date set.
28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION.................................................................................................1

II.   MOTION TO DISMISS CLAIMS PURSUANT TO RULE 12(B)(6)........................1

      A.   Individual Defendants Christensen And Foster Cannot Be Liable As
           A Matter Of Law Under Counts I, II, III, V, VIII, IX, X And XI ......................1

           1.   Discrimination Claims (Counts III, V, X and XI)................................2

           2.   Wrongful Termination Claims (Counts VIII and IX) .........................2

           3.   Breach of Contract and Intentional or Negligent
                Misrepresentation Claims (Counts I and II)....................................3

      B.   Count I (Intentional Or Negligent Misrepresentation) Fails To State A
           Claim Because It Has Not Been Pled With The Required Specificity. ........4

      C.   The Complaint Does Not Support Count IV (Sexual Harassment
           Under The FEHA). .......................................................................................4

           1.   The Alleged Conduct Was Not Severe or Pervasive .....................4

           2.   The Alleged Conduct Constitutes Personnel Management
                Actions that Cannot Be Considered Unlawful Harassment.............6

           3.   The Alleged Conduct Was Not Based on Plaintiff's Sex .................7

      D.   Count VI (False Light (Defamation)) Fails To State A Claim ......................8

           1.   Defendants' Alleged Statements Were Not Made to the
                General Public .................................................................................8

           2.   Defendants' Conduct Is Privileged Under Civil Code Section
                47(c)................................................................................................8

III.  MOTION TO STRIKE PURSUANT TO RULE 12(F) ...........................................10

      A.   Private Medical Information Of Third Party.................................................10

      B.   References To Irrelevant And Immaterial Matter As To Defendants
           Mills-Peninsula and Sutter Health.............................................................10

      C.   References And Exhibits Concerning EDD Appeal Hearing Are
           Prohibited ..................................................................................................11

      D.   Union Activity Is Preempted And Time-Barred ..........................................11

      E.   References To HIPAA Should Be Stricken From Counts III and V
           (Sex Discrimination) And Count XI (Pregnancy Discrimination) ..............12

      F.   References to Defendants' In-House Counsel And Plaintiff's Parents
           Are Immaterial To Her Claims. ..................................................................12

      G.   Plaintiff's Irrelevant, Immaterial And Impertinent Musings & Exhibits
           Should Be Stricken ....................................................................................12

      H.   Reference To Sexual Harassment Instead Of Sex Discrimination In
           Violation Of The California Constitution.....................................................13

      I.    Reference To A Defamation Claim And Plaintiff's Irrelevant and
           Impertinent Allegation In Support. ............................................................13

- i -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

# TABLE OF CONTENTS
### (continued)

| | | Page(s) |
|---|---|---|
| J. | Plaintiff's Claim For Attorneys' Fees. | 13 |
| K. | Plaintiff's Claim For Exemplary Damages | 13 |
| IV. | IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E) | 14 |
| V. | CONCLUSION | 15 |

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S

CASE NO.  CV 07-6243 CRB

1

# TABLE OF AUTHORITIES

2

Page(s)

3

## STATE CASES

4

Aguilar v. Avis Rent A Car System, Inc.,
5              21 Cal. 4th 121 (1999)...............................................................................................5

6      Bily v. Arthur Young & Co.,
               3 Cal. 4th 370 (1992)................................................................................................3
7

Brown v. Kelly Broadcasting Co.,
8              48 Cal. 3d 711 (1989)..............................................................................................10

9      Cleary v. American Airlines, Inc.,
               111 Cal. App. 3d 443...............................................................................................3
10

Cuenca v. Safeway San Francisco Employees Fed. Credit Union,
11              180 Cal. App. 3d 985 (1986)......................................................................................9

12     Fisher v. San Pedro Peninsula Hospital,
13              214 Cal. App. 3d 590 (1989)...............................................................................5, 7

14     Gantry Constr. Co. v. American Pipe & Constr. Co.,
               49 Cal. App.3d 186,198 (1975).................................................................................9
15

Gunthrey v. State of California
16              63 Cal. App. 4th 1108 (1998).....................................................................................7

17     Guz v. Bechtel Nat'l, Inc.,
18              24 Cal. 4th 317 (2000)...............................................................................................3

19     Jacobs v. Universal Development Corporation,
               53 Cal. App. 4th 692 (1997).......................................................................................2
20

Janken v. GM Hughes Electronics,
21              46 Cal. App. 4th 55 (1996).........................................................................................6

22     Kapellas v. Kofman,
23              1 Cal. 3d 20 (1969)....................................................................................................8

24     Khajavi v. Feather River Anesthesia Medical Group,
               84 Cal. App. 4th 32 (2000)........................................................................................2
25

KNB Enterprises v. Matthews,
26              78 Cal. App. 4th 362 (2000)......................................................................................8

27     Neal v. Gatlin,
28              35 Cal. App. 3d 871 (1973)........................................................................................9

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S          CASE NO. CV 07-6243 CRB

1

## TABLE OF AUTHORITIES
### (continued)

2

Page(s)

3

Noel v. River Hills Wilsons, Inc.,
   113 Cal. App. 4th 1363 (2003)...................................................................................9

4

5

Reno v. Baird,
   18 Cal. 4th 640 (1998).............................................................................................2

6

Sheffield v. Los Angeles County Dept. of Social Services,
   109 Cal. App. 4th 153 (2003)...................................................................................5

7

8

Stockton Newspapers, Inc. v. Superior Court,
   206 Cal. App. 3d 966 (1988)..................................................................................10

9

10

Tuso v. Green,
   194 Cal. 574 (1924)..................................................................................................3

11

Warfield v. Peninsula Golf & Country Club,
   214 Cal. App. 3d 646 (1989).....................................................................................8

12

13

Weinbaum v. Goldfarb, Whitman & Cohen,
   46 Cal. App. 4th 1310 (1996)....................................................................................2

14

15

## FEDERAL CASES

16

Associated Builders & Contrs. of S. Cal. v. Nunn,
   356 F. 3d 979 (9th Cir. 2004).................................................................................11

17

Beloit Corp. v. Emett & Chandler Companies, Inc.,
   940 F. 2d 1533 (9th Cir. 1991).................................................................................3

18

19

Bragg v. East Bay Regional Park District,
   2003 WL 23119278 (N.D. Cal. Dec. 29, 2003) .........................................................2

20

Brooks v. City of San Mateo,
   229 F. 3d 917 (9th Cir. 2000)....................................................................................6

21

22

Bureerong v. Uvawas,
   922 F. Supp. 1450 (C.D. Cal. 1996) ...................................................................13, 14

23

24

Cabanas v. Gloodt Associates,
   942 F. Supp. 1295 (E.D. Cal. 1996) .........................................................................8

25

Cellars v. Pacific Coast Packaging, Inc.,
   189 F.R.D. 575 (N.D. Cal. 1999) ............................................................................14

26

27

Conley v. Gibson,
   355 U.S. 41 (1957) ................................................................................................15

28

- iv -

Kauff McClain &
McGuire llp
One Post Street
Suite 2600
San Francisco, CA 94104
Telephone (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S

CASE NO.  CV 07-6243 CRB

# TABLE OF AUTHORITIES
### (continued)

Page(s)

Contreras v. Corinthian Vigor Ins. Brokerage,
  25 F. Supp. 2d 1053 (N.D. Cal. 1998) ........................................................................10

Fantasy, Inc. v. Fogerty,
  984 F. 2d 1524 (9th Cir. 1993) .................................................................................10

Gen-Probe, Inc. v. Amoco Corp., Inc.,
  926 F. Supp. 948 (S.D. Cal. 1996) ............................................................................14

Goodworth Holdings Inc. v. Suh,
  239 F. Supp. 2d 947 (N.D. Cal. 2002) ........................................................................3

Himaka v. Buddhist Churches of Am.,
  919 F. Supp. 332 (N.D. Cal. 1995) ............................................................................13

In re Agent Orange Product Liability Litigation,
  475 F. Supp. 928 (D.C.N.Y. 1979).......................................................................11, 12

Kirton v. Summit Medical Center,
  982 F. Supp. 1381 (N.D. Cal. 1997) .........................................................................7, 8

Lappin v. Laidlaw Transit Inc.
  179 F. Supp. 2d 1111 (N.D. Cal. 2001) .......................................................................5

Lopez v. Smith,
  203 F. 3d 1122 (9th Cir. 2000)...................................................................................3

Manatt v. Bank of America, NA,
  339 F. 3d 792 (9th Cir. 2000).....................................................................................6

Nat'l Railroad Passenger Corp. v. Morgan,
  536 U.S. 101 (2002) ..................................................................................................6

Neilson v. Union Bank of California, N.A.,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) .....................................................................3, 4

Neveu v. City of Fresno,
  392 F. Supp. 2d 1159 (E.D. Cal. 2005) ......................................................................14

Operating Eng'rs Pension Trust v. Wilson,
  915 F. 2d 535 (9th Cir. 1990).....................................................................................11

Porter v. California Dept. of Corrections,
  383 F. 3d 1018 (9th Cir. 2004)..................................................................................6, 7

- v -

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S

CASE NO. CV 07-6243 CRB

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

### TABLE OF AUTHORITIES
**(continued)**

Page(s)

San Diego Bldg. Trades Council v. Garmon,
  359 U.S. 236 (1959) ......................................................................11, 12

Schreiber Distrib. Co. v. Serv-Well Furniture, Inc.,
  806 F. 2d 1393 (9th Cir. 1986).........................................................4

Thomas v. Independence Township,
  463 F. 3d 285 (3rd Cir. 2006) ..........................................................14

Weisbuch v. County of Los Angeles,
  119 F.3d 778 (9th Cir. 1997)............................................................1

Wilkerson v. Butler,
  229 F.R.D. 166 (E.D. Cal. 2005).................................................13, 14

### STATUTES

29 U.S.C. § 158 ....................................................................11, 12

29 U.S.C. § 160(b).......................................................................12

California Civil Code § 47(c) .........................................................1, 8

California Civil Code § 56.25...........................................................14

California Civil Code § 3294............................................................14

California Code of Civil Procedure § 1021 ....................................13

California Unemployment Insurance Code § 1960.............................11

### OTHER AUTHORITIES

Article 1, section 8, of the California Constitution.....................1, 2, 13

Rule 8 of the Federal Rules of Civil Procedure ............................1, 14

Rule 9 of the Federal Rules of Civil Procedure ................................4

Rule 12 of the Federal Rules of Civil Procedure ......................1, 10, 14

Rule 15 of the Federal Rules of Civil Procedure ..............................3

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S

CASE NO. CV 07-6243 CRB

1        TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on January 25, 2008, at 10:00 a.m., or as

3    soon thereafter as counsel may be heard in Department 8, the Honorable Charles R.

4    Breyer presiding, of the United States District Court, Northern District of California, 450

5    Golden Gate Avenue, San Francisco, California  94102, Defendants Mills-Peninsula

6    Health Services (erroneously named as Sutter Healthcare (Mills Peninsula Health

7    Services)), Claudia Christensen and Barbara Foster ("Defendants")[1] will and hereby do

8    move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an

9    order dismissing the Second Amended Complaint ("Complaint") filed by Plaintiff L.M.

10   Boccignone ("Plaintiff") on the grounds that:

11       (A)    Individual Defendants Christensen And Foster Cannot Be
                Liable As A Matter Of Law Under Counts I (Intentional Or
12              Negligent Misrepresentation), II (Breach Of Contract), III
                (Sex Discrimination), V (Sex Discrimination In Violation Of
13              The California Constitution), VIII (Wrongful Termination In
                Violation Of California Constitution, Article 1, Section 8), IX
14              (Common Law Wrongful Termination), X (Cancer
                Discrimination) And XI (Pregnancy Discrimination).
15
16       (B)    Count I (Intentional Or Negligent Misrepresentation) Fails To
                State A Claim Because It Has Not Been Pled With The
17              Required Specificity.

18       (C)    Count IV (Sexual Harassment) Under The FEHA Is
                Unsupported By The Complaint Because (1) The Alleged
19              Conduct Was Not Severe Or Pervasive; (2) The Alleged
                Conduct Constitutes Personnel Management Actions That
20              Cannot Be Considered Unlawful Harassment; And (3) The
                Alleged Conduct Was Not Based On Plaintiff's Sex.

21       (D)    Count VI (False Light (Defamation)) Fails To State A Claim
                Because (1) Defendants' Alleged Statements Were Not
22              Made To The General Public; And (2) Defendants' Conduct
                Is Immunized By Civil Code Section 47(c).
23

24

25

26

27   [1] Defendant Sutter Health simultaneously filed a Motion to Dismiss on separate grounds, but
     joins with Defendants concerning the substantive arguments in these Motions.
28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-1-

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S          CASE NO.  CV 07-6243 CRB

1    In addition, Defendants will and hereby do move to strike the following

2    portions of the Complaint, pursuant to Rule 12(f).  A true and correct copy of Plaintiff's

3    Complaint is attached hereto as Exhibit A.  The matters to be excised from the

4    Complaint are as follows:

| Sec. | Cite | Language |
|------|------|----------|
| A | Exhibit G | The patient's name at the top right corner on page one of this Exhibit was not redacted. |
| B | ¶ 2, 3:21-27 to 4:1-13, 18-26 | "It is alleged Sutter Health remains a solely California medical corporation due to California's draconian Medical Malpractice tort recovery liability limit, for over ten years limited at $250,000.00 other than medical expense, (which has never have been readjusted for real time inflation since its enactment) as Defendant Sutter Health, seeks to ape Duane Reade Drug Stores in New York and Los Remedios, (already active in California's above referenced restricted medical malpractice tort recovery environment), and create Registered Nurse and/or Nurse Practitioner Clinics whereupon these Nurse Supervised 'drop-in' clinics will be manned by non union (non California Nurse's Association) staff as supervisory personal may not belong C.N.A by definition and while it is believed a doctor's supervisory presence will be required under California law – it is likely that Human Resources and the 'bean counters', not the healing staff of Sutter Health, will have supervisory control over these '***for-profit***' units under Sutter Health's ***non-profit*** status.  This is applicable to the instant matter as Plaintiff, a Union Nurse, who reported in writing regulation mistakes within her department, and requested union representation when brought to task by her administrative superiors, was first insulted by an illegal investigation into her private life; then suffered the ignored if not encouraged 'hazing' of her other night-shift co-workers, [interesting, rarely complaints from doctors – at least any who will sign their name to anything] to the point where her Employer had to abruptly fire her…. <br><br>These events occurred while C.N.A. was operating without a union contact and Sutter Health was taking a '*hard line*' with union nurse's, ignoring C.N.A.'s claim, **that the Nurse's public statement regarding Sutter Health was that there complaints were not about money, but about how abused they were by the employer, and that that abuse can unintentionally ricochet on to patient care.**  It is likely that many of the R.N. 'scabs' who filed slots at other Sutter 'R.N. lock out facilities', such as Alta Bates Hospital, will be hired as the non-union 'supervisor' nurses at Sutter's planned 'drop-in' clinics discussed all over the world wide web, including such sites as 'Sutter Watch'." |

- 2 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S    CASE NO.  CV 07-6243 CRB

| | | |
|---|---|---|
| C | ¶ 33, 13:6-10; ¶ 47, 17:5-9; ¶ 58, 20:26-27; ¶ 62, 21:26-27 to 22:1-9; ¶ 73, 24:14-18; ¶ 87, 27:8-12; and Exhibit K | "Defendants FOSTER admitted under oath that she knew Plaintiff had suffered a miscarriage, but when questioned 'isn't fatigue a normal symptom of women who have a miscarriage...' replied 'no.' Def. FOSTER went on to blame Plaintiff: 'if Lisa had, was still having [fatigue from the miscarriage] then she should not have returned to work to her night shift.'" |
| | | "Defendants FOSTER admitted under oath that she knew Plaintiff had suffered a miscarriage, but when questioned 'isn't fatigue a normal symptom of women who have a miscarriage...' replied 'no.' Def. FOSTER went on to blame Plaintiff: 'if Lisa had, was still having [fatigue from the miscarriage] then she should not have returned to work to her night shift and her regular duty.' (See EDD Appeal hearing transcript attached hereto as Exhibit K.)" |
| | | "(a fact not contested during the sworn testimony of named Personal Defendant FOSTER)." |
| | | "It should be noted that while Administrative decisions are not Res Judicata in Superior Court, the E.D.D. matter was heard by a sole J.D. Administrative Law Judge (conscious of the weight of evidence). Defendants lost their case of allegedly firing Plaintiff for good cause—based solely on named Personal Defendant FOSTER'S sworn testimony, which was overheard by her accompanying supervisor (also sworn under oath) Defendant CLAUDIA CHREISTENSEN, and unsigned 'Xeroxes' of some e-mails admittedly solicited by named Personal Defendant FOSTER, compared with a Doctor's Declaration and several doctors willing ness to be on telephone standby. The E.D.D. hearing will be a factor at trial of the instant matter, regardless of some counsel's public writings and speaking about time-consuming and expense motions in limine and bifurcation." |
| | | "Said pretextual allegations were disproved before an EDD Appeals Administrative Law Judge where the predominant evidence was Plaintiff's sworn testimony, FOSTER's sworn testimony, and the declaration of a Doctor supporting Plaintiff's actions in the E.R. and contrary to named Personal Defendant FOSTER'S testimony." |
| | | "Defendants FOSTER admitted under oath that she knew Plaintiff had suffered a miscarriage, but when questioned 'isn't fatigue a normal symptom of women who have a miscarriage...' replied 'no.' Def. FOSTER went on to blame Plaintiff: 'if Lisa had, was still having [fatigue from the miscarriage] then she should not have returned to work to her night shift and her regular duty.' (See EDD Appeal hearing transcript attached hereto as Exhibit K.)" |
| D | ¶ 2, 4:18-27 | "These events occurred while C.N.A. was operating without a union contact and Sutter Health was taking a 'hard line' with union nurse's, ignoring C.N.A.'s claim, **that the Nurse's** |

- 3 -

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S

CASE NO.  CV 07-6243 CRB

| | | |
|---|---|---|
| | | **public statement regarding Sutter Health was that there complaints were not about money, but about how abused they were by the employer, and that that abuse can unintentionally ricochet on to patient care.** It is likely that many of the R.N. 'scabs' who filed slots at other Sutter 'R.N. lock out facilities', such as Alta Bates Hospital, will be hired as the non-union 'supervisor' nurses at Sutter's planned 'drop-in' clinics discussed all over the world wide web, including such sites as 'Sutter Watch'." |
| E | ¶ 37, 14:24; ¶ 51, 18:17; ¶ 91, 28:20 | "HIPPA rights and" |
| F | ¶ 1, 2:22-24, 2:27, 3:1-9; ¶ 19, 8:22-26 | "As Plaintiff is already contemplating administrative adjudication for corporate in-house counsel's possible abetting fraudulent acts herein and violation of his professional oath;"<br><br>"It should be noted that any Administrative action against Sutter Health in-house counsel would be brought by another counsel and/or law firm than present Plaintiff's counsel; as present counsel would be a percipient witness to any alleged claims."<br><br>"Additionally, Plaintiff's parents believe that an attorney who specializes in said actions would best handle this matter. Plaintiff's parents, for all purposes regarding this litigation are clients of Plaintiff's counsel and should not be directly contacted by defendant's counsel, and may consider this notice of said representation and request not to notice the family of the young girl defendants have 'hazed', took away health insurance as her baby was born two months premature, and continue to retaliate against when job prospects contact to confirm employment and R.N. training requirements."<br><br>"…such as in-house counsel, arises. It is Plaintiff's belief under California law, Defendant Sutter Health had a duty to inform in-house counsel related to this matter that they may have personal liability for actions undertaken in the past eighteen [18] months regarding Plaintiff contrary and/or different to that of the employer, Defendant Sutter Health." |
| G | ¶ 1, 2:12-22; ¶ 2, 4:13-17; ¶ 40, 15:17-24; ¶ 58, 20:8-10; and Exhibits H, M, O, Q, R | "The latter were named individually, as a jury may find their individual personal actions to be so egregious, wanton and reckless, as to be outside the scope of their foreseeable employment description and/or their employer's scope of liability (Is an Employer responsible if an Employee violates the Penal Code for instance?) that one or both named defendant's individual actions and/or intent to harm Plaintiff may be found to be individually egregious enough by a jury, or after a finding of intent, that said intent carried such wanton and reckless *personal behavior*, as to assign a |

- 4 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S

CASE NO. CV 07-6243 CRB

| | | separate percentage liability upon these named Personal Defendants, separate from the any liability assigned to the Employer Defendant Sutter Health." |
|---|---|---|
| | | "This solution, firing a single registered nurse (R.N.) rather than fire over five or six R.N.'s who contributed to such infractions, encouraged by the named Defendants, as the public viewing of the interior of Plaintiff's vagina and public viewing of her fetus (less than a year after she had already miscarried a prior baby) as if Plaintiff were an animal or a "*less than racial group*" in 1930's Germany." |
| | | "Pregnancy discrimination affects all women of all races, from ages 13-53.  It also is a the beginning of discriminating against mothers, especially single mothers, of babies and young children, especially by older women who have had the personal experience or have seen over the years the work environment effects on other women, of raising babies and tots, even if they are in child care compared to work performance and Employer Audit expectations and scheduling." |
| | | "Plaintiff will not further dignify the fifthly allegation cast upon her by named personal Defendant FOSTER, as the truth of the parking lot incident is moot regarding named personal Defendant FOSTER's subsequent actions. |
| H | Caption page, p. 1 | "SEXUAL HARASSMENT" |
| I | Caption page, p. 1; ¶ 58, 20:8-10 | "Defamation"  "Plaintiff will not further dignify the filthy allegation cast upon her by named personal Defendant FOSTER, as the truth of the parking lot incident is moot regarding named personal Defendant FOSTER's subsequent actions. |
| J | Page 31, line 7 | "b.  Reasonable attorneys' fees;" |
| K | Page 31, line 10 | "d.  Exemplary damages according to proof at trial; and" |

In the alternative, Defendants will and hereby do move for a more definite statement, pursuant to Rule 12(e).

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S

CASE NO.  CV 07-6243 CRB

1            Defendants' Motions are based upon this Notice of Motion and Motion, the

2    accompanying Memorandum of Points and Authorities, all pleadings and papers on file

3    in this action, and such oral argument as may be presented to the Court at the time of

4    the hearing.

5            I, Jeffrey D. Polsky, hereby attest that the content of this document is

6    acceptable to all persons required to sign this document.

7

8    DATED:  December 17, 2007         Respectfully submitted,

9                                        KAUFF MCCLAIN & MCGUIRE LLP

10

11                                     By:___ /s/ JEFFREY D. POLSKY_____

12                                            JEFFREY D. POLSKY

13                                   Attorneys for Defendants
                                     MILLS-PENINSULA HEALTH SERVICES,

14                                   SUTTER HEALTH AND CLAUDIA
                                     CHRISTENSEN

15

16   DATED:  December 17, 2007         Respectfully submitted,

17                                       STRAZULO FITZGERALD, LLP

18

19

20                                     By:___ /s/ NANCY MCCOY_____

21                                            NANCY MCCOY

22                                   Attorneys for Defendant
                                     BARBARA FOSTER

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S     CASE NO.  CV 07-6243 CRB

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION**

3              Defendants bring this Motion to Dismiss and Motion to Strike pursuant to

4    Rule 12 of the Federal Rules of Civil Procedure.[2]  Pursuant to Rule 12(b)(6), Defendants

5    respectfully request that the Court (1) dismiss the claims that cannot be alleged against

6    individual defendants; (2) dismiss the intentional or negligent misrepresentation claim

7    based on Plaintiff's failure to plead it with the required specificity; (3) dismiss the sexual

8    harassment claim under the California Fair Employment and Housing Act based on

9    Plaintiff's failure to state a prima facie case; and (4) dismiss the false light/defamation

10   claim based on Plaintiff's failure to state a prima facie case and Defendants' privileged

11   communication under California Civil Code section 47(c).  Pursuant to Rule 12(f),

12   Defendants also request that the Court excise from the Complaint those allegations that

13   are irrelevant, immaterial or impertinent or cannot be alleged under the law.

14              In the alternative, Defendants move for a more definite statement pursuant

15   to Rule 12(e).  Defendants request that if Plaintiff is allowed to amend her Complaint, the

16   Court direct her to comply with the "short and plain" pleading requirements of Rule 8.

17   **II.    MOTION TO DISMISS CLAIMS PURSUANT TO RULE 12(B)(6)**

18        **A.    Individual Defendants Christensen And Foster Cannot Be Liable As A**
           <u>**Matter Of Law Under Counts I, II, III, V, VIII, IX, X And XI.**</u>
19

20              A motion to dismiss under Rule 12(b)(6) is appropriate when the plaintiff's

21   claim discloses an absolute defense or bar to recovery.  <u>Weisbuch v. County of Los</u>

22   <u>Angeles</u>, 119 F.3d 778, 783, n.1 (9th Cir. 1997).  Plaintiff's Complaint is defective as it

23   fails to identify the specific Defendants against whom her claims are alleged.

24   Nevertheless, individual defendants Christensen and Foster cannot be liable as a matter

25   of law as to Plaintiff's first cause of action (Intentional or Negligent Misrepresentation),

26   second cause of action (Breach of Contract), third cause of action (Sex Discrimination),

27   fifth cause of action (Sex Discrimination Violation of the California Constitution), eighth

28   [2] Unless otherwise noted, references to Rules refer to the Federal Rules of Civil Procedure.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S      CASE NO.  CV 07-6243 CRB

1   cause of action (Wrongful Termination in Violation of Public Policy), ninth cause of action

2   (Wrongful Termination), tenth cause of action (Perceived Cancer Discrimination) and

3   eleventh cause of action (Pregnancy Discrimination).

4               **1.     Discrimination Claims (Counts III, V, X and XI)**

5               Plaintiff apparently purports to bring discrimination claims under

6   California's Fair Employment and Housing Act ("FEHA")[3] and Article 1, section 8, of the

7   California Constitution against the individual defendants.  Defendants Christensen and

8   Foster were not Plaintiff's employer, nor does Plaintiff allege they were.  Individual

9   defendants cannot be liable for a violation of Article 1, section 8 of the California

10  Constitution or the FEHA where they do not employ the plaintiff.  Bragg v. East Bay

11  Regional Park District, 2003 WL 23119278, *6 (N.D. Cal. Dec. 29, 2003); Reno v. Baird,

12  18 Cal. 4th 640, 643 (1998).  Therefore, to the extent she attempts to bring any

13  discrimination claim against Christensen and Foster, those claims must be dismissed.

14              **2.     Wrongful Termination Claims (Counts VIII and IX)**

15              Plaintiff's eighth and ninth causes of action must fail because Christensen

16  and Foster, as individual employees, cannot be held liable for wrongful termination.  In

17  order to properly plead a wrongful termination claim, a plaintiff must allege the existence

18  of an employee-employer relationship between the plaintiff and the defendant.

19  Weinbaum v. Goldfarb, Whitman & Cohen, 46 Cal. App. 4th 1310, 1315 (1996).  Only an

20  employer can be liable for a tort for wrongful termination.  Bragg v. East Bay Regional

21  Park District, supra, 2003 WL 23119278, *7; Reno v. Baird, supra, 18 Cal. 4th at 664;

22  Khajavi v. Feather River Anesthesia Medical Group, 84 Cal. App. 4th 32, 53 (2000);

23  Jacobs v. Universal Development Corporation, 53 Cal. App. 4th 692, 704 (1997).  An

24  individual who is not an employer is not "legally capable" of committing the tort of

25  wrongful termination.  Weinbaum, 46 Cal. App. 4th at 1315.

26              Defendants Christensen and Foster were not Plaintiff's employer.

27  Accordingly, pursuant to well-established law, they may not be subject to individual

28  liability for wrongful termination.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 2 -

1

### 3.   Breach of Contract and Intentional or Negligent
###         Misrepresentation Claims (Counts I and II)

2

3        Plaintiff's complaint alleges no facts to support that she entered into a

4   contract with the individual Defendants or that they were responsible for making any

5   alleged misrepresentations.  The only proper defendant in an action for breach of

6   contract is the party who makes the offer.  Tuso v. Green, 194 Cal. 574 (1924) ("A

7   contract between two parties is created by a proposal or offer by one of the parties and

8   an acceptance thereof by the other."); Goodworth Holdings Inc. v. Suh, 239 F. Supp. 2d

9   947, 957 (N.D. Cal. 2002); Cleary v. American Airlines, Inc., 111 Cal. App. 3d 443, 456,

10  disapproved on other grounds in Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 351 (2000)

11  (The only proper defendant in an action breach of an employment contract is the

12  employer, who is a party to the employment agreement.).  Accordingly, Foster and

13  Christensen cannot be held liable for any breach of contract concerning the payment of

14  Plaintiff's student loans as they were not a party to any alleged contract.  Plaintiff does

15  not even allege that the individual Defendants were parties to the contract.  (Compl. ¶¶

16  28-29, 11:24-12:14.)

17        Plaintiff's intentional or negligent misrepresentation claim fails for the

18  same reason.  Plaintiff fails to allege that Christensen or Foster made any false

19  statements to Plaintiff concerning the repayment of her student loans to support her

20  claim or that they were in a position to make such an offer on Mills-Peninsula's

21  behalf.  Bily v. Arthur Young & Co., 3 Cal. 4th 370, 407 (1992); Beloit Corp. v. Emett &

22  Chandler Companies, Inc., 940 F. 2d 1533, 1533 (9th Cir. 1991); Neilson v. Union Bank

23  of California, N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).  As such, Plaintiff's

24  claims against the individual Defendants fail as a matter of law.

25        The policy of Rule 15(a) favoring amendment of pleadings does not

26  require the court to waste judicial resources on complaints that cannot possibly be

27  amended to state a viable claim.  Lopez v. Smith, 203 F. 3d 1122, 1127 (9th Cir. 2000).

28  As Plaintiff cannot successfully amend the Complaint to allege the above-referenced

- 3 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S          CASE NO. CV 07-6243 CRB

1  claims against Christensen and Foster, Defendants' Motion to Dismiss the above-

2  referenced claims should be granted without leave to amend.

3  **B.    Count I (Intentional Or Negligent Misrepresentation) Fails To State A Claim Because It Has Not Been Pled With The Required Specificity.**

4

5  "It is well-established in the Ninth Circuit that both claims for fraud and

6  negligent misrepresentation must meet Rule 9(b)'s particularity requirements." <u>Neilson</u>

7  <u>v. Union Bank of California, N.A.</u>, 290 F. Supp. 2d 1101, 1411 (C.D. Cal. 2003), citing

8  <u>Glen Holly Entertainment, Inc. v. Tektronix, Inc.</u>, 100 F. Supp. 2d 1086, 1093 (C.D.

9  Cal.1999).

10  Plaintiff's intentional or negligent misrepresentation claim fails to satisfy

11  the heightened pleading standard set forth in Rule 9(b).  For example, she fails to allege

12  the name(s) of the person(s) who made the specific representations set forth in Count I,

13  and does not allege the time and place of any such representations.  <u>Schreiber Distrib.</u>

14  <u>Co. v. Serv-Well Furniture, Inc.</u>, 806 F. 2d 1393, 1401 (9th Cir. 1986) (holding plaintiff

15  alleging fraud "must state the time, place, and specific content of the false

16  representations as well as the identities of the parties to the misrepresentation"); <u>Neilson</u>

17  <u>v. Union Bank of California, N.A.</u>, <u>supra</u>, 290 F. Supp. 2d at 1411, (citing <u>Moore v.</u>

18  <u>Kayport Package Exp., Inc.</u>, 885 F. 2d 531, 540 (9th Cir.1989) ("A pleading is sufficient

19  under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant

20  can prepare an adequate answer to the allegations.  While statements of the time, place

21  and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations

22  of fraud are insufficient.")).

23  Plaintiff has not provided this information.  Therefore, Defendant's Motion

24  to Dismiss Count 1 should be granted without leave to amend.

25  **C.    The Complaint Does Not Support Count IV (Sexual Harassment Under The FEHA).**

26

27  **1.    The Alleged Conduct Was Not Severe or Pervasive**

28  "FEHA's prohibitions are not a 'civility code' and are not designed to rid the

- 4 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S    CASE NO. CV 07-6243 CRB

1   workplace of vulgarity." <u>Sheffield v. Los Angeles County Dept. of Social Services</u>, 109

2   Cal. App. 4th 153, 161 (2003).  "Conduct must be extreme to amount to a change in the

3   terms and conditions of employment...." <u>Aguilar v. Avis Rent A Car System, Inc.</u>, 21 Cal.

4   4th 121, 130 (1999), (citing <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 788 (1998)).[3]

5   "Acts of harassment cannot be occasional, isolated, sporadic, or trivial[;] rather the

6   plaintiff must show a concerted pattern of harassment of a repeated, routine or

7   generalized nature." <u>Fisher v. San Pedro Peninsula Hospital</u>, 214 Cal. App. 3d 590, 610

8   (1989).  The factors that may be considered in evaluating whether a hostile environment

9   was created include the nature and frequency of the alleged conduct, the total number of

10  days over which the alleged conduct occurred, and the context in which the alleged

11  conduct occurred. <u>Id.</u> at p. 608.

12          In support of Plaintiff's sexual harassment claim, Plaintiff specifically states

13  that "Defendants ratified, permitted and/or did not stop their employees from accessing

14  Plaintiff's medical records without her consent, and displaying Plaintiff's ultrasound

15  picture of her vagina and amniocentesis on computer monitors to be viewed by staff,

16  patients, and potentially the general public."[4]  (Compl. at ¶ 42, 16:5-9.)  She does not

17  identify who accessed the information, who saw it, where or when this allegedly

18  happened, or how any of the Defendants is responsible for this conduct.  Courts have

19  thrown out harassment claims involving more severe or pervasive facts than these on

20  the grounds they did not rise to the level of a hostile environment as a matter of law.

21  <u>Lappin v. Laidlaw Transit Inc.</u> 179 F. Supp. 2d 1111, 1120-1121 (N.D. Cal. 2001).

22  Plaintiff's Complaint does not state facts even approaching, either in terms of severity or

23  pervasiveness, a tenable cause of action for harassment.  Had facts truly falling into the

24  [3] Because the objectives and wording of Title VII of the Civil Rights Act of 1964 are similar to
25  FEHA, courts look to federal cases for assistance in interpreting FEHA. <u>Reno v. Baird</u>, 18 Cal.
    4th at 647-648.

26  [4] Plaintiff also references the allegations contained in paragraphs 1 through 40 of her Complaint
    in support of her sexual harassment claim.  However, none of these allegations amount to
27  severe or pervasive conduct.

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S          CASE NO. CV 07-6243 CRB

1    hostile environment category existed, Plaintiff surely would have made a point to include

2    them in her 31-page Complaint, amended for the second time.  Therefore, granting

3    Defendants' Motion to Dismiss without leave to amend is appropriate.

> **2.    The Alleged Conduct Constitutes Personnel Management Actions that Cannot Be Considered Unlawful Harassment**

6    To be actionable, Plaintiff must have been subjected to unwelcome "verbal

7    or physical conduct" because of her sex that was sufficiently severe or pervasive to alter

8    the conditions of her employment and create an abusive working environment.  <u>Manatt v.</u>

9    <u>Bank of America, NA</u>, 339 F. 3d 792, 797 (9th Cir. 2000); <u>Brooks v. City of San Mateo</u>,

10   229 F. 3d 917, 923 (9th Cir. 2000) (quoting <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17,

11   21 (1993) (to prevail on hostile environment claim, plaintiff must demonstrate that her

12   "'workplace [was] permeated with discriminatory intimidation, ridicule, and insult,' that is

13   'sufficiently severe or pervasive to alter the conditions of the victim's employment and

14   create an abusive working environment.'")).

15   The Supreme Court noted in <u>Nat'l Railroad Passenger Corp. v. Morgan</u>,

16   536 U.S. 101, 114-115 (2002):

> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' ....
>
> Hostile environment claims are different in kind from discrete acts.  Their very nature involves repeated conduct.... The 'unlawful employment practice' therefore cannot be said to occur on any particular day.  It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own.

24   Thus, "discrete acts" of discrimination may not be used to state a hostile environment

25   claim.  The Ninth Circuit affirmed this principle, stating: "If the flames of an allegedly

26   hostile environment are to rise to the level of an actionable claim, they must do so based

27   on the fuel of timely non-discrete acts."  <u>Porter v. California Dept. of Corrections</u>, 383 F.

28   3d 1018, 1027 (9th Cir. 2004); <u>Janken v. GM Hughes Electronics</u>, 46 Cal. App. 4th 55,

- 6 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S          CASE NO. CV 07-6243 CRB

1   64-65 (1996) (alleged acts could not legally constitute harassment because they were

2   "within the realm of properly delegated personnel management authority.")

3          As stated above, Plaintiff in the instant case does not allege any facts that

4   contribute to a sexually hostile environment as defined by the foregoing authorities.

5   Assuming Plaintiff's allegations contained in paragraphs 1 through 40 of her Complaint

6   provide a basis for her harassment claim, Defendants' alleged conduct are only the sorts

7   of personnel decisions the courts consider "discrete acts," for which her remedy is her

8   discrimination and retaliation claims.  The Court should dismiss Plaintiff's harassment

9   claim with prejudice because if there were any facts to support a hostile environment

10  claim, Plaintiff certainly would not have omitted them from her Complaint.

11          **3.      The Alleged Conduct Was Not Based on Plaintiff's Sex**

12          To prevail on a claim of sexual harassment, Plaintiff must show that the

13  alleged offensive conduct was based on her sex.  Fisher, 214 Cal. App. 3d at p. 608-

14  609; Gunthrey v. State of California (1998) 63 Cal. App. 4th 1108, 1124 (harassment

15  claim dismissed where acts alleged were not only "trivial," but were not sexual in nature

16  and were gender-neutral).  Porter v. California Dept. of Corrections, 383 F. 3d at p. 1028

17  (statements and insults by a manager and fellow correctional officers did not contribute

18  to hostile environment because they were not sexually charged).

19          Plaintiff's fourth cause of action must be dismissed because Plaintiff fails

20  to allege harassing conduct was based on her sex.  In Kirton v. Summit Medical Center,

21  982 F. Supp. 1381, 1389-90 (N.D. Cal. 1997), a nurse alleged that she was falsely

22  accused of stealing morphine and harassed in violation of the FEHA.  The court

23  dismissed the harassment claim entirely, noting:

24                  Plaintiff's complaint and moving papers are devoid of any
                    factual allegations charging Defendants of harassment based
25                  on Plaintiff's membership in a protected class.  Instead,
                    Plaintiff's allegations that she was falsely accused of stealing
26                  morphine and the subsequent harassment on that ground is
                    the basis of [her] claim.  Plaintiff's harassment claim under
27                  California Government Code section 12940 fails to state a
                    valid claim for relief and is, therefore, dismissed.
28

- 7 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S          CASE NO.  CV 07-6243 CRB

1    Id., at p. 1390.  Plaintiff's sexual harassment claim, here, is similarly deficient and should

2    be dismissed.

3        **D.      Count VI (False Light (Defamation)) Fails To State A Claim.**

4            **1.      Defendants' Alleged Statements Were Not Made to the General
             Public**

5

6            The California Supreme Court in discussing the nature of privacy claims

7    recognizes a claim of false light in the public eye.  Kapellas v. Kofman, 1 Cal. 3d 20, 35,

8    n. 16 (1969); KNB Enterprises v. Matthews, 78 Cal. App. 4th 362, 366 (2000).  The

9    plaintiff must establish the public disclosure of private facts in order to state a prima facie

10   case for false light.  Warfield v. Peninsula Golf & Country Club, 214 Cal. App. 3d 646,

11   660 (1989) (The number of country club members who received the club's newsletter

12   that placed her in a "false light" did not constitute a general public disclosure.); Cabanas

13   v. Gloodt Associates, 942 F. Supp. 1295, 1310 (E.D. Cal. 1996).  In this case, Plaintiff

14   alleges that Defendant Foster investigated a security officer's report that Plaintiff

15   behaved inappropriately on Mills-Peninsula property and that certain Defendants

16   (Plaintiff does not identify which ones) provided information unfavorable to Plaintiff in

17   response to reference inquiries from Kaiser Permanente and St. Mary's.  (Compl., at ¶¶

18   57-60.)  Neither allegation constitutes a communication made to the public at large or to

19   so many persons that the matter must be regarded as substantially certain to become

20   public knowledge.  Absent disclosure to the general public, Plaintiff's false light claim

21   necessarily fails.

22           **2.      Defendants' Conduct Is Privileged Under Civil Code Section
             47(c)**

23

24           Moreover, Plaintiff's claim cannot overcome the privilege under Civil Code

25   section 47(c) that attaches to the alleged conduct.[5]  Section 47(c) provides that:

26   _____
     [5] Plaintiff labels her sixth cause of action as False Light (Defamation) only on the caption page of
     the Complaint.  Plaintiff does not identify Count VI by that title in the body of her Complaint nor
27   does she allege the elements of a defamation claim.  (Compl. at19:19.)  Nevertheless, Plaintiff's
     purported defamation claim fails in the absence of any false and unprivileged statements by
28   Defendants.  Haley v. Casa Del Rey Homeowners Ass'n, 153 Cal. App. 4th 863, 878 (2007).

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111
                                          - 8 -

1

2

3

4

5

6

7

8

9

> A privileged publication … is one made … [¶] [i]n a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant. This subdivision authorizes a current or former employer, or the employer's agent, to answer whether or not the employer would rehire a current or former employee

10   As to the alleged investigation of Plaintiff's actions in the parking lot at

11   work, "[c]ommunications made in a commercial setting relating to the conduct of an

12   employee have been held to fall squarely within the qualified privilege for

13   communications to interested persons." Cuenca v. Safeway San Francisco Employees

14   Fed. Credit Union, 180 Cal. App. 3d 985, 995 (1986).

15   Similarly, California law has long recognized that section 47(c)'s common

16   interest privilege applies to communications between a former employer and a potential

17   employer. Neal v. Gatlin, 35 Cal. App. 3d 871, 877 (1973); Noel v. River Hills Wilsons,

18   Inc., 113 Cal. App. 4th 1363, 1369-1370 (2003). Plaintiff cannot establish that any

19   statement made by Defendants was made to a party who lacked a legitimate interest in

20   the reasons concerning Plaintiff's performance and/or termination.

21   If, as is the case here, "the complaint alleges facts showing that the

22   statement was, prima facie, entitled to the qualified privilege, then plaintiff must allege

23   and prove the presence of malice." Gantry Constr. Co. v. American Pipe & Constr. Co.,

24   49 Cal.App.3d 186,198 (1975) (citations omitted). Furthermore, Plaintiff's Complaint

25   does not allege that Defendants acted with malice in making the alleged statements.

26   "Malice in the law of libel is a term of legal art. Its meaning is measured against the

27   purposes served by the privilege. With respect to the conditional privileges, malice lies

28

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S     CASE NO. CV 07-6243 CRB

1   in the abuse of the (otherwise) privileged occasion." <u>Stockton Newspapers, Inc. v.</u>

2   <u>Superior Court</u>, 206 Cal. App. 3d 966, 979 (1988), disapproved on other grounds in

3   <u>Brown v. Kelly Broadcasting Co.</u>, 48 Cal. 3d 711, 733, n. 18 (1989).

4          The Complaint does not allege that Defendants acted with malice or

5   "recklessly."   Plaintiff only alleges that Defendant Foster investigated a report from a

6   security guard (apparently concluding the report had no merit) and that unidentified

7   Defendants provided a negative employment reference.  (Compl. at ¶¶ 58, 59, 60.)

8   Given the absence of a public disclosure or evidence of actual malice, Defendants'

9   Motion to Dismiss Count VI should be granted without leave to amend.

10  **III.    MOTION TO STRIKE PURSUANT TO RULE 12(F)**

11         Motions to strike pursuant to Rule 12(f) are appropriate to challenge "any

12  insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

13  <u>Contreras v. Corinthian Vigor Ins. Brokerage</u>, 25 F. Supp. 2d 1053, 1055 (N.D. Cal.

14  1998).  Defendants also move to strike specific allegations, where appropriate.

15         **A.    <u>Private Medical Information Of Third Party.</u>**

16         Plaintiff bases her claims in part on the privacy of her alleged medical

17  information while failing to lead by example.  Specifically, the first page of Exhibit G to

18  Plaintiff's Complaint discloses the name of a patient and contains private medical

19  information.  Thus, the patient's name on page one of Exhibit G should be redacted.

20         **B.    <u>References To Irrelevant And Immaterial Matter As To Defendants**

21  **Mills-Peninsula and Sutter Health.</u>**

22         Plaintiff inserts irrelevant and immaterial references to Defendant Mills-

23  Peninsula and Sutter Health.  (Compl. at ¶ 2 (3:21-27 to 4:1-26).)  Plaintiff references the

24  Medial Malpractice tort recovery limit, Duane Reade Drug Stores, Nurse Practitioner

25  Clinics, 1930's Germany and "scabs."  (<u>Id.</u>) These paragraphs are impertinent and

26  immaterial to Plaintiff's claims.  <u>Fantasy, Inc. v. Fogerty</u>, 984 F. 2d 1524, 1527 (9th Cir.

27  1993), rev'd on other grounds in <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517, 534-523 (1994)

28  ("Impertinent" has been defined to include allegations that are not responsive or relevant

- 10 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S          CASE NO. CV 07-6243 CRB

1  to issues involved in the action.).

2        Additionally, these allegations should be stricken where they are

3  unnecessary and place a heavy pleading burden on Defendants, and more limited

4  allegations would be appropriate.  In re Agent Orange Product Liability Litigation, 475 F.

5  Supp. 928, 936 (D.C.N.Y. 1979).

6        **C.    References And Exhibits Concerning EDD Appeal Hearing Are**
       **Prohibited.**
7

8        Plaintiff's references and attached exhibit concerning the hearing and

9  judgment by the Employment Development Department are prohibited under California

10  Unemployment Insurance Code section 1960.  (Compl. at ¶ 33 (13:6-10), ¶ 47 (17:5-9),

11  ¶ 58 (20:26-27), ¶ 62 (21:26-27 to 22:1-9), ¶ 73 (24:14-18), ¶ 87 (27:8-12) and Exhibit

12  K.)  Section 1960 states:

13              Any finding of fact or law, judgment, conclusion, or final order
              made by a hearing officer, administrative law judge, or any
14              person with the authority to make findings of fact or law in
              any action or proceeding before the appeals board, shall not
15              be conclusive or binding in any separate or subsequent
              action or proceeding, and shall not be used as evidence in
16              any separate or subsequent action or proceeding, between
              an individual and his or her present or prior employer brought
17              before an arbitrator, court, or judge of this state or the United
              States, regardless of whether the prior action was between
18              the same or related parties or involved the same facts.

19  Therefore, these above references and exhibit should be should be stricken.

20        **D.    Union Activity Is Preempted And Time-Barred.**

21        The Complaint also contains irrelevant references to union activities.

22  (Compl. at ¶ 2 (4:18-27).)  Claims involving "union activity" are completely preempted by

23  federal law.  Any claim that could form the basis of an unfair labor practice under

24  Section 8 of the National Labor Relations Act, 29 U.S.C. section 158—such as Plaintiff's

25  allegations of union activity—is subject to the exclusive jurisdiction of the National Labor

26  Relations Board under the Garmon preemption doctrine.  See, e.g., Associated Builders

27  & Contrs. of S. Cal. v. Nunn, 356 F. 3d 979, 987 (9th Cir. 2004) (citing San Diego Bldg.

28  Trades Council v. Garmon, 359 U.S. 236, 244 (1959)); accord Operating Eng'rs Pension

- 11 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S       CASE NO. CV 07-6243 CRB

1  Trust v. Wilson, 915 F. 2d 535, 539 (9th Cir. 1990) ("The Garmon doctrine provides that

2  when an 'activity is arguably subject to § 7 or § 8 of the Act, the states as well as the

3  federal courts must defer to the exclusive competence of the National Labor Relations

4  Board."). Neither state nor federal courts have jurisdiction to hear unfair labor practice

5  charges, and the time for Plaintiff to bring such a charge before the National Labor

6  Relations Board has expired. 29 U.S.C. § 160(b) (six-month statute of limitations).

7       **E.    References To HIPAA Should Be Stricken From Counts III and V (Sex**

8           **Discrimination) And Count XI (Pregnancy Discrimination).**

9            Defendants also move to strike from Plaintiff's Complaint allegations

10  concerning the Health Insurance Portability and Accountability Act ("HIPAA"), incorrectly

11  identified by Plaintiff as "HIPPA." Buried in Counts III, V and XI (Compl. at ¶ 37 (14:24),

12  ¶ 51 (18:17), ¶ 91 (28:20)), Plaintiff references a violation of her HIPAA rights. These

13  allegations are immaterial to Plaintiff's claims, and she does not otherwise allege any

14  violation of HIPAA in her Complaint. Therefore, such references should also be stricken.

15       **F.    References to Defendants' In-House Counsel And Plaintiff's Parents**

16           **Are Immaterial To Her Claims.**

17            Plaintiff makes various references to Defendants' in-house counsel, who is

18  not named in this action, throughout her Complaint as well as to Plaintiff's parents.

19  (Compl. at ¶ 1 (2:22-24, 2:27, 3:1-9), ¶ 19 (8:22-26).) These impertinent and immaterial

20  allegations should be stricken as they are unnecessary and more limited allegations are

21  appropriate. In re Agent Orange Product Liability Litigation, 475 F. Supp. at p. 936.

22       **G.    Plaintiff's Irrelevant, Immaterial And Impertinent Musings & Exhibits**

23           **Should Be Stricken.**

24            Plaintiff poses irrelevant and impertinent questions and musings in support

25  of her claims. (Compl. at ¶ 1 (2:12-22, ¶ 2 (4:13-17, ¶ 40 (15:17-24), ¶ 58 (20:8-10).)

26  Plaintiff also attaches irrelevant exhibits, including California case law and regulations in

27  support of her claims. (Exhibits H, M, O, Q, R.) Defendants should not be required to

28  respond to such ramblings, and the above allegations and exhibits should be stricken.

- 12 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1

**H.    Reference To Sexual Harassment Instead Of Sex Discrimination In Violation Of The California Constitution.**

2

3          Plaintiff improperly identifies her fifth cause of action as a "sexual

4    harassment" claim in the caption page of the Complaint. (Caption page, p. 1.) However,

5    her fifth cause of action alleges a sex discrimination claim. (Compl. at ¶¶ 43-55.) The

6    constitutional provision at issue does not even apply to harassment. "Article I, Section 8

7    . . . does not itself create a cause of action to redress private employment discrimination

8    not resulting in termination." Himaka v. Buddhist Churches of Am., 919 F. Supp. 332,

9    335 (N.D. Cal. 1995). Plaintiff should strike the reference to "sexual harassment" and

10   insert the term "sex discrimination."

11

**I.    Reference To A Defamation Claim And Plaintiff's Irrelevant and Impertinent Allegation In Support.**

12

13         Plaintiff fails to establish the elements of any defamation claim, yet names

14   Count VI "False Light (Defamation)" on the caption page. Plaintiff further provides a

15   statement concerning her refusal to challenge the "truth" of the allegations made by

16   Foster. Plaintiff's irrelevant and impertinent statement to support her false light claim

17   and any reference to "defamation" should be stricken. (Compl. at ¶ 58 (20:8-10), caption

18   page.)

19

**J.    Plaintiff's Claim For Attorneys' Fees.**

20         Plaintiff seeks to recover attorneys' fees under Counts I, II and VIII of her

21   Complaint. (Compl. at 31:7.) However, none of those claims permit the recovery of

22   attorneys' fees. Cal. Code of Civ. Proc. § 1021. Therefore, Plaintiff's request for

23   attorneys' fees pursuant to the above-referenced claims are not recoverable as a matter

24   of law and should be stricken. Bureerong v. Uvawas, 922 F. Supp. 1450, 1479, n. 34

25   (C.D. Cal. 1996); Wilkerson v. Butler, 229 F.R.D. 166, 172 (E.D. Cal. 2005).

26

**K.    Plaintiff's Claim For Exemplary Damages.**

27         Plaintiff seeks recovery of exemplary damages under Count II. (Compl. at

28   31:10.) However, Plaintiff cannot recover punitive damages under her breach of contract

- 13 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S          CASE NO. CV 07-6243 CRB

1   as a matter of law.  Cal. Civil Code § 3294.  Therefore, exemplary damages for above-

2   referenced claims are not recoverable as a matter of law and those references should be

3   stricken.  <u>Wilkerson v. Butler</u>, <u>supra</u>, 229 F.R.D. at p. 172.

## IV.   IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E)

6              "If a pleading to which a responsive pleading is permitted is so vague or

7   ambiguous that a party cannot reasonably be required to frame a responsive pleading,

8   the party may move for a more definite statement before interposing a responsive

9   pleading."  Rule 12(e); see also <u>Cellars v. Pacific Coast Packaging, Inc.</u>, 189 F.R.D. 575,

10  578 (N.D. Cal. 1999); <u>Bureerong v. Uvawas</u>, <u>supra</u>, 922 F. Supp. at p. 1461 (Rule 12(e)

11  also attacks unintelligibility in a pleading); <u>Neveu v. City of Fresno</u>, 392 F. Supp. 2d

12  1159, 1169 (E.D. Cal. 2005).  Rule 8(a) requires that "a pleading which sets forth a claim

13  for relief ... shall contain ... (2) a *short and plain* statement of the claim ...."  Rule 8(a)

14  (emphasis added).  Rule 8(e)(1) provides that "[e]ach averment of a pleading shall be

15  *simple, concise, and direct. . . .*"  (Emphasis added.)  Clearly, Plaintiff's 31-page

16  Complaint fails to meet these requirements.

17             The allegations in the Complaint are vague and uncertain.  For instance,

18  Plaintiff combines all Defendants together for each claim and fails to put each Defendant

19  on notice as to the claims asserted against it.  <u>Gen-Probe, Inc. v. Amoco Corp., Inc.</u>, 926

20  F. Supp. 948, 961 (S.D. Cal. 1996).  In Count 1 and VI, Plaintiff fails to specify the

21  Defendant who made the specific statements supporting her misrepresentation and false

22  light claims.  In Count IV, she declines to disclose what alleged conduct she attributes to

23  each Defendant in support of her sexual harassment claim and fails to identify the body

24  of law under which her harassment claim arises.  As stated above, Plaintiff combines two

25  legally separate claims in Count V (false light (defamation)).  In addition, Count VII

26  (violation of the Confidentiality of Medical Information Act) is ambiguous and prevents

27  Defendants from determining if the alleged disclosures are protected under California

28  Civil Code section 56.25.  <u>Thomas v. Independence Township</u>, 463 F. 3d 285, 301 (3rd

- 14 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S          CASE NO. CV 07-6243 CRB

1  Cir. 2006) (The plaintiff failed to state facts necessary to determine a qualified immunity

2  defense to allow resolution at outset of litigation.).

3         In sum, Plaintiff's Complaint fails to give Defendants "fair notice" of the

4  grounds upon which she rests her claims against it.  Conley v. Gibson, 355 U.S. 41, 47

5  (1957).  In the event that this Court does not dismiss Plaintiff's Complaint, Defendant

6  respectfully requests that, in the alternative, the Court require a specific, concise and

7  plain statement by Plaintiff of the basis for her claims against Defendants.

8  **V.    CONCLUSION**

9         For the reasons stated above, the Court should grant Defendants' Motions

10  without leave to amend.

11        I, Jeffrey D. Polsky, hereby attest that the content of this document is

12  acceptable to all persons required to sign this document.

13

14  DATED:  December 17, 2007              Respectfully submitted,

15                                        KAUFF MCCLAIN & MCGUIRE LLP

16

17                                        By:   /s/ JEFFREY D. POLSKY
                                                JEFFREY D. POLSKY

18                                        Attorneys for Defendants
19                                        MILLS-PENINSULA HEALTH SERVICES,
                                          SUTTER HEALTH AND CLAUDIA
20                                        CHRISTENSEN

21  DATED:  December 17, 2007              Respectfully submitted,

22                                        STRAZULO FITZGERALD, LLP

23

24                                        By:   /s/ NANCY MCCOY
25                                                NANCY MCCOY

26                                        Attorneys for Defendant
                                          BARBARA FOSTER
27  4852-3779-3282.4

28
                                          - 15 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT; MPA'S        CASE NO.  CV 07-6243 CRB