MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
JEFFREY D. POLSKY (State Bar No. 120975)
Email: polsky@kmm.com
ROSSANA S. ELTANAL (State Bar No. 221145)
Email: eltanal@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:    (415) 421-3111
Facsimile:    (415) 421-0938

Attorneys for Defendants
MILLS-PENINSULA HEALTH SERVICES,
SUTTER HEALTH AND CLAUDIA CHRISTENSEN

DENNIS D. STRAZULO (State Bar No. 124695)
Email:dstrazulo@strazlaw.com
NANCY MCCOY (State Bar No. 184983)
Email:nmccoy@strazlaw.com
STRAZULO FITZGERALD, LLP
One Sansome Street, Suite 3500
San Francisco, California 94104
Telephone: (415) 394-9500
Facsimile: (415) 934-9501

Attorneys for Defendant
BARBARA FOSTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. BOCCIGNONE,<br><br>Plaintiff,<br><br>v.<br><br>SUTTER HEALTHCARE (MILLS PENINSULA HEALTH SERVICES), BARBARA "BOBBI" FOSTER, CLAUDIA CHRISTENSEN and DOES 1-97,<br><br>Defendants. | CASE NO.  CV 07-6243 CRB<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**<br><br>FRCivP, Rule 12(b)(6), 12(e) and 12(f)<br><br>**DATE:**    January 25, 2008<br>**TIME:**    10:00 a.m.<br>**DEPT:**    Courtroom 8<br>**JUDGE:**  Charles R. Breyer<br><br>**SECOND AMENDED COMPLAINT FILED:** November 14, 2007<br>**TRIAL DATE:** No date set. |

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFTS' MOTION TO DISMISS, MOTION TO STRIKE
PORTIONS OF PLTF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE
DEFINITE STATEMENT

CASE NO.  CV 07-6243 CRB

The hearing on the Motion to Dismiss, Motion to Strike Portions of the Complaint, or in the Alternative, Motion for a More Definite Statement pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6), 12(e) and 12(f), filed by Defendants Mills-Peninsula Health Services (erroneously named as Sutter Healthcare (Mills Peninsula Health Services)), Claudia Christensen and Barbara Foster ("Defendants")[1] came on for hearing on January 25, 2008, at 10:00 a.m. before this Court in Department 8, the Honorable Charles R. Breyer presiding. Jeffrey D. Polsky and Rossana S. Eltanal, Kauff, McClain & McGuire LLP, and Nancy McCoy, Strazulo Fitzgerald, LLP, appeared as attorneys for Defendants and Robert H. Gold, Gold & Associates LLP, appeared as attorney for Plaintiff L.M. Boccignone.

After full consideration of the parties' papers, as well as the argument of counsel, the Court finds as follows:

Pursuant to Rule 12(b)(6),

(A) Individual Defendants Christensen And Foster Cannot Be Liable As A Matter Of Law Under Counts I (Intentional Or Negligent Misrepresentation), II (Breach Of Contract), III (Sex Discrimination), V (Sex Discrimination In Violation Of The California Constitution), VIII (Wrongful Termination In Violation Of California Constitution, Article 1, Section 8), IX (Common Law Wrongful Termination), X (Cancer Discrimination) And XI (Pregnancy Discrimination).

(B) Count I (Intentional Or Negligent Misrepresentation) Fails To State A Claim Because It Has Not Been Pled With The Required Specificity.

(C) Count IV (Sexual Harassment) Under The FEHA Is Unsupported By The Complaint Because (1) The Alleged Conduct Was Not Severe Or Pervasive; (2) The Alleged Conduct Constitutes Personnel Management Actions That Cannot Be Considered Unlawful Harassment; And (3) The Alleged Conduct Was Not Based On Plaintiff's Sex.

(D) Count VI (False Light (Defamation)) Fails To State A Claim Because (1) Defendants' Alleged Statements Were Not Made To The General Public; And (2) Defendants' Conduct Is Immunized By Civil Code Section 47(c).

---

[1] Joining with Defendants in these Motions is Defendant Sutter Health, which simultaneously filed a Motion to Dismiss on separate grounds.

KAUFF McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFTS' MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLTF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT

CASE NO. CV 07-6243 CRB

In addition, the following portions of Plaintiff's Second Amended Complaint shall be stricken, pursuant to Rule 12(f). <u>Contreras v. Corinthian Vigor Ins. Brokerage</u>, 25 F. Supp. 2d 1053, 1055 (N.D. Cal. 1998).

| Sec. | Cite | Language |
|---|---|---|
| A | Exhibit G | The patient's name at the top right corner on page one of this Exhibit was not redacted. |
| B | ¶ 2, 3:21-27 to 4:1-13, 18-26 | "It is alleged Sutter Health remains a solely California medical corporation due to California's draconian Medical Malpractice tort recovery liability limit, for over ten years limited at $250,000.00 other than medical expense, (which has never have been readjusted for real time inflation since its enactment) as Defendant Sutter Health, seeks to ape Duane Reade Drug Stores in New York and Los Remedios, (already active in California's above referenced restricted medical malpractice tort recovery environment), and create Registered Nurse and/or Nurse Practitioner Clinics whereupon these Nurse Supervised 'drop-in' clinics will be manned by non union (non California Nurse's Association) staff as supervisory personal may not belong C.N.A by definition and while it is believed a doctor's supervisory presence will be required under California law – it is likely that Human Resources and the 'bean counters', not the healing staff of Sutter Health, will have supervisory control over these '***for-profit***' units under Sutter Health's ***non-profit*** status. This is applicable to the instant matter as Plaintiff, a Union Nurse, who reported in writing regulation mistakes within her department, and requested union representation when brought to task by her administrative superiors, was first insulted by an illegal investigation into her private life; then suffered the ignored if not encouraged 'hazing' of her other night-shift co-workers, [interesting, rarely complaints from doctors – at least any who will sign their name to anything] to the point where her Employer had to abruptly fire her....<br><br>These events occurred while C.N.A. was operating without a union contact and Sutter Health was taking a '*hard line*' with union nurse's, ignoring C.N.A.'s claim, **that the Nurse's public statement regarding Sutter Health was that there complaints were not about money, but about how abused they were by the employer, and that that abuse can unintentionally ricochet on to patient care**. It is likely that many of the R.N. 'scabs' who filed slots at other Sutter 'R.N. lock out facilities', such as Alta Bates Hospital, will be hired as the non-union 'supervisor' nurses at Sutter's planned 'drop-in' clinics discussed all over the world wide web, including such sites as 'Sutter Watch'." |

- 3 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFTS' MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLTF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT

CASE NO. CV 07-6243 CRB

| | | |
|---|---|---|
| C | ¶ 33, 13:6-10;<br>¶ 47, 17:5-9;<br>¶ 58, 20:26-27;<br>¶ 62, 21:26-27 to 22:1-9;<br>¶ 73, 24:14-18;<br>¶ 87, 27:8-12;<br>and Exhibit K | "Defendants FOSTER admitted under oath that she knew Plaintiff had suffered a miscarriage, but when questioned 'isn't fatigue a normal symptom of women who have a miscarriage…' replied 'no.' Def. FOSTER went on to blame Plaintiff: 'if Lisa had, was still having [fatigue from the miscarriage] then she should not have returned to work to her night shift.'"<br><br>"Defendants FOSTER admitted under oath that she knew Plaintiff had suffered a miscarriage, but when questioned 'isn't fatigue a normal symptom of women who have a miscarriage…' replied 'no.' Def. FOSTER went on to blame Plaintiff: 'if Lisa had, was still having [fatigue from the miscarriage] then she should not have returned to work to her night shift and her regular duty.' (See EDD Appeal hearing transcript attached hereto as Exhibit K.)"<br><br>"(a fact not contested during the sworn testimony of named Personal Defendant FOSTER)."<br><br>"It should be noted that while Administrative decisions are not Res Judicata in Superior Court, the E.D.D. matter was heard by a sole J.D. Administrative Law Judge (conscious of the weight of evidence). Defendants lost their case of allegedly firing Plaintiff for good cause—based solely on named Personal Defendant FOSTER'S sworn testimony, which was overheard by her accompanying supervisor (also sworn under oath) Defendant CLAUDIA CHREISTENSEN, and unsigned 'Xeroxes' of some e-mails admittedly solicited by named Personal Defendant FOSTER, compared with a Doctor's Declaration and several doctors willing ness to be on telephone standby. The E.D.D. hearing will be a factor at trial of the instant matter, regardless of some counsel's public writings and speaking about time-consuming and expense motions in limine and bifurcation."<br><br>"Said pretextual allegations were disproved before an EDD Appeals Administrative Law Judge where the predominant evidence was Plaintiff's sworn testimony, FOSTER's sworn testimony, and the declaration of a Doctor supporting Plaintiff's actions in the E.R. and contrary to named Personal Defendant FOSTER'S testimony."<br><br>"Defendants FOSTER admitted under oath that she knew Plaintiff had suffered a miscarriage, but when questioned 'isn't fatigue a normal symptom of women who have a miscarriage…' replied 'no.' Def. FOSTER went on to blame Plaintiff: 'if Lisa had, was still having [fatigue from the miscarriage] then she should not have returned to work to her night shift and her regular duty.' (See EDD Appeal hearing transcript attached hereto as Exhibit K.)" |

- 4 -

[PROPOSED] ORDER GRANTING DEFTS' MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLTF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT

CASE NO. CV 07-6243 CRB

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

| | | |
|---|---|---|
| D | ¶ 2, 4:18-27 | "These events occurred while C.N.A. was operating without a union contact and Sutter Health was taking a '*hard line*' with union nurse's, ignoring C.N.A.'s claim, **that the Nurse's public statement regarding Sutter Health was that there complaints were not about money, but about how abused they were by the employer, and that that abuse can unintentionally ricochet on to patient care.** It is likely that many of the R.N. 'scabs' who filed slots at other Sutter 'R.N. lock out facilities', such as Alta Bates Hospital, will be hired as the non-union 'supervisor' nurses at Sutter's planned 'drop-in' clinics discussed all over the world wide web, including such sites as 'Sutter Watch'." |
| E | ¶ 37, 14:24; ¶ 51, 18:17; ¶ 91, 28:20 | "HIPPA rights and" |
| F | ¶ 1, 2:22-24, 2:27, 3:1-9; ¶ 19, 8:22-26 | "As Plaintiff is already contemplating administrative adjudication for corporate in-house counsel's possible abetting fraudulent acts herein and violation of his professional oath;"<br><br>"It should be noted that any Administrative action against Sutter Health in-house counsel would be brought by another counsel and/or law firm than present Plaintiff's counsel; as present counsel would be a percipient witness to any alleged claims."<br><br>"Additionally, Plaintiff's parents believe that an attorney who specializes in said actions would best handle this matter. Plaintiff's parents, for all purposes regarding this litigation are clients of Plaintiff's counsel and should not be directly contacted by defendant's counsel, and may consider this notice of said representation and request not to notice the family of the young girl defendants have 'hazed', took away health insurance as her baby was born two months premature, and continue to retaliate against when job prospects contact to confirm employment and R.N. training requirements."<br><br>"…such as in-house counsel, arises. It is Plaintiff's belief under California law, Defendant Sutter Health had a duty to inform in-house counsel related to this matter that they may have personal liability for actions undertaken in the past eighteen [18] months regarding Plaintiff contrary and/or different to that of the employer, Defendant Sutter Health." |
| G | ¶ 1, 2:12-22; ¶ 2, 4:13-17; ¶ 40, 15:17-24; ¶ 58, 20:8-10; and Exhibits H, M, O, Q, R | "The latter were named individually, as a jury may find their individual personal actions to be so egregious, wanton and reckless, as to be outside the scope of their foreseeable employment description and/or their employer's scope of liability (Is an Employer responsible if an Employee violates the Penal Code for instance?) that one or both named defendant's individual actions and/or intent to harm Plaintiff |

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFTS' MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLTF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT

CASE NO. CV 07-6243 CRB

| | | |
|---|---|---|
| | | may be found to be individually egregious enough by a jury, or after a finding of intent, that said intent carried such wanton and reckless *personal behavior*, as to assign a separate percentage liability upon these named Personal Defendants, separate from the any liability assigned to the Employer Defendant Sutter Health."<br><br>"This solution, firing a single registered nurse (R.N.) rather than fire over five or six R.N.'s who contributed to such infractions, encouraged by the named Defendants, as the public viewing of the interior of Plaintiff's vagina and public viewing of her fetus (less than a year after she had already miscarried a prior baby) as if Plaintiff were an animal or a "*less than racial group*" in 1930's Germany."<br><br>"Pregnancy discrimination affects all women of all races, from ages 13-53. It also is a the beginning of discriminating against mothers, especially single mothers, of babies and young children, especially by older women who have had the personal experience or have seen over the years the work environment effects on other women, of raising babies and tots, even if they are in child care compared to work performance and Employer Audit expectations and scheduling."<br><br>"Plaintiff will not further dignify the filthy allegation cast upon her by named personal Defendant FOSTER, as the truth of the parking lot incident is moot regarding named personal Defendant FOSTER's subsequent actions. |
| H | Caption page, p. 1 | "SEXUAL HARASSMENT" |
| I | Caption page, p. 1;<br>¶ 58, 20:8-10 | "(Defamation)"<br><br>"Plaintiff will not further dignify the filthy allegation cast upon her by named personal Defendant FOSTER, as the truth of the parking lot incident is moot regarding named personal Defendant FOSTER's subsequent actions. |
| J | Page 31, line 7 | "b.  Reasonable attorneys' fees;" |
| K | Page 31, line 10 | "d.  Exemplary damages according to proof at trial; and" |

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFTS' MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLTF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT

CASE NO. CV 07-6243 CRB

Finally, Plaintiff is required to provide a more definite statement, pursuant to Rule 12(e). <u>Cellars v. Pacific Coast Packaging, Inc.</u>, 189 F.R.D. 575, 578 (N.D. Cal. 1999); <u>Bureerong v. Uvawas</u>, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996); <u>Neveu v. City of Fresno</u>, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). Plaintiff should comply with the "short and plain" pleading requirements of Rule 8.

**IT IS SO ORDERED.**

DATED: _____

Hon. Charles R. Breyer
United States District Court Judge for
Northern District of California

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 7 -

[PROPOSED] ORDER GRANTING DEFTS' MOTION TO DISMISS, MOTION TO STRIKE PORTIONS OF PLTF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT

CASE NO. CV 07-6243 CRB