ROBERT H. GOLD (STATE BAR NO. 146136)
GOLD & ASSOCIATES
235 Montgomery Street, Suite 747
San Francisco, CA 94104
Telephone: (415) 354-5400
Facsimile: (415) 354-5405

Attorney for Plaintiff L. M. Boccignone

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. M. BOCCIGNONE,<br><br>*Plaintiff,*<br><br>v.<br><br>**SUTTER HEALTHCARE (MILLS PENINSULA HEALTH SERVICES), BARBARA "BOBBI" FOSTER, CLAUDIA CHRISTENSEN and DOES 1-97,**<br><br>*Defendants.* | Case No. CV-07 6243 CRB<br><br>(San Mateo County Court Case No. CIV 460718)<br><br>**NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date: February 8, 2008**<br>**Time: 10:00 a.m.**<br>**Courtroom: 8 (19th Floor)**<br><br>**Second Amended Complaint Filed: November 14, 2007**<br>**Removal: December 11, 2007** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Friday, February 8, 2008, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom No. 8 (19th Floor) of the above-captioned court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable Charles R. Breyer presiding, Plaintiff will move, and hereby does move this Court for an Order remanding this matter to the Superior Court of the State of California, County of San Mateo.

This motion is made on the ground that there is no federal removal jurisdiction over this case under the "complete preemption" doctrine.

This motion is based on this Notice and Motion, on all of the pleadings, records, and papers on file in this action, the attached Memorandum of Points and Authorities, and on the Declaration of Robert H. Gold filed concurrently herewith.

This motion is made following the conference of counsel pursuant to Local Rule 7-3; Plaintiff's counsel conferred with Defense counsel for Barbara "Bobbi" Foster on or about December 28, 2007, and conferred with Defense counsel for Sutter Healthcare, Mills-Peninsula Health Services, and Claudia Christensen on or about December 27, 2007.

Respectfully submitted,

Dated:  December 31, 2007

_____

Robert H. Gold, Esq.
Attorney for Plaintiff

**GOLD & ASSOCIATES**
235 MONTGOMERY STREET, SUITE 747
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff filed purely state law claims in state court.  Plaintiff, master of her Complaint, chose not to file federal claims. Defendants removed the action, alleging preemption by federal labor law because of purported need to interpret a collective bargaining agreement (CBA), and ERISA.  The Ninth Circuit holds that a CBA cannot waive/limit an employee's non-negotiable and unwaivable state law statutory discrimination claims. That is what Defendants allege to support removal herein. The Supreme Court and the Ninth Circuit have held that, though a defendant will defend by relying on CBA provisions that does not create "complete preemption" (required for removal jurisdiction), and does not confer federal subject matter jurisdiction. Plaintiff's claims are not based on a CBA, and can be litigated without construction of it. Plaintiff was only denied unemployment, which she received upon EDD appeal.  Defendants did not appeal—hence no unemployment issue.  Plaintiff was not denied healthcare benefits during employment, and has made no claim for benefits through termination.[1]  Plaintiff is not claiming unpaid wages in her Complaint (under the CBA)[2].  Remand is required.

## II.    SUMMARY OF FACTS AND BACKGROUND

### A.    NATURE OF THIS ACTION

Plaintiff's state court action alleged Defendants Sutter Health (Sutter), Mills-Peninsula Health Services (Mills), Barbara "Bobbi" Foster (Foster), Claudia Christensen (Christensen), and/or Does 1-97 (1) intentionally and/or negligently misrepresented their student loan repayment program[3]—not warning they would bring disciplinary action to disqualify her[4], despite her defense the Emergency Department was understaffed (more than fifteen patients and only three Registered Nurses) in violation of Cal.C.Regs. Title 22, § 70217[5], (2) Defendants formed and breached a contract **outside of the CBA** for repayment of Plaintiff's student loans, (3) discriminated against Plaintiff on the basis of her sex regarding pregnancy, (4) did not stop defendants' employees' sexual harassment (accessing and displaying, without Plaintiff's consent, her vaginal ultrasound pictures on monitors for all to see, (5) violated of the California Constitution[6], [7], (6) investigated Plaintiff's

---

[1] Defendants confuse Plaintiff's claims with Plaintiff's counsel's theory why Defendants' possibly discriminated (avoiding Plaintiff's future medical costs).  Plaintiff need only prove actual discrimination, not motive.
[2] Claims not pled cannot support federal jurisdiction.
[3] Plaintiff received the promised benefit of moving allowances, hence no claim.
[4] Neither CBAs during Plaintiff's employment addresses student loan repayment program, or disqualification.
[5] Title 22, Cal.C.Regs., § 70217 at (a) (8), "In a hospital providing basic emergency medical services or comprehensive emergency medical services, the licensed nurse-to-patient ratio in an emergency department shall be 1:4 or fewer at all times that patients are receiving treatment."
[6] A person may not be disqualified from … pursuing a business, profession, vocation, or employment because of sex…. California Constitution, Article 1, Section 8.
[7] An employee terminated because of pregnancy entitled to maintain wrongful discharge in contravention of public policy action, despite employer not subject to FEHA (Gov. Code, § 12900 et seq.). Despite U.S. Supreme Court's holding (pregnancy discrimination not sex

GOLD & ASSOCIATES
235 MONTGOMERY STREET, SUITE 747
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

---

private life, casting her in a false light, (7) violated the California Confidentiality of Medical Records Act[8] (accessing and displaying, without Plaintiff's consent, her vaginal ultrasound pictures for all to see, (8) committed common law wrongful termination, (9) failed to accommodate Plaintiff's perceived cancer and/or actual chronic thyroid condition, failed to engage in the interactive process, failed to meet their FEHA-imposed higher duty as employer to initiate the interactive dialog about disability accommodations because Defendants had actual knowledge as healthcare provider of Plaintiff's thyroid condition, and failed to prevent/remedy discrimination in the workplace, (10) discriminated against Plaintiff on the basis of her two pregnancies (the first ending in miscarriage) by failing to accommodate pregnancy disability, failing to engage in the interactive process, failing to meet their FEHA-imposed higher duty as employer to initiate the interactive dialog about disability accommodations because Defendants had actual knowledge as healthcare provider of Plaintiff's miscarriage and subsequent pregnancy, and failing to prevent/remedy discrimination in the workplace in violation of California Government Code § 12945[9], and (11) it is believed, retaliated against Plaintiff by giving false negative employment references.[10] None of Plaintiff's claims are federal,[11] or involve ERISA or a CBA.

B.    PREEMPTION AS DEFENDANTS' CLAIMED BASIS FOR REMOVAL

Defendants' removal notice asserts that the outcome of Plaintiff's claims "depends on an analysis of the express or implied terms of a collective bargaining agreement," see 3:13-16 and 5:9-10. But, Plaintiff pleads under a California statute that guarantees all employees an unwaivable and non-negotiable right to be free from discrimination.  Defendants cite no cases holding that a CBA can preempt a state statutory anti-discrimination claim deemed by the state to be non-negotiable and unwaivable as a matter of public policy. Defendants offer the conclusion that the Court will have to interpret the CBA,  essentially because this is how the employer(s) interpret the law.

*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) holds:  "[S]tate law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement

---

[8] The right of medical privacy is protected by HIPPA and California's Confidentiality of Medical Records Act, but Plaintiff pleads only California State Law claims, and will delete HIPPA when she files her Third Amended Complaint (pending jurisdiction ruling).

discrimination), Legislature/U.S. Congress later amended predecessor to FEHA and title VII to prohibit pregnancy discrimination (Gov. Code, § 12945; 42 U.S.C. § 2000e(k)). FEHA regulations conclude pregnancy discrimination on job is sex discrimination; regulations codified in Gov. Code, § 12926. Fed. Dist. Court held pregnancy discrimination is sex discrimination under Cal. Const., art. I, § 8. *Badih v. Myers*, 36 Cal. App. 4th 1289; 43 Cal. Rptr. 2d 229.

[9] [I]t shall be **an unlawful employment practice**, unless based upon a bona fide occupational qualification: … (b) (1) **For an employer to refuse to provide reasonable accommodation for an employee for conditions related to pregnancy, childbirth, or related medical conditions, if she so requests, with the advice of her health care provider**.  (Emphasis added.)

[10] "Any person, or agent or officer thereof, who, after having discharged an employee from the service of such person … **by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment**, is guilty of a misdemeanor." (Emphasis added.)  Labor Code §1050.

[11] Defendants confuse Plaintiff's factual allegations with claims pled.  Plaintiff identified Defendants as "health insurer" to prove actual or constructive knowledge of Plaintiff's FEHA disability rights.  Plaintiff's Third Amended Complaint (draft attached) will strike references to "health insurance" and/or "health insurer" once jurisdiction is determined.

GOLD & ASSOCIATES
235 MONTGOMERY STREET, SUITE 747
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

of private parties, are pre-empted by those agreements."  (Id at 5:12-15.)  *Allis-Chalmers* supports Plaintiff's position: enforcement of rights and obligations existing in state law, not arising from private agreements CBAs.

Defendants **misrepresent** that the CBA grievance procedure(s) and arbitration are mandatory.  In both CBAs, the grievance procedure is in Article 27.  Both versions state, "Grievances subject to arbitration shall be only such grievances that may arise out of the specific provisions of this Agreement which involve the interpretation, application, or compliance with the specific provisions of this Agreement."  There are no "specific provisions" in either CBA regarding the issues cited in the Complaint, such as student loan repayment, sex discrimination, harassment, false light, , violation(s) of the California State Constitution, , FEHA, etc.  In both versions of the CBA, "Step 1" of the grievance procedure **only** requires, "The grievance **shall** be presented in writing to the Nurse's immediate supervisor within thirty (30) calendar days of the date on which it arises or becomes known to the Nurse." (Emphasis added.)  There is no requirement that the "writing" take any particular form; Plaintiff's written rebuttals to discipline and her Quality Occurrence Report satisfy the grievance writing requirement.  "Step 2" in both CBAs states, "If the grievance is not resolved at Step 1, then within seven (7) calendar days after presentation of the supervisor's reply, a written grievance **may** be presented to and discussed with the director of the Nurse's department." (Emphasis added.)  Defendants negotiated this agreement, and agreed to the language that a nurse **"may"** proceed to step 2, not that a nurse **"shall"** or **"must"** continue the grievance procedure steps in the CBAs.  "Step 3" in both CBAs states that a nurse **"may"** submit a "written grievance to the Chief Administrative Officer or his/her designee" (emphasis added).  At "step 4," the two CBAs begin to differ:  the earlier CBA states "either party **"may"** request arbitration," but the later CBA adds a new procedure at step 4 ("the parties **"may"** mutually agree in writing to use the services of an agreed-upon mediator"), and moves the step that "either party **"may"** request arbitration" to step 5.  **Only step 1 is mandatory**; Plaintiff can opt out at Step 2, 3, 4, or 5.  Defendants are incorrect that the CBA grievance procedure and arbitration mandatory.  (See Notice of Removal, 3:21-4:10, 4:11-18, 4:19-26, and 4:27-5:8.)  In Exhibits 3 and 4 to the Notice of Removal, Defendants provide proof Plaintiff complied with step 1.

C.    ERISA AS DEFENDANTS' CLAIMED BASIS FOR REMOVAL

Defendants incorrectly state, "… Plaintiff is a beneficiary seeking to recover benefits … under 29 U.S.C. § 1132."  (Id at 6:8-9.)  There is no claim for healthcare benefits, only Plaintiff's counsel's theory that Defendants were possibly motivated to discriminate to avoid Plaintiff's potential healthcare costs; Plaintiff need only prove discrimination.  In their ERISA argument, Defendants cite *Nishimoto v. Federman-Bachrach & Associates*, 903 F. 2d 709, 713 (9th Cir. 1990), a case involving age discrimination.  As Plaintiff is under age forty, we will not waste the Court's time on an inapplicable case.  ERISA is not at issue.

ARGUMENT

GOLD & ASSOCIATES
235 MONTGOMERY STREET, SUITE 747
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

I.     THE REMOVAL STATUTE IS STRICTLY CONSTRUED, AND THE COURT MUST RESOLVE ANY DOUBTS IN FAVOR OF REMAND.

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute (28 U.S.C. § 1441) is strictly construed against removal and any doubt is resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Here, federal subject matter jurisdiction does not exist and remand is required for at least two independent reasons. Plaintiff's purely state law anti-discrimination claims under the California FEHA—a statute that the Ninth Circuit has specifically held grants California employees nonnegotiable and unwaivable statutory rights—are not preempted by section 301. And Defendants' federal preemption arguments do not inhere to the nature of Plaintiff's claims; said arguments are defensive only. Defensive preemption does not support federal removal jurisdiction when Plaintiff's claim lacks any federal character.

II.     THE NINTH CIRCUIT HAS REPEATEDLY HELD THAT SECTION 301 DOES NOT PREEMPT AN EMPLOYEE'S STATE LAW, NONNEGOTIABLE ANTI-DISCRIMINATION CLAIMS.

Removal jurisdiction based on section 301 requires that a district court find plaintiff's state law claims to be substantively preempted by section 301. If there is no substantive preemption, there is no "complete preemption" as required for removal.  Contrary to the Removal Notice, the Ninth Circuit has repeatedly held that state law anti-discrimination claims like Plaintiff's are not "substantively" preempted by section 301 using a three part test:  "… (1) whether the CBA contains provisions that govern the actions giving rise to a state claim … (2) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without considering the overlapping provisions of the CBA, and (3) whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract." A state law will be preempted only if the answer to the first question is "yes," and the answer to either the second or third is "no."  *Miller v. AT&T Network Systems*, 850 F.2d 543, 548 (9th Cir. 1988).

A.     INTERPRETATION OF THE CBA IS NOT REQUIRED TO LITIGATE PLAINTIFF'S STATE LAW ANTI-DISCRIMINATION CLAIMS.

Section 301 preempts only "claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar v. Williams*, 482 U.S. 386, 394, 107 S.Ct. 2425 (1987). *Caterpillar* rejected the argument "all employment-related matters involving unionized employees be resolved through collective bargaining and thus be governed by a federal common law created by § 301." Id. at 396 n. 10. More recently, the Court explained "that § 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law, and ... that it is the legal character of a claim, as 'independent' of rights under the collective-

GOLD & ASSOCIATES
235 MONTGOMERY STREET, SUITE 747
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

GOLD & ASSOCIATES
235 MONTGOMERY STREET, SUITE 747
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

bargaining agreement ... that decides whether a state cause of action may go forward." *Livadas v. Bradshaw*, 512 U.S. 107, 122-124, 114 S.Ct. 2068 (1994).[12]  The Ninth Circuit stated, the Supreme Court has "held that states may provide substantive rights to workers that apply without regard to a CBA; a state court suit seeking to vindicate these rights is preempted only if it 'requires the interpretation of a [CBA].'" *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 690 (2001), quoting *Lingle v. Norge Division of Magic Chef, Inc.* 486 U.S. 399, 413, 108 S.Ct. 1877 (1988).

Following the Supreme Court's framework, the Ninth Circuit held plaintiff's claims that control the preemption analysis:

> [A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA. A creative linkage between the subject matter of the claim and the wording of a CBA provision is insufficient; rather, the proffered interpretation argument must reach a reasonable level of credibility … The argument does not become credible simply because the court may have to consult the CBA to evaluate it; 'look[ing] to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption. *Cramer*, 255 F.3d at 691-692.

Defendants here attempt to establish preemption of a wholly independent state law claims through "creative linkage" to a CBA. The Removal Notice cites no disputed language in the CBA that requires construction or interpretation to resolve Plaintiff's state law claims. That a court may need to "look to" or "consult" the CBA to evaluate an argument does not lead to preemption. Preemption only occurs when the nature of the plaintiff's claim is such that interpretation of disputed language of the CBA is required.  See *Cramer*, 255 F.3d at 124; see also *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000) ("[I]n the context of § 301 complete preemption, the term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'").

Unable to identify any such disputed CBA language, Defendants' Removal Notice makes the bare conclusion, "[R]esolution of Plaintiff's claims necessarily entail the Court's interpretation of the provisions of the CBA."  (Id at 5:9-10 and 3:13-15.)  Defendants do not even allege Plaintiff's claims are at all federal in character, nor federal claims disguised in state law garb, nor that Plaintiff's claims are "founded upon" a CBA. Defendants' defensive preemption arguments do not support removal; remand is required.

In Defendants' view, Plaintiff's non-negotiable state law statutory discrimination rights[13] disappeared behind the shadow of the CBA once Plaintiff complied with step 1 of the CBA "grievance procedure" (a

---

[12] There, in a state law overtime case, the Court held that because the plaintiff's claim required the court only to "look to" the CBA to determine her rate of pay, there was not even a "colorable argument" for preemption, because her claim was "entirely independent of any understanding embodied in the collective-bargaining agreement between the union and the employer." Id. at 124-125.

[13] See e.g., *California Fair Employment & Housing Commission v. Gemini Aluminum Corp*., 122 Cal.App.4th 1004, 1017 (2004) ("'California's antidiscrimination statutes ... demonstrate … intent not to allow its laws to be circumvented by private contracts.'").

mandatory step)—submitting written grievances. Defendants' Removal Notice (3:13-16, and 5:12-18) reflects an analytical misunderstanding of the separate and distinct nature of rights and duties under a CBA versus rights and duties under non-negotiable anti-discrimination statutes. See *Camargo v. California Portland Cement*, 86 Cal.App.4th 995, 1008 (2001); "in submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective bargaining agreement," but "[b]y contrast, in filing a lawsuit under [statutory employment discrimination laws], an employee asserts independent statutory rights ….").

Other law shows that Defendant cannot use its defenses or "creative linkages" to imply federal jurisdiction: *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 734 (1981*Ackerman v. Western Electric Company, Inc.*, 860 F.2d 1514, 1517 (9th Cir. 1988); Cal. Gov. Code § 12940; *Cramer*, 255 F.3d at 692; Government Code §12940 (m) & (n); *Gregory v. SCIE, LLC*, 317 F.3d 1050 (9th Cir. 2003); 2 Cal.Code Regs. 7293.9(a)(2); *Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 119 S.Ct. 391 (1998;   *Vasquez v. Superior Court*, 80 Cal.App.4th 430, 434-436 (2000).

Nowhere in the CBA is there any discussion of when or how to use maternity leave to work shorter nursing shifts during when disabled by pregnancy fatigue. Nor does Plaintiff's interactive process claim require an interpretation of the CBA. Again, no provision of the CBA discusses rights and duties to engage in the interactive process. Neither reasonable accommodations nor the interactive process are ever mentioned in the CBA.[14]

Plaintiff's claims are not preempted by section 301. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 991 (9th Cir. 2001).  *Sprewell*, supra, illustrates preemption does not occur where a state law claim can be evaluated by state law standards, despite CBA coextensive duties.  with those that exist already under state law. The defendants argued that Sprewell's interference claims were "'substantially dependent' on analysis of the CBA" because the court "could not have determined whether [defendants] media communications about Sprewell constituted 'wrongful conduct' without first ascertaining whether such communications were prohibited by the CBA." Id. at 991.[15]  The Court disagreed; if Sprewell could prove the underlying allegations in his complaint, defendants' conduct would be wrongful under California law regardless of the CBA. Id. ("The … Warriors … labor under the mistaken assumption that their statements to the media can only be deemed 'wrongful' for purposes of Sprewell's interference claims if such communications are prohibited by the CBA. This premise is belied by California law....")

---

[14] That California law does not define the interactive process or accommodation duties by reference to rights and duties contained in the CBA is what distinguishes Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 105 S.Ct. 1904 (1985). The Ninth Circuit in Miller made the point "bad-faith handling of an insurance claim was preempted … because Wisconsin's law defined good faith in terms of obligations contained in the CBA. The Court noted that 'under Wisconsin law there is nothing that suggests that it is not within the power of the parties to determine what would constitute 'reasonable' performance of their obligations under [a] … contract.'" Miller, 850 F.2d at 550.

[15] "Sprewell's interference claims are predicated upon the alleged impropriety of his suspension and contract termination and defendants' alleged conduct in connection therewith. These subjects are within the scope of the CBA's grievance and arbitration provisions." Id.

GOLD & ASSOCIATES
235 MONTGOMERY STREET, SUITE 747
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

GOLD & ASSOCIATES
235 MONTGOMERY STREET, SUITE 747
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

Here, Plaintiff had rights under the CBA, and independent state statutory rights. To decide the latter, a court need not consider the former. Plaintiff's claims do not rely on any provision of the CBA; thus, the answer to the first question of the *Miller* three-part test is "no." If the Court disagrees, and believes that interpreting the CBA is necessary to resolve Plaintiff's state law claims, it must still answer either question two or three "no" for preemption to follow. *Miller*, 850 F.2d at 548.

      i.     PURSUANT TO BOTH OF THE CBAS AND TO THE CALIFORNIA LABOR CODE, PLAINTIFF HAS AN ABSOLUTE, UNWAIVABLE RIGHT TO INDIVIDUAL SELF-REPRESENTATION WITH RESPECT TO HER EMPLOYMENT BY DEFENDANTS.

Article 5 of the CBA (page 3) entitled "NONDISCRIMINATION" expressly states:

> The Association will not discriminate against **any Nurse covered by this Agreement … who exercises the right of individual self-representation with respect to employment relations with MPHS [Mills].** Neither MPHS nor the Association shall discriminate against any Registered Nurse because such Nurse's **sex** … or **disability** as provided by law. **It shall be the responsibility of both MPHS** and the Association **to resolve or eliminate any such discriminatory actions or procedures**. (Emphasis added.) [16]

No analysis is needed to understand the plain meaning of this article of the CBA: Plaintiff and all other nurses similarly situated have an absolute right, as bargained for and contracted by Defendants[17], to individual self-representation **without any union** in matters of employee relations. Defendants expressly provided Plaintiff the right to opt out of union representation and union grievance hearings, the right she is exercising now in state court.

Furthermore, such interpretation is consistent with applicable state law. California Labor Code § 923 states in pertinent part:

> **[I]t is necessary that the individual workman have full freedom** of association, **self-organization**, and **designation of representatives of his own choosing** … and that he shall be **free from the interference, restraint, or coercion of employers of labor**, or their agents, in the designation of such representatives or in self-organization or in other concerted activities **for the purpose of … protection**. (Emphasis added.)

Pursuant to the above Labor Code, Plaintiff has exercised her freedom to designate her counsel as her representative. Pursuant to both the California Labor Code and the CBA, Plaintiff has the power to replace the union as her representative, and "full freedom" from employer "restraint" to seek employee "protection" from a venue other than a union.

      ii.     DEFENDANTS ARE ESTOPPED FROM INSISTING THAT A UNION GRIEVANCE HEARING IS PLAINTIFF'S ONLY FORUM TO RESOLVE EMPLOYMENT GRIEVANCES BECAUSE, APART FROM THE OBVIOUS

---

[16] Defendants attached two CBAs to their Removal Notice—one in effect when Plaintiff first became their employee, and the other in effect at the end of said employment. In the second CBA, Defendant Mills expressly agreed not to discriminate against nurses on the basis of **"medical condition (cancer of genetic testing)."** (Emphasis added.)

[17] The long-standing common law with respect to contracts is that any ambiguity in the contract is held against the drafter. Plaintiff had no role in drafting the CBA.

PUBLIC POLICY INTEREST IN PREVENTING THE RISK THAT AN EMPLOYER AND A UNION WOULD COLLUDE TO DENY EMPLOYEES THEIR EMPLOYMENT RIGHTS, DEFENDANTS OPTED OUT OF THE UNION GRIEVANCE HEARING PROCEDURE.

On November 14, 2006, Jeff Frost (risk management counsel for Sutter Health) stated he was representing both Defendants Sutter and Mills. By replacing himself with litigation counsel, who refused ADR, Defendants opted out of the union grievance process. Having opted out, Defendants now have no right to demand that Plaintiff (a California citizen) be denied access to the state courts.

B.    CALIFORNIA HAS ARTICULATED A CLEAR STANDARD FOR EVALUATING PLAINTIFF'S FEHA CLAIMS WITHOUT CONSIDERING POTENTIALLY OVERLAPPING CBA PROVISIONS.

As stated by the Ninth Circuit: "[E]ven if we were to conclude that the CBA governs the actions giving rise to [Plaintiff's] suit (the first *Miller* question), to be successful [Defendants] must demonstrate that the state right is not based on a sufficiently clear standard (the second *Miller* question), so that the discrimination claim is so intertwined with the operation of the CBA that it cannot be assessed without consideration of the CBA's overlapping provisions." *Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1526 (9th Cir. 1995). In *Jimeno*, the Plaintiff asserted claims against his employer for employment discrimination and failure to accommodate his disability in violation of the FEHA. Id. at 1518. The Ninth Circuit focused on the FEHA's clear statutory and regulatory standards to find that California has "articulated a standard sufficiently clear that the state claim can be evaluated without considering the provisions of the CBA," Id. The Court explained:

> [C]lear statutory and regulatory standards provide a means to determine "reasonable accommodation" without reference to the CBA. The FEHA regulations provide three categories to be considered in assessing the employer's efforts to accommodate disabled employees: accessibility, job restructuring, and alteration of premises. Cal.C.Regs. tit. 2, § 7293.9(a)(1)-(3). Job restructuring may also entail reassignment, transfer, modified work schedules and acquisition of equipment to assist disabled employees. Id. § 7283.9(a)(2). Id.

Here, the reasonable accommodations Plaintiff needed and Defendants did not provide is specifically covered by the same FEHA regulations that the Ninth Circuit relied on in *Jimeno* to find no preemption: a "modified work schedule" allowing rest. FEHA provides evaluation standards without CBA reference. *Jimeno*, 66 F.3d at 1518.[18]

Because California has articulated a sufficiently clear standard such that Plaintiff's state law FEHA claims can be evaluated independent of the CBA, the answer to the second question of the *Miller* three-part test is "yes" and, thus, remand is required unless the answer to question three is "no." *Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245, 261 (2000) (exhaustive discussion of interactive process duties).

---

[18] The *Jimeno* Court also found that California law provides a sufficiently clear set of rules for the "undue burden" defense to an accommodation claim so that it too can be evaluated without considering the CBA: "[T]he [FEHA] regulations also specify factors to be considered in assessing the hardship on the employer. These include facility size, number of employees, composition of workforce, budget, type of operation, and  cost of accommodation. Cal.Code Regs. tit. 2 § 7293.9(b). Again, the CBA is only peripherally relevant to this evaluation and, as such, does not mandate preemption." Id. at 1518.

GOLD & ASSOCIATES
235 MONTGOMERY STREET, SUITE 747
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

C.    CALIFORNIA LAW IS CLEAR THAT FEHA RIGHTS ARE NON-NEGOTIABLE AND CANNOT BE ALTERED OR REMOVED BY PRIVATE CONTRACT.

The third *Miller* question is "whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract?" *Miller*, 850 F.2d at 548. The Ninth Circuit has held that California shows no intent not to private contract alteration of FEHA. *Gemini Aluminum Corp.*, 122 Cal.App.4th at 1017. See also *Jimeno*, 66 F.3d at 1527-1528. ("The third prong of the *Miller* test ... also mandates ... FEHA explicitly establish[es] the right to employment without discrimination as a public policy of this state... [T]he answer to the third *Miller* question must be 'yes.'").[19]

FEHA grants employees non-negotiable state law rights. The Ninth Circuit made clear in *Cramer* that a CBA cannot achieve preemption by a result that is illegal under state law:

> Under settled Supreme Court precedent, '§ 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is **illegal** under state law...Even if the CBA purported to reduce or limit this expectation in some way...freedom from the illegality is a "nonnegotiable state-law right[ ],' [and] a court reviewing plaintiffs' claims that their privacy rights were violated need not interpret the CBA to arrive at its conclusion. *Cramer*, 255 F.3d at 695-696. (Emphasis added.)

Defendants' proffered interpretation of the CBA would achieve a result illegal under California law— the waiver of non-negotiable state law rights.[20] Defendants cannot achieve this substantive waiver or limitation of rights without express CBA language. The Ninth Circuit has held that even where the state law right is potentially negotiable, a "clear and unmistakable" waiver is required. *Sprewell*, 266 F.3d at 992 Here, a simple review of the CBA shows no "clear and unmistakable" waiver. *Cramer*, 255 F.3d at 692. Because California has shown a clear intent not to allow waiver of FEHA rights, the answer to the third Miller question is "yes," and remand is required.

III.    COMPLETE PREEMPTION (AND THUS REMOVAL JURISDICTION) DOES NOT EXIST BECAUSE PLAINTIFF'S AFFIRMATIVE CLAIM FOR RELIEF IS BASED ON STATE LAW, AND DEFENDANTS' DEFENSIVE ARGUMENTS CANNOT SUPPORT REMOVAL JURISDICTION.

A.    REMOVAL JURISDICTION UNDER THE COMPLETE PREEMPTION DOCTRINE.

Under the "well-pleaded complaint rule," the plaintiff is the master of his complaint and can avoid federal jurisdiction by foregoing federal claims. *Caterpillar*, 482 U.S. at 398. Removal is permissible only if the federal question appears as an affirmative claim on the face of the plaintiff's "well-pleaded complaint." Id.

---

[19] In Miller, the Ninth Circuit similarly held an analogous Oregon anti-discrimination statute was nonnegotiable and created independent state rights not preempted by § 301. *Miller*, 850 F.3d at 550. ("... Oregon has declared discrimination based on physical handicap ... unlawful ... and guaranteed ... the right to employment opportunities free from such discrimination ... that ... are mandatory [creating an] independent state right that is not preempted by section 301.").

[20] The Ninth Circuit's *Jimeno* is FEHA is non-negotiable as a matter of California law applies [providing] accommodation and interactive process claims. California's Legislature has made clear state law provides protections "independent from those in the federal [ADA]." California's Legislature finds the interactive process critical: "The Legislature affirms the importance of the interactive process between the applicant or employee and the employer in determining a reasonable accommodation...."  Government Code §12926.1(e).

GOLD & ASSOCIATES
235 MONTGOMERY STREET, SUITE 747
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

Thus, for complete preemption to apply, federal law must not merely preempt (and thus nullify) the state law claims, it must "wholly displace[]" them with a "parallel federal cause of action that would 'convert' a state cause of action into the federal action for purposes of the well-pleaded complaint rule." *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 260 (6th Cir. 1996) (emphasis added). The U.S. Supreme Court put it most succinctly: "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar*, 482 U.S. at 392. This Court has previously recognized these rules. *Littel v. Bridgestone/Firestone, Inc.*, 259 F.Supp.2d 1016, 1021 (2003). Here, removal jurisdiction does not exist because Plaintiff's state law statutory FEHA claims could not have been filed in federal court in the first instance. They arise solely under state law and are not subject to re-characterization as "arising under federal law."

B.    DEFENSIVE PREEMPTION DOES NOT SUPPORT REMOVAL: THE NEED TO INTERPRET A CBA MUST INHERE TO THE NATURE OF PLAINTIFF'S CLAIMS.

Defendants' Removal Notice makes a common, but basic, mistake: it confuses complete preemption (which supports removal jurisdiction) with substantive 301 preemption (which does not support removal jurisdiction). *In re Marriage of Nasca v. Peoplesoft*, 87 F.Supp.2d 967, 970 (N.D.Cal. 1999) ("The difference between preemption and complete preemption is important. When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted . . . the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand the issue to state court where the preemption issue can be addressed and resolved."). The Supreme Court made the point clearly in Caterpillar: "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393. "The fact that an employer might ultimately prove that an employee's claims are pre-empted does not establish that they are removable." Id. at 398. Thus, a "defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal." Id. at 399.

The Ninth Circuit in *Sprewell* rejected the employer's attempt to a case within section 301 by articulating a defense that relied upon CBA provisions:

> Any attempt by the NBA and the Warriors to pull Sprewell's interference claims into the preemptive scope of section 301 by mounting a defense in reliance on the CBA would be fruitless… we held that "[t]he plaintiff's claim…for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated …[as] …defendant refers to…CBA in [their] defense." *Sprewell*, 266 F.3d at 991-992.

GOLD & ASSOCIATES
235 MONTGOMERY STREET, SUITE 747
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

Defendants are free to argue that they did not violate the duty to engage in the interactive process because their "treatment of [Plaintiff] was allowed or required by the terms of the collective bargaining agreement." That, however, is a classic example of a "defensive preemption" argument, properly made in state court. It does not confer federal subject matter jurisdiction on a purely state law claim. *Caterpillar*, 482 U.S. at 398-399 ("It is true that when a defense to a state claim is based on the terms of a collective bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. **But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule**—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court."). Id. at 398-99 (Emphasis added).[21]

## IV.    PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS INCURRED IN LITIGATING THIS MOTION.

If grounds for removal are lacking, or if there is a defect in the removal procedure, the federal court should order the removing defendant to pay plaintiff "just costs…including attorney fees" incurred as a result of the improper removal. 28 U.S.C. § 1447(c); see also Fed. Rule Civ. Proc., Rule 11. Here, the removal of this action was simply a delay tactic borne of Defendants' distrust of the state ability to consider their defenses (and issues raised by State Court discovery) Plaintiff should recover attorney's fees and costs as stated in the Declaration of Robert Gold for twelve thousand eight hundred dollars ($12,800.00).

## V.    CONCLUSION.

For all the foregoing reasons, this matter should be remanded to the state court, and Plaintiff should be awarded her attorneys' fees. However, should this find that a federal question exists, Plaintiff's claims under California's State Constitution should be remanded State Curt, California has the police power to enforce its own State Constitution and State Laws[22]

Respectfully submitted,

Dated:  December 31, 2007

_____
Robert H. Gold, Esq.
Attorney for Plaintiff

---

[21] The Removal Notice arguments here are all defensive—for example, Defendants' claim CBA terms define the the to resolve disputes, and prevent taking any steps outside the scope of Article 27 to resolve disputes. Defendants are saying their actions were authorized by the CBA, so they did not violate a duty to engage in an interactive process or provide accommodations. That is not an element of the claim.
[22] The United States Constitution states rights not expressly reserved to the Federal Government are assigned to the several States.

GOLD & ASSOCIATES
235 MONTGOMERY STREET, SUITE 747
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

ROBERT H. GOLD (STATE BAR NO. 146136)
GOLD & ASSOCIATES
235 Montgomery Street, Suite 747
San Francisco, CA 94104
Telephone: (415) 354-5400
Facsimile: (415) 354-5405

Attorney for Plaintiff L. M. Boccignone

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **L. M. BOCCIGNONE,** | Case No. CV-07 6243 CRB |
| *Plaintiff,* | (San Mateo County Court Case No. CIV 460718) |
| v. | **[PROPOSED] ORDER GRANTING MOTION FOR REMAND** |
| **SUTTER HEALTHCARE (MILLS PENINSULA HEALTH SERVICES), BARBARA "BOBBI" FOSTER, CLAUDIA CHRISTENSEN and DOES 1-97,** | **Courtroom: 8 (19th Floor)** |
| *Defendants.* | **Second Amended Complaint Filed: November 14, 2007**<br>**Removal: December 11, 2007** |

GOOD CAUSE GIVEN, THE COURT HEREBY FINDS that there is an insufficient basis to support

federal question jurisdiction over the instant matter, such that this District Court orders remand to San Mateo

County Superior Court.


DATED: _____        _____

                                                    JUDGE CHARLES R. BREYER

GOLD & ASSOCIATES
235 MONTGOMERY STREET, SUITE 747
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405