GOLD & ASSOCIATES
235 Montgomery Street
Suite 747
San Francisco, CA 94104
Telephone: (415) 354-5400
Facsimile: (415) 354-5405

Attorney for PLAINTIFF,
L.M. BOCCIGNONE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| L.M. BOCCIGNONE<br><br>*Plaintiff,*<br><br>V.<br><br>SUTTER HEALTHCARE (MILLS PENINSULA HEALTH SERVICES) BARBARA "BOBBI" FOSTER, CLAUDIA CHRISTENSEN AND Does 1 through 97, inclusive,<br><br>*Defendants.* | No. CV 07-6243 (CRB)<br><br>**(San Mateo County Court Case No. CIV 460718)**<br><br>**DECLARATION OF ROBERT H. GOLD IN SUPPORT OF PLAINTIFF'S PETITION FOR REMAND**<br><br>DATE: February 8, 2008*<br>TIME: 10:00 AM*<br>DEPT:  Courtroom 8 (19th Floor)<br>JUDGE: Charles R. Breyer<br><br>Second Amended Complaint Filed: November 14, 2007<br>Trial Date: No date set |

I, Robert H. Gold, hereby swear and declare the following:

1. I am an attorney duly sworn and licensed to practice law in both the State of California and the Northern District San Francisco Division;

2. I have personal knowledge as to the facts and circumstances of the above-referenced matter and will testify as to such if called as a witness.

*Or to be set at such time and date as the Court may allow.

---

**DECLARATION OF R.GOLD IN SUPPORT OF PETITION FOR REMAND**

- 1 -

3. I have represented L.M. Boccignone as the attorney of record for this matter since the beginning of autumn, 2006.

4. My first contact with an opposing counsel was with a Sutter Health Risk Management Counsel, whom I believe to have been representing Sutter Health and its affiliate' Mills-Peninsula Health Services (MPHS) in good faith all the time we were then in communication.

5. The above interaction between the Risk Management Counsel, and me, lasted approximately 4-5 months (including during the premature birth of Plaintiff's child and throughout the Christmas season). Communication ceased, apparently when Sutter Health / MPHS discovered that Plaintiff had filed a pro per form complaint (with the assistance of this office) so as not to lose her defamation "false light" one year California statute of limitations for an at work investigation into her private sex life.

6. After the exit of the Sutter Health Risk Management Counsel, I was contacted by present counsel, Maureen McClain, whose first words were kind and professional and had to do with resolution of this matter, but nothing to do with either the Collective Bargaining Agreement and/or continuing the grievance procedure which the Sutter Risk Management Counsel had made clear to me on the telephone in March or April of 2007, would not occur

7. In the fall of 2006 I also spoke with either Linda Campagna and/or Genel Morgan, CNA representatives. They led me to believe that since my client had "opted for private counsel" there was nothing more that the Union could do for my client.

8. Plaintiff's counsel has had some trouble communicating with Defense Counsel. I am in need of a hearing aid in at least one if not both ears, see

**DECLARATION OF R.GOLD IN SUPPORT OF PETITION FOR REMAND**

- 2 -

Brian Schindler, MD, San Francisco. My hearing is further compounded by a diagnosed problem with A.D.D. by Stanley Yantis, MD which at times also effects both hearing and specific memory, if there is no refreshment (such as a note or another memory to jog it along). Plaintiffs counsel also suffers from a now chronic, once terminal illness, and relies on medication and doctors (and comes from a prestigious New York medical family) and therefore may have been too aggressive in the drafting of this Second Amended Complaint as Counsel truly believes that the nurses, doctors and technicians at Defendants place(s) of business desired to go into the healing arts. Plaintiff's counsel let his personal anger at the administrative side of the process forget the good the healers do at Defendants' place of business. For this reason, and as soon as my (ADA) disability allows, I will file a proposed Third Amended Complaint curing many of the stylistic defects Defendants raised in their proposed order regarding their Motion To Dismiss.

9. Plaintiffs counsel would have amended his complaint had opposing counsel made some a meet and confer effort. The time and cost to prepare the Motion for Remand, at an hourly billing rate of $325.00 an hour is approximately $12,800.00. This is about 31 hours of attorney research and review and drafting time for both the Motion for Remand, The Ex Parte Motion to Enlarge Time, and, to date, amending the Second Amended Complaint, as well as at least 24 hours at $75 an hour of law graduate (former Judicial extern) as well as miscellaneous costs of approximately $1,025.00, including needing to rejoin the Federal Pacer System, tech assistance, given lack of technological skills to use the Pacer System.

10.

1
2     I swear the above to be true to the best of my ability under penalty of perjury
3  under the laws of the State of California.
4     Dated: December 31, 2007          GOLD & ASSOCIATES
5
6
7                                        By:_____/s/_____
8                                           ROBERT GOLD
9                                        Attorney for Plaintiff L.M. Boccignone

**GOLD & ASSOCIATES**
235 MONTGOMERY STREET, SUITE 305
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

**DECLARATION OF R.GOLD IN SUPPORT OF PETITION FOR REMAND**

- 4 -