GOLD & ASSOCIATES
235 Montgomery Street
Suite 747
San Francisco, CA 94104
Telephone: (415) 354-5400
Facsimile:  (415) 354-5405

Attorney for PLAINTIFF,
L.M. BOCCIGNONE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| L.M. BOCCIGNONE<br><br>*Plaintiff,*<br><br>V.<br><br>SUTTER HEALTHCARE (MILLS PENINSULA HEALTH SERVICES) BARBARA "BOBBI" FOSTER, CLAUDIA CHRISTENSEN AND Does 1 through 97, inclusive,<br><br>*Defendants.* | No.  CV 07-6243 (CRB)<br><br>**DECLARATION OF ROBERT H. GOLD IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO CONTINUE DEFENDANTS MOTION TO DISMISS, DEMAND FOR JURY TRIAL**<br><br>DATE:    December 29, 2007\*<br>TIME:    10:00 AM\*<br>DEPT:     Courtroom 8<br>JUDGE:  Charles R. Breyer<br><br>Second Amended Complaint Filed: November 14, 2007<br>Trial Date: No date set |

I, Robert H. Gold, hereby swear and declare the following:

1.  I am an attorney duly sworn and licensed to practice law in both the

    State of California and the Northern District San Francisco Division;

2. I have personal knowledge as to the facts and circumstances of the above-

    referenced matter and will testify as to such if called as a witness.

\*Or to be set at such time and date as the Court may allow.

---

EX PARTE MOTION TO CONTNUE JANUARY 25, 2008 MOTION TO DISMISS, DECLARATION  OF R.GOLD

- 1 -

3. I have represented L.M. Boccignone as the attorney of record for this matter since the beginning of autumn, 2006.

4. My first contact with an opposing counsel was with a Sutter Health in-house counsel, whom I then believed to be, and continue to believe to have been, representing Sutter Health's affiliate' Mills-Peninsula Health Services as Sutter Health's in-housel counsel in good faith all the time we were then communication, written and/or by telephone.

5. The above interaction between the Sutter in-house counsel, and myself, lasted approximately 4-5 months (including the premature birth of Plaintiff's child on Medi-Cal and throughout the Chirstmas season). Communication ceased, apparently when Sutter Health and/or MPHS discovered that Plaintiff herself had filed a pro per form complaint (with the assistance of this office) so as not to forgoe her one year statute of limitations for her, State of California Claim, amongst all other California claims, of "false light", a defamation cause of action which is limited to a one year statute of limitations.

6. After the verbal and written exit of the Sutter Health In house counsel, I was contacted by present counsel, Maureen McClain, whose first words to myself had to do resolution of this matter but had nothing to do with either the Collective Bargaining Agreement and/or continuing the grievance procedure which the Sutter in house counsel made clear in his communication to myself would not occur, as well as via the CNA representative Genal Morgan to my client, would not occur now that she "opted for private counsel."

**EX PARTE MOTION TO CONTNUE JANUARY 25, 2008 MOTION TO DISMISS, DECLARATION OF R.GOLD**

- 2 -

7. Sometime in the spring of 2007 opposing counsel graciously invited Plaintiff's counsel and a staff member to review documents and "chosen" pieces of Plaintiff's employment file. At that time, in a non confidential conversation, as it was overhead by both attorneys' staff members in the next room and repeated at least once, partly, in their presence, *"why don't you bring a worker's comp claim; why don't you sue (an unnamed party to this lawsuit); why don't you bring your claim in Federal Court…."*

8. Attorney Gold explained that due to (most likely) California's low malpractice cap for tort damages, Sutter Health as a non profit corporation (with many for profit assets and subsidiaries) was 99.99% located within the State of California. Further, when queried, attorney Gold told opposing counsel then, when Plaintiff's baby was about three (3) months old, that it would be malpractice to settle any claim on behalf of the child as any future harm from Plaintiff's exposure to x-rays and infectious diseases, against medical warning, would be premature. At all time at that meeting opposing counsel was polite and professional.

9. Regardless of the agreement to disagree now existing between northern and southern Californian Courts regarding the viability of Notices of Unavailability.

10. Opposing counsel was aware that Plaintiff's counsel had planned to close his office during the same time period that he now either has to make a timely motion for remand and/or respond Defendants' Motion to Dismiss.

11. Opposing counsel made meet and confer efforts regarding the attached Ex Parte Motion to continue said Motion to Dismiss by telephoning opposing counsel Maureen McClain at her office. She gave serious consideration to

**GOLD & ASSOCIATES**
235 MONTGOMERY STREET, SUITE 305
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

EX PARTE MOTION TO CONTNUE JANUARY 25, 2008 MOTION TO DISMISS, DECLARATION OF R.GOLD

- 3 -

Plaintiff's request, did not care for his legal position, and basically stated that we all have deadlines to meet. This was Plaintiff's counsel stated that he believed many if not all of her issues in the Motion to Dismiss would be addressed in Plaintiff's motion for remand, including Plaintiff's right to self-organize for protection by hiring private counsel and that more modern ERISA preemption exceptions exist than cited in Defendants moving papers. After having counsel wait on the phone a few minutes, after stating Ex Parte Motions do not exist in federal Court, opposing counsel politely but firmly refused to postpone said Motion to Dismiss. The lack of any federal questions outside the plaintiff having been a part of a Collective Bargaining Agreement, did not move opposing counsel's position. It appeared she was unhappy with the fact pattern of the second amended complaint.

I swear the above to be true under penalty of perjury in the State of California.

Dated: December 26, 2007                              GOLD & ASSOCIATES


                                                     By:_____/s/_____
                                                           ROBERT GOLD
                                                     Attorney for Plaintiff L.M. Boccignone

Case 3:07-cv-06243-CRB    Document 15-2    Filed 01/02/2008    Page 6 of 6