GOLD & ASSOCIATES
235 Montgomery Street
Suite 747
San Francisco, CA 94104
Telephone: (415) 354-5400
Facsimile:  (415) 354-5405

Attorney for PLAINTIFF,
L.M. BOCCIGNONE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| L.M. BOCCIGNONE<br><br>*Plaintiff,*<br><br>V.<br><br>SUTTER HEALTHCARE (MILLS PENINSULA HEALTH SERVICES) BARBARA "BOBBI" FOSTER, CLAUDIA CHRISTENSEN AND Does 1 through 97, inclusive,<br><br>*Defendants.* | No. CV 07-6243 (CRB)<br><br>**DECLARATION OF ROBERT H. GOLD IN SUPPORT OF PLAINTIFF'S REQUEST FOR *PRO TUNC* FILING DUE TO INABILITY TO ELECTRONICALLY FILE ON DECEMBER 31, 2007 AND JANUARY 1, 2008, ALSO IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO ENLARGE TIME TO OPPOSE DEFENDANTS MOTION TO DISMISS, DEMAND FOR JURY TRIAL**<br><br>**Petition For Remand:**<br>**Date: February 8, 2008**<br>**Time: 10:00 a.m.**<br>**Courtroom: 8 (19th Floor)**<br><br>**Ex Parte Application To Enlarge Time:**<br>**Date:**<br>**Time:**<br>**Courtroom: 8 (19th Floor)**<br><br>**Second Amended Complaint Filed:**<br> November 14, 2007<br> Trial Date: No date set |

I, Robert H. Gold, hereby swear and declare the following:

---

**DECLARATION OF R.GOLD IN SUPPORT OF ALLOWING "PRO TUNC" FILING DUE TO PACER ACCOUNT INABILITY**

- 1 -

1. I am an attorney duly sworn and licensed to practice law in both the State of California and the Northern District San Francisco Division;

2. I have personal knowledge as to the facts and circumstances of the above-referenced matter and will testify as to such if called as a witness.

   I have had a Pacer account, regarding my own law firm, since I entered the Northern District Court, filed as: Ferguson v. Hopp, No. C 06 – 1619 (SBA)

3. I do not have a level of personal technological skills, especially regarding the used of the Pacer system. I made sure my account was running the week I received opposing counsel's Notice of Removal to Federal Court, via my independent Law Graduate, Elizabeth Winchell. Proof of this effort can be provided to the Court upon request.

4. I served the Offices of Kauff, McClain & McQuire with both the Petition for Remand (with my accompanying declaration) along with my Ex Parte Motion, with accompanying declaration, (with attachments) by slipping said documents in an addressed Manila envelope beneath their office door sometime around 5:55 PM, give or take 15 minutes, which I believed to be within their normal business hours as on at least one occasion I have spoken on the telephone with opposing counsel after 5PM, but I am sure before 6:30PM.

5. No one was in the office suite, which they alone possess, pursuant to their door plate signage. I believe service to opposing counsel to be proper as the papers were left envelope face up in the law office's entrance way during what I believed to be the cusp of their normal working hours, per C.C. P 1011.

**DECLARATION OF R.GOLD IN SUPPORT OF ALLOWING "PRO TUNC" FILING DUE TO PACER ACCOUNT INABILITY**

- 2 -

6. I was too late to serve Nancy McCoy at One Sansome Street, however, she specifically stated that she wanted to see the proposed Third Amended Complaint and Motion for Remand before she would agree to stipulate to enlarge time as to the Motion to Dismiss, and her client, defendant Foster, had no separate documentation regarding the removal to State Court other that her Notice of Joinder to the Notice of Removal and Motion to Dismiss.

7. From approximately 6PM to 11PM on New Years Eve, December 31, 2007 Ms. Winchell and I tried in vain to file the Petition for Remand and the Ex Parte Documents on line—for some reason it would not work.

8. I tried to open a new Pacer account, and that would not work for an immediate filing, and still did not work until January 2, 2007.

9. There was no customer service available for Pacer until early Tuesday Morning, January 2, 2008, when a customer service gave Ms. Winchell a Pacer account number and Log in ID, which I do not now recognize as being my past Pacer account information, perhaps due to my ADD disability or just due to a lack of *intelligence on my part*. I believe, Ms. Winchell, a former Judicial Extern, did not recognize this present account password/login either.

10. During our rush, we did take a dinner break nearby at about 9:30 PM, I discovered that I was registered, as an attorney form a past employer from over five years ago, for whom I don't recall ever doing any Federal court work. Regardless, I re-registered under my own name as soon as I saw this error. I do not think this had any effect on the earlier unsuccessful efforts to file the documents on to pacer, and which Ms. Winchell has done for other attorneys, the evening of Monday, December 31, 2007.

**DECLARATION OF R.GOLD IN SUPPORT OF ALLOWING "PRO TUNC" FILING DUE TO PACER ACCOUNT INABILITY**

- 3 -

11. At all times in this litigation, Plaintiffs have in writing and in conversation, have made every attempt, politely, to meet and confer with opposing counsel regarding numerous efforts to save the Court time, including amending the State Court complaint.

12. At this juncture, Plaintiff's have no reason to believe that any stipulation between the parties is possible, and hopes that the Court will recognize that there are incidental errors with the Pacer filing system and allow said Petition for Remand to be filed, so that Plaintiff's rights are not prejudiced due to either the ignorance or mistake or idiocy of her attorney when grappling with what he finds to be a complex technological service with limited hours of technological support.

13. In no way was this mistake the fault of Ms. Winchell as I am the attorney of record, I am responsible for all inadvertence, errors and mistakes.

I swear the above to be true under penalty of perjury in the State of California.

Dated: January 2, 2007        GOLD & ASSOCIATES


By:_____/s/_____

ROBERT GOLD

Attorney for Plaintiff L.M. Boccignone

DECLARATION OF R.GOLD IN SUPPORT OF ALLOWING "PRO TUNC" FILING DUE TO PACER ACCOUNT INABILITY

- 4 -