MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
JEFFREY D. POLSKY (State Bar No. 120975)
Email: polsky@kmm.com
ROSSANA S. ELTANAL (State Bar No. 221145)
Email: eltanal@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:  (415) 421-3111
Facsimile:   (415) 421-0938

Attorneys for Defendants
MILLS-PENINSULA HEALTH SERVICES,
SUTTER HEALTH AND CLAUDIA CHRISTENSEN

DENNIS D. STRAZULO (State Bar No. 124695)
Email:dstrazulo@strazlaw.com
NANCY MCCOY (State Bar No. 184983)
Email:nmccoy@strazlaw.com
STRAZULO FITZGERALD, LLP
One Sansome Street, Suite 3500
San Francisco, California 94104
Telephone: (415) 394-9500
Facsimile: (415) 934-9501

Attorneys for Defendant
BARBARA FOSTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. BOCCIGNONE,<br><br>    Plaintiff,<br><br>v.<br><br>SUTTER HEALTHCARE (MILLS PENINSULA HEALTH SERVICES), BARBARA "BOBBI" FOSTER, CLAUDIA CHRISTENSEN and DOES 1-97,<br><br>    Defendants. | CASE NO.  CV 07-6243 CRB<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO *EX PARTE* APPLICATION FOR EXTENSION OF TIME**<br><br>**DATE:** January 4, 2008<br>**TIME:** 10:00 a.m.<br>**COURTROOM:** 8<br>**JUDGE:** Honorable Charles R. Breyer<br><br>**SECOND AMENDED**<br>**COMPLAINT FILED:** November 14, 2007<br>**TRIAL DATE:** No date set. |

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR EXTENSION OF TIME    CV 07-6243 CRB

## I. INTRODUCTION

Defendants Mills-Peninsula Health Services, Sutter Health, Claudia Christensen and Barbara Foster ("defendants") oppose plaintiff Boccignone's *ex parte* application for further time to respond to the pending motion to dismiss. Plaintiff has not shown good cause for the relief she requests. For the reasons explained below, the court should deny plaintiff's *ex parte* application for an extension of time.

## II. ARGUMENT

### A. PLAINTIFF HAS NOT SHOWN GOOD CAUSE FOR THE *EX PARTE* RELIEF SHE SEEKS

#### 1. The papers she has filed are a confused jumble

Plaintiff has twice served defendants with *ex parte* applications that are strikingly different from what she filed with the court. According to one of Mr. Gold's declarations, he personally served a set of papers between 5:40 p.m. and 6:10 p.m. on a date he does not identify, but presumably December 31, 2007.[1] Defendants received a second set the afternoon of January 2, 2008. Both sets contained documents purporting to be plaintiff's application for *ex parte* relief, but both were different from what plaintiff e-filed.[2] Why plaintiff served these papers (as opposed to relying on e-filing) and why they are distinct from what she filed with the court is a mystery that her counsel will presumably explain at the hearing on his client's application for ex parte relief. But defendants should not be required to parse through multiple sets of motion papers, on shortened time, to try to make sense of what plaintiff is seeking.

The *ex parte* application and the documents filed with it suffer from the same defects that required defendants' motions to dismiss, to strike, and for a more definite statement. If plaintiff is entitled to relief, it is incumbent upon her to articulate a

---

[1] Declaration of Robert H. Gold in Support of Plaintiff's Request for *Pro Tunc* Filing Due to Her Inability to Electronically File on December 31, 2007 and January 1, 2008, Also in Support of Plaintiff's *Ex Parte* Application to Enlarge Time to Oppose Defendants Motion to Dismiss, Demand for Jury Trial, electronically filed on January 2, 2008, p.2, lines 14-22.
[2] Declaration of Jeffrey D. Polsky in Opposition to Ex Parte Application To Shorten Time, ¶ 2 and Exhibit A.

- 1 -

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR EXTENSION OF TIME    CV 07-6243 CRB

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1 basis for it.  Neither the court nor defendants should be required to sift through plaintiff's
2 submissions to try to identify a logical argument.  That burden belongs to her.

### 2. Plaintiff has not cited authority for the *ex parte* relief she seeks

An application for *ex parte* relief "must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought."[3] Plaintiff's rambling *ex parte* application contains no such citation.  The requirement of the rule is mandatory and necessitates that the application be denied.

### 3. Plaintiff has not set forth facts showing good cause for relief

#### a. Plaintiff would not be irreparably prejudiced

To justify entitlement to *ex parte* relief, a party must show that it will be irreparably prejudiced if the relief is not granted.

> To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial. A sliding scale is used to measure the threat of prejudice. If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits. If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm.[4]

Here, the likelihood of success is minimal.  There are two independent grounds for removal, both of which are readily apparent from plaintiff's second amended complaint.

#### (1) §301 preempts plaintiff's claims

In arguing for remand, plaintiff grossly misstates defendants' position.

---

[3] N.D. Local Rule 7-10.
[4] Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995)

- 2 -

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR EXTENSION OF TIME     CV 07-6243 CRB

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1  Defendants are not "arguing that when one chooses to become a union member that
2  union member by virtue of joining a Collective Bargaining Agreement disenfranchises
3  themselves from the greater protections offered by the State, here California, in which
4  they choose to be."[5]  But if resolution of plaintiff's claims necessarily entails the court's
5  interpretation of the provisions of the CBA, the state law claims are preempted by the
6  federal jurisdiction of the Labor-Management Relations Act ("LMRA").[6]

7  Plaintiff's rambling and unfocussed second amended complaint contains
8  numerous allegations that require reference to the CBA.  She alleges that she was fired
9  "without just cause"[7] and that MPHS "ignored" the union agreement in terminating her.[8]
10 Her union, in fact, initiated a grievance regarding the termination but failed to pursue it in
11 a timely fashion.[9]

12 In addition, plaintiff repeatedly alleges that she was subjected to
13 unwarranted corrective action.[10]  She complains of "lost pay due to an unpaid February
14 through March 2006 suspension."[11]  But all discipline of an RN, such as plaintiff, is
15 subject to being grieved under the CBA.[12]

16 Plaintiff further alleges that an alleged contract was breached when her
17 application for an award under MPHS's loan forgiveness program was rejected.[13]  MPHS
18 rejects such applications as a matter of policy if the RN applicant has received written
19 disciplinary action within one year of the date of the application.  This is another issue
20 that is subject to the grievance procedure of the CBA.[14]

---

[5] *Ex Parte* Motion to Enlarge Time, p. 4, lines 2-4.
[6] Kirton v. Summit Medical Center, 982 F. Supp. 1381, 1386-1389 (N.D. Cal. 1997); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985) ("[S]tate-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are pre-empted by those agreements."); Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 689 (9th Cir. 2001) (Section 301 preempts "claims founded directly on rights created by collective-bargaining agreements.").
[7] Compl. at ¶¶ 75-77.
[8] Compl. at ¶ 74.
[9] Christensen Decl. in Support of Removal, Exhs. 3 and 4.
[10] Compl. at ¶¶ 59, 71, 72, 73, 76.
[11] Compl. at ¶ 25:21-23.
[12] Christensen Decl. at ¶ 6, Exhibit 5.
[13] Compl. at ¶¶ 26-29.
[14] Christensen Decl. at ¶ 5.

- 3 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR EXTENSION OF TIME

CV 07-6243 CRB

1  Plaintiff's twelfth cause of action alleging retaliation also requires an
2  interpretation of the CBA.[15] Plaintiff alleges that she made a complaint concerning
3  MPHS's understaffed Emergency Department.[16] The CBA in effect at the time of
4  plaintiff's alleged staffing complaints contains several provisions regarding staffing.[17]
5  Article 28 provides a mechanism for RN's to raise staffing concerns initially to a manager
6  and then to a committee, the Staffing Committee, which is jointly composed of
7  management and union representatives.[18] Given the prevalence of issues that require
8  interpretation of the CBA and/or resort to its grievance procedures, there should be little
9  doubt that plaintiff's claims are preempted by Section 301 of the LMRA. Her motion to
10 remand is, therefore, without merit.

### (2) ERISA preempts plaintiff's claims

12  Even setting aside §301 preemption, ERISA preempts plaintiff's claims.[19]
13 ERISA preempts state laws that "relate to" an employee benefit plan governed by
14 ERISA, including wrongful discharge claims.[20] Causes of action "relate to" an ERISA
15 plan if they have "a connection with or reference to such a plan."[21]

16  Here, plaintiff is a beneficiary seeking to recover benefits and redress
17 violations under 29 U.S.C. § 1132. Plaintiff identifies defendants in the "unique position
18 of being plaintiff's **Employer/Health Insurer/Healthcare Provider**."[22] In support of her
19 discrimination and wrongful termination claims (Counts III, V, VIII, X, and XI), plaintiff

---

[15] Compl. at ¶¶ 94-100, Exhibits N and O.
[16] Id. at ¶¶ 22, 27, 29, 96.
[17] Christensen Decl. at ¶ 7, Exhibit 2.
[18] Id.
[19] 29 U.S.C. § 1144.
[20] Nishimoto v. Federman-Bachrach & Associates, 903 F. 2d 709, 713 (9th Cir. 1990) (The plaintiff's wrongful termination claim was preempted by ERISA where she alleged her termination was based on her age and the defendants' desire to deprive her of pension benefits.); Felton v. Unisource Corp., 940 F.2d 503, 507 (9th Cir.1991) (claim brought under state wrongful termination and state disability discrimination law was preempted because plaintiff alleged that employer fired him to avoid paying his medical insurance benefits after he contracted lung cancer); Tingey v. Pixley-Richards West, Inc., 953 F.2d 1124, 1131 (9th Cir.1992) (wrongful termination claim preempted because plaintiff's sole theory was that his employer terminated him to deny him medical insurance benefits after his son was born with spina bifida).
[21] Nishimoto v. Federman-Bachrach & Associates, supra, 903 F. 2d at 713.
[22] Compl., ¶¶ 36, 50, 79, 80, 90 (emphasis in original), Exh. M; see also ¶¶ 25, 38, 52, 92.

- 4 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR EXTENSION OF TIME        CV 07-6243 CRB

1  alleges that defendants terminated her employment to save "themselves a substantial
2  amount of money in medical care not provided to Plaintiff and her baby," and alleges she
3  was "on Medi-Cal at the expense of the California taxpayer instead of Sutter Health."[23]
4  Plaintiff alleges that MPHS terminated her to prevent her from receiving benefits. In
5  support of her allegations, plaintiff references Exhibit M, a summary of MPHS's benefit
6  plans.[24]  Plaintiff's claims "refer to, and [are] connected with, an ERISA-covered plan,
7  and [are] therefore preempted by ERISA."[25]

Because there are two independent grounds for this court's jurisdiction over her claims, her motion to remand lacks merit. As a result, plaintiff cannot show that she would be irreparably prejudiced by the denial of *ex parte* relief. But even if she could show otherwise, she would not be entitled to the relief she seeks without showing further that she was not at fault in creating this situation.

### b.  Plaintiff has not shown that she is without fault in creating the need for *ex parte* relief

Following a showing of irreparable prejudice, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."[26]  "It is the creation of the crisis--the necessity for bypassing regular motion procedures--that requires explanation."[27]

Plaintiff and her counsel do not explain why the motion to remand was not filed sooner. Nor does plaintiff explain why she has not filed a third amended complaint. She states she intends to do so, but does not say when or why she has not done so yet. A third amended complaint that satisfactorily addresses the issues raised by defendants in their motions to dismiss and to strike could render that motion moot. Mr. Gold,

---

[23] Compl., ¶¶ 38 and 52; see also ¶ 73 ("Defendants…terminated Plaintiff so she or her unborn baby would not cost Defendant any more money.").
[24] An "employee welfare benefit plan" as defined by ERISA includes any plan established or maintained by an employer for the purpose of providing for its participants through the purchase of insurance medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment. 29 U.S.C. § 1002(1).
[25] Nishimoto v. Federman-Bachrach & Associates, 903 F. 2d at 713.
[26] Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. at 492.
[27] Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. at 493.

- 5 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR
EXTENSION OF TIME

CV 07-6243 CRB

1  according to his declaration, has been representing plaintiff since Autumn 2006.[28]  It is
2  now January 2008.  If plaintiff has any viable claims, her counsel has had more than
3  sufficient time to try to figure out how to plead them.  Having created this situation,
4  plaintiff cannot justify asking this court to excuse her from complying with the regular
5  motion procedures that everyone else must follow.

   **c.   Plaintiff's speculation as to defendants' motives are irrelevant and unfounded**

8  Defendants removed this matter within the time frame dictated by 28
9  U.S.C. §1446(b) and filed their motion to dismiss within the period required by F.R.C.P.,
10 Rule 81(c).  This was not done, as plaintiff suggests, to inconvenience her counsel.
11 Instead, unlike plaintiff, defendants have complied with the applicable statutes and rules
12 concerning civil procedure.  Rambling suspicions about why defendants may have
13 chosen a federal forum are irrelevant and should be disregarded.

14 Equally irrelevant is plaintiff's argument regarding a failure to meet and
15 confer.  The five days between removal and filing a motion to dismiss left little time for
16 dialogue.  And given plaintiff's failure to amend even now that she has defendants'
17 motion, it seems unlikely that such a dialogue could have been productive.  Defendants
18 are always (and remain) willing to work issues out cooperatively.  But certain situations
19 require judicial involvement and the glaring defects in plaintiff's complaint are an
20 example.

21 **B.   If plaintiff is granted relief, it should be the minimum necessary**

23 Plaintiff asks that this court allow her until 35 days after a ruling on the
   motion to remand to respond to the motion to dismiss.  She does not explain why she
   needs a continuance of that magnitude.  Defendants dispute that plaintiff is entitled to
   any relief.  But if the court disagrees, the relief it grants should be modest.  Defendants
   have filed motions to address, among other things, allegations against them that are

---

[28] Gold Decl., p.2, lines 2-3.

- 6 -
DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR EXTENSION OF TIME
CV 07-6243 CRB

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

irrelevant, unfounded, and inappropriate. They should be entitled to have those allegations addressed as soon as is feasible.

### III. CONCLUSION

At the earliest stages of this litigation, plaintiff asks this court to excuse her from complying with the procedural requirements that govern civil actions. She has not shown that she is entitled to such relief. Her application for *ex parte* relief should be denied.

I, Jeffrey D. Polsky, hereby attest that the content of this document is acceptable to all persons required to sign this document.

DATED: January 3, 2008                    Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP


By:   /s/ JEFFREY D. POLSKY
            JEFFREY D. POLSKY

Attorneys for Defendants
MILLS-PENINSULA HEALTH SERVICES, SUTTER HEALTH AND CLAUDIA CHRISTENSEN


DATED: January 3, 2008                    Respectfully submitted,

STRAZULO FITZGERALD, LLP




By:   /s/ NANCY MCCOY
            NANCY MCCOY

Attorneys for Defendant
BARBARA FOSTER

4822-3933-1586.1

- 7 -

DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR EXTENSION OF TIME          CV 07-6243 CRB

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111