1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  JEFFREY D. POLSKY (State Bar No. 120975)
   Email: polsky@kmm.com
3  ROSSANA S. ELTANAL (State Bar No. 221145)
   Email: eltanal@kmm.com
4  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
5  San Francisco, California 94104
   Telephone:   (415) 421-3111
6  Facsimile:   (415) 421-0938

7  Attorneys for Defendants
   MILLS-PENINSULA HEALTH SERVICES,
8  SUTTER HEALTH AND CLAUDIA CHRISTENSEN

9  DENNIS D. STRAZULO (State Bar No. 124695)
   Email:dstrazulo@strazlaw.com
10 NANCY MCCOY (State Bar No. 184983)
   Email:nmccoy@strazlaw.com
11 STRAZULO FITZGERALD, LLP
   One Sansome Street, Suite 3500
12 San Francisco, California 94104
   Telephone: (415) 394-9500
13 Facsimile: (415) 934-9501

14 Attorneys for Defendant
   BARBARA FOSTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. BOCCIGNONE,<br><br>                Plaintiff,<br><br>v.<br><br>SUTTER HEALTHCARE (MILLS PENINSULA HEALTH SERVICES), BARBARA "BOBBI" FOSTER, CLAUDIA CHRISTENSEN and DOES 1-97,<br><br>                Defendants. | CASE NO. CV 07-6243 CRB<br><br>**DECLARATION OF JEFFREY D. POLSKY IN OPPOSITION TO *EX PARTE* APPLICATION FOR EXTENSION OF TIME**<br><br>DATE:         January 4, 2008<br>TIME:          10:00 a.m.<br>COURTROOM: 8<br>JUDGE:        Honorable Charles R. Breyer<br><br>**SECOND AMENDED**<br>**COMPLAINT FILED:** November 14, 2007<br>**TRIAL DATE:** No date set. |

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DECLARATION OF JEFFREY D. POLSKY IN OPPOSITION TO *EX PARTE*
APPLICATION FOR EXTENSION OF TIME

CV 07-6243 CRB

I, Jeffrey D. Polsky, declare that:

1. I am a partner in the law firm of Kauff, McClain & McGuire, LLP, counsel for defendants Mills-Peninsula Health Services, Sutter Health, and Claudia Christensen ("defendants") in the above-entitled action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, would be competent to testify.

2. This office received a set of papers for plaintiff's *ex parte* application on or about December 31, 2007 and another set the afternoon of January 2, 2008. These are separate from the e-mail notifications with PACER links that I and others in this office received the morning of January 2, 2008 (presumably when plaintiff electronically filed her papers). A copy of the *ex parte* application that accompanied the submissions physically delivered to this office (minus exhibits) is attached as Exhibit A. It is significantly different from the *ex parte* application plaintiff electronically filed with this court.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct. Executed on the 3rd of January 2008 at San Francisco, California.

By: /s/
JEFFREY D. POLSKY

4838-3467-4434.1

Kauff McClain & McGuire LLP
One Post Street
Suite 2600
San Francisco, CA 94104
Telephone (415) 421-3111

- 2 -
DECLARATION OF JEFFREY D. POLSKY IN OPPOSITION TO *EX PARTE* APPLICATION FOR EXTENSION OF TIME
CV 07-6243 CRB

# EXHIBIT A

GOLD & ASSOCIATES
235 Montgomery Street
Suite 747
San Francisco, CA 94104
Telephone: (415) 354-5400
Facsimile: (415) 354-5405

Attorney for PLAINTIFF,
L.M. BOCCIGNONE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| L.M. BOCCIGNONE<br><br>*Plaintiff,*<br><br>v.<br><br>SUTTER HEALTHCARE (MILLS PENINSULA HEALTH SERVICES) BARBARA "BOBBI" FOSTER, CLAUDIA CHRISTENSEN AND Does 1 through 97, inclusive,<br><br>*Defendants.* | No. CV 07-6243 (CRB)<br><br>**EX PARTE APPLICATION TO ENLARGE TIME TO OPPOSE MOTION TO DISMISS, UNTIL AFTER MOTION FOR REMAND IS ADJUDICATED, DEMAND FOR JURY TRIAL**<br><br>**DATE:**<br>**TIME:**<br>**DEPT:** Courtroom 8<br>**JUDGE:** Charles R. Breyer<br><br>**Second Amended Complaint Filed: November 14, 2007**<br>**Trial Date: No date set** |

PLEASE TAKE NOTICE that PLAINTIFF L.M. BOCCIGNONE moves the Court for an Ex Parte Order to enlarge time to respond to Defendants' Motion to Dismiss by at least thirty-five (35) days or such time as the Court may see fit, so the Court may have both the opportunity to review and rule upon the pending issue of jurisdiction in the accompanying Plaintiff's Motion for Remand as the State Causes of Action raise no direct questions or claims under Federal Law, and it is not agreed by the absence of Defendants' argument within its Notice of Removal any issues of Diversity are present. Plaintiff's have also attached a

---

EX PARTE MOTION TO ENLARGE TIME TO OPPOSE MOTION TO DISMISS

- 1 -

"proposed" Third Amended Complaint for Superior Court in the State of California, in the County of San Mateo. Plaintiff's counsel made both opposing counsels Maureen McClain (for Defendant Claudia Christensen and the Entity (s) Mills-Peninsula Health Services hereinafter MPHS) and Nancy McCoy (for Defendant Barbara "Bobbi" Foster) aware of both the Motion for Remand and the proposed Third Amended Complaint rewritten with the objections in Defendants Motion To Dismiss proposed Order as a guide without prejudicing Plaintiff's sustentative California State Court rights. These filed, respective, telephone conversations to Meet and confer with opposing counsel occurred on or about December 27 and December 28, 2007, respectively.

At that time each counsel politely considered and rejected Plaintiff's request to enlarge time. If the Court desires more information on the above interaction Plaintiff's counsel will humbly respond to any query.

Motion for Remand to State Court, was filed December 31, 2007, twenty (20) days after said notice for Removal, with its accompanying exhibits, this Ex Parte Motion to Enlarge Time To Respond to Defendants (Joint) Motion to Dismiss as the Court adjudicates jurisdiction over the instant matter.

The proposed Third Amended does properly correct some defects, which Plaintiff would have corrected if either Defendant had engaged in a Meet and Confer process before filing their Notice of Removal, see Attachment 1 (December 17, 2007 letter to Attorneys McClain and McCoy.)

Hereinafter when Plaintiff refers to Defendants, he is referring to the healthcare entity(s) Sutter Health and MPHS, which Plaintiff admits were improperly pled as Sutter Healthcare (MPHS) and should have been pled as two separate Defendants.

No doubt Defendants were upset by Plaintiff's Second Set of properly Served Admissions to Defendant Christensen on December 4, 2007, see Attachment 2. All service was complete by November 14, 2007 and all Defendants were ordered to have "Answered by the next Case Management Conference" by Judge Marie Weiner, by January 8, 2008, see Attachment 3. Plaintiff attempted to Meet and Confer on the instant matters on December 17, 2007, see Attachment 1, to no avail.

While Defendants re-characterize and infer federal claims from Plaintiff's Second Amended Complaint; none actually exist as none were purposely not plead by counsel after the breakdown of an attempt to get Plaintiff a grievance hearing from Defendant with Plaintiff's attorney appearing, if not representing, Plaintiff. This unsuccessful attempted to arrange a grievance procedure with then Defense counsel Jeffrey Frost last over six months.

Plaintiff's counsel was unable to get either Defense counsel Frost or Union Representative Shawn Bartlett, see Attachment 4, (unresponded communication from Plaintiff's counsel office to union representative

---
EX PARTE MOTION TO ENLARGE TIME TO OPPOSE MOTION TO DISMISS

- 2 -

Bartlett, dated October 27, 2006.to cooperate with Plaintiff's counsel---so the 1-4 step Grievance Procedure as outlined in Article III of both versions of the Collective Bargaining Agreement (CBA) presented as Exhibits 1 and 2 in Defendants Notice of Removal was abandoned by both signatory representatives, MPHS and CNA. At no time did a representative or an attorney from MPHS or Sutter recommend Arbitration as the subject matter was always, initiated by defense counsel, either on settlement, or complying with document requests under the DLSE labor code requirements, Labor Code Sections (a-b). Plaintiff's counsel did request mediation, which was almost immediately denied early into the introduction of Defendants Counsel. Defendants Counsel made first mention of the pro per complaint to Plaintiff's counsel when they first spoke, he did not make mention of it to defense counsel; see Declaration of Robert H. Gold. Also in the letter of November 14, 2006 from Office of the General Counsel, Jeffrey Frost, Esq., Risk Management Counselor stating that he represented both MPHS and Sutter Health. This letter, out of respect for Defendants, mostly redacted as an Evidence Code 1152 disclaimer was placed on this correspondence. Only attorney and party names are not redacted, see Attachment 5.

The actual reason for defendants then abandonment of the CBA grievance process is likely twofold. On February 5, 2007 Plaintiff filed in Pro Per (with assistance from this office), a form complaint---never served---to protect her false light, investigation made into Plaintiff's private sex life defamation tort claim, Exhibit A of Defendants Notice to State Court of Removal of Action, excepted by LMRA Section 301, under her constitutional right to privacy *Cramer v. Consolidated Freightways, Inc.* (9th circuit 2001) 255 F3d 683, 692 (en banc). Ms. Christensen makes reference to this two week suspension (for which Plaintiff has not plead lost pay as damages in her Second Amended Complaint) in her Declaration in Defendants Notice to State Court Removal of Action, page 3-4, Paragraph 6, lines 27-28, 1-10. It should be noted that the Grievance Exhibit referred herein, as Defendants Exhibit 5, has nothing to do with the February Suspension which ended with a meeting with Plaintiff, her union representative and named defendants.

Regarding lost pay for that suspension, its outcome of adjudication was waiting for its resolution. Further administrative adjudication from Plaintiff's October 23, 2007 hearing before the State of California's Department of Labor Standards Enforcement, at which Sutter Health Risk Management counsel Jeffrey Frost appeared for MPHS. This removal is likely now pre-empted.

Secondly, on March 2, 2007, after missing her first EDD hearing due to the premature birth of her daughter, Plaintiff had to have her first hearing regarding her "firing for just cause" first heard before an inactive attorney, bar number 85820, Administrative Law Judge D. J. Soviero, See Attachment 6. Defendants Christensen and Foster were both sworn as witnesses, and only Foster testified for defendants' defense.

---

EX PARTE MOTION TO ENLARGE TIME TO OPPOSE MOTION TO DISMISS

- 3 -

Defendants had a non-attorney hearing representative and none of their evidence, photocopies of e-mails and documents from Fosters "private employee files were neither signed nor original documents.

Defendant Foster contradicted herself at least once under cross-examination, as her supervisor, Defendant Christensen looked on (regarding whether, objectively, any woman would not be fatigued a week or so after a miscarriage given the loss of blood, the fetus and emotional distress of losing a child—Foster then agreed with that contention.) At both the hearing, for which there is a transcript. In the March 16, 2007 Order, Plaintiff's firing for just cause was overturned and Plaintiff received what unemployment insurance she was due. Defendants did not appeal the decision to Superior Court. Plaintiff has made no lost benefit employment benefit in her second amended complaint that could be pre-empted by ERISA, such as lost overtime wages, lost pension benefits, lost healthcare benefits and/or any malpractice claim regarding her physical medical treatment at MPHS.

Plaintiffs until December 11, 2007, believe that Defendants transferred this matter to present counsel, as she is the best lawyer in California in Employer Defense, a published author and a scholar in her field. She has represented both Sutter Health, MPHS and Defendant Foster in over a dozen lawsuits in San Mateo and San Francisco Counties since 1997. As there are no Federal Questions of law, there is no diversity, first discussed with said opposing counsel at their first face to face meeting at her office, and Plaintiff had moved on from employment at MPHS, as well as filed the defamation form complaint, for all apparent circumstances it appeared that Plaintiff had opted for self-organization, as allowed in both versions of the CBA, Exhibits 1 and 2, and California Labor Code section 923, regarding self-organization.

Furthering this point as well as explaining naming both Sutter Health and MPHS as separate entities, please see Attachment 7, is the letter from the Office of the General Counsel, Sutter Health, Jeffrey Frost, Risk Management Counsel, of Sutter Health, dated April 23, 2007, the MPHS acknowledging his absence as risk Management Counsel to resolve Plaintiff's then smaller claim, and the hiring of present litigation counsel. Said letter specifically states that opposing counsel represents both Sutter Health and MPHS in this matter.

Plaintiff's filed their Notice to State Court of Removal of Action after Defendant Barbara "Bobbi" Foster quit MPHS and left Defendant Sutter Health and their affiliated system, see declaration of Robert H. Gold. Subsequent to this event, Plaintiffs served Attachment two, which focuses on the validity of the sworn testimony and her observing supervisor at the March 16, 2007 EDD hearing. In her Declaration of in Support of Notice To State Court of Removal of Action, stated that there was a September 7, 2006 meeting with Shawn Bartlett and Linda Campagna in attendance, without their declarations under penalty of perjury simply stating I was there on

September 7, 2006, because throughout this matter Plaintiff's had made honest reference that this meeting took place on Friday, September 8, 2006, see Declaration of Robert H. Gold and Lisa Boccignone. This is more than a Scribner's error, this is a declaration of a named defendant, who has avoided answering California Judicial Counsel Form Interrogatories, which may not be subject to objections, Admissions, set one and two, due to this action being removed to Federal Court where in no diversity, questions of Federal law and or ERISA preemptions exist. It is the most blatant form of forum shopping that this counsel has ever witnessed in order not to obtain a higher standard of proof of claims, but to avoid a client's admission of past acts against a pregnant woman who later gave birth to a premature daughter.

Based on the above, Plaintiff's request that their Motion to enlarge time at least thirty-five [35] days or until such time as the Court sees fit to set Defendant's Motion to Dismiss, and first establish and accept jurisdiction over the remanded State Court matter or in the alternative, please stay the entire matter and refer this case to the office of the Assistant Attorney General for investigation of its facts and the interrogation of Plaintiff and Defendants herein.

Respectfully submitted,

GOLD & ASSOCIATES

By: _____/s/_____

ROBERT GOLD

Attorney for Plaintiff L.M. Boccignone

235 MONTGOMERY STREET, SUITE 305
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 354-5400
FACSIMILE: (415) 354-5405

EX PARTE MOTION TO ENLARGE TIME TO OPPOSE MOTION TO DISMISS