1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  JEFFREY D. POLSKY (State Bar No. 120975)
   Email: polsky@kmm.com
3  ROSSANA S. ELTANAL (State Bar No. 221145)
   Email: eltanal@kmm.com
4  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
5  San Francisco, California 94104
   Telephone:  (415) 421-3111
6  Facsimile:  (415) 421-0938

7  Attorneys for Defendants
   MILLS-PENINSULA HEALTH SERVICES,
8  SUTTER HEALTH AND CLAUDIA CHRISTENSEN

9  DENNIS D. STRAZULO (State Bar No. 124695)
   Email:dstrazulo@strazlaw.com
10 NANCY MCCOY (State Bar No. 184983)
   Email:nmccoy@strazlaw.com
11 STRAZULO FITZGERALD, LLP
   One Sansome Street, Suite 3500
12 San Francisco, California 94104
   Telephone: (415) 394-9500
13 Facsimile: (415) 934-9501

14 Attorneys for Defendant
   BARBARA FOSTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. BOCCIGNONE,<br><br>Plaintiff,<br><br>v.<br><br>SUTTER HEALTHCARE (MILLS PENINSULA HEALTH SERVICES), BARBARA "BOBBI" FOSTER, CLAUDIA CHRISTENSEN and DOES 1-97,<br><br>Defendants. | CASE NO. CV 07-6243 CRB<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REMAND**<br><br>DATE: February 15, 2008<br>TIME: 10:00 a.m.<br>COURTROOM: 8, 19th Floor<br>JUDGE: Honorable Charles R. Breyer<br><br>**SECOND AMENDED COMPLAINT FILED:** November 14, 2007<br>**TRIAL DATE:** No date set. |

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO REMAND

CASE NO. CV 07-6243 CRB

## I. INTRODUCTION

Defendants Mills-Peninsula Health Services, Sutter Health, Barbara Foster, and Claudia Christensen oppose plaintiff L.M. Boccignone's motion to remand. Two independent grounds support defendants' removal of this action.

The first is the Employee Retirement Income and Security Act of 1974[1] (ERISA). ERISA preempts state laws that "relate to" an employee benefit plan governed by ERISA. A number of plaintiff's allegations relate to an employee benefit plan, but perhaps none more clearly than her claim that defendants terminated her employment to avoid having to provide her and her dependent with medical coverage.

The second basis for removal is § 301 of the Labor Management Relations Act. Boccignone claims, inter alia, that she was terminated without just cause and subjected to unwarranted discipline. These claims, among others, require the court to interpret provisions of the collective bargaining agreement between Boccignone's union (the California Nurses Association) and Mills-Peninsula. To that extent, the claims are preempted. As more fully explained below, defendants had ample justification to remove this matter and the motion to remand should be denied.

## II. PROCEDURAL BACKGROUND

Plaintiff commenced an action in San Mateo County Superior Court on February 5, 2007. After twice amending her complaint, on November 14, 2007, she served defendants. Her second amended complaint contains 12 causes of action focusing on her employment and the termination of her employment as a nurse at Mills-Peninsula Hospital. Defendants removed the action to this court on December 11, 2007.

On December 17, 2007, defendants filed motions to dismiss and to strike or, in the alternative, for a more definite statement. On January 2, 2008, plaintiff filed a motion to remand and an ex parte application to have the hearing on defendants' motions deferred until the court decides the remand issue. The court granted plaintiff's request on January 3, 2008, continuing the hearing on defendants' motions from

---

[1] 29 U.S.C. § 1001, et seq.

Kauff McClain & McGuire LLP
One Post Street
Suite 2600
San Francisco, CA 94104
Telephone (415) 421-3111

- 1 -

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO REMAND

CASE NO. CV 07-6243 CRB

1  January 25, 2008 to February 29, 2008. After defendants requested reconsideration, on
2  January 8, 2005, the court revised its order to state that the motion to remand would be
3  heard on February 15, 2008 and the court would discuss with the parties the status of
4  the motions to dismiss and strike at that time.

5  **III.   ARGUMENT**

6      **A.   ERISA supports defendants' removal of the action**

7          Under ERISA, an "employee welfare benefit plan" includes a plan
8  established or maintained by an employer to provide its participants with "medical,
9  surgical, or hospital care or benefits, or benefits in the event of sickness, accident, [or]
10 disability. . . ."[2] ERISA declares it "unlawful for any person to discharge, . . . discipline,
11 or discriminate against a participant or beneficiary . . . for the purpose of interfering with
12 the attainment of any right to which such participant may become entitled under the plan
13 . . . ."[3] It also provides "[a] civil action [to] a participant or beneficiary . . . to recover
14 benefits due to him under the terms of his plan, to enforce his rights under the terms of
15 the plan, or to clarify his rights to future benefits under the terms of the plan."[4]

16         Congress declared that these provisions "supersede any and all State laws
17 insofar as they may now or hereafter relate to any employee benefit plan . . . ."[5]

18         The words "relate to" were intended by Congress to be
19 interpreted broadly. Pilot Life, 481 U.S. at 47. Causes of
20 action "relate to" an employee benefit plan if they "arise out of
21 the administration of a covered plan," id., or if they have "a
22 connection with or reference to such a plan." Shaw v. Delta
23 Air Lines, 463 U.S. 85, 97, 77 L. Ed. 2d 490, 103 S. Ct. 2890

---

[2] 29 U.S.C. § 1002(1). During her employment at MPHS, plaintiff was covered by an employee welfare benefit plan within the meaning of ERISA. Declaration of Claudia Christensen In Support of Defendants' Opposition to Motion to Remand at ¶¶ 1 to 5; Dodd v. John Hancock Mutual Life Insurance, 688 F.Supp. 564 (E.D. Cal. 1988) citing Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir. 1982). Plaintiff does not dispute this fact.
[3] 29 U.S.C. § 1140.
[4] 29 U.S.C. § 1132(a).
[5] 29 U.S.C. § 1144(a). "The phrase 'State laws' includes state common law causes of action. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987).

- 2 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO REMAND

CASE NO. CV 07-6243 CRB

(1983).[6]

"ERISA's preemption clause is deliberately expansive, and contains one of the broadest preemption clauses ever enacted by Congress."[7]

In <u>Nishimoto v. Federman-Bachrach & Assoc.</u>,[8] the plaintiff filed an action in state court against her former employers and a former supervisor. She alleged that she was fired for two unlawful reasons: her age and the defendants' desire to deprive her of her pension benefits. Defendants removed the action on the basis that ERISA preempted any claim that defendants fired plaintiff to prevent her pension from vesting. Plaintiff appealed from, inter alia, the district court's refusal to remand.[9]

In determining that the removal was proper, the appellate court pointed to Nishimoto's allegation that defendants terminated her in:

> an attempt to prevent the plaintiff from acquiring a full 100%
> vested interest in and to the retirement and pension plan of
> the defendants, as well as maintaining the required seniority
> to take advantage of the insurance benefits including medical
> and life insurance provided through the benefit program and
> pension program of the defendants.[10]

Given that allegation, the court explained, "this claim refers to, and is connected with, an ERISA-covered plan, and is therefore preempted by ERISA."[11]

Plaintiff Boccignone's allegations "relate to" an ERISA plan even more closely than those at issue in <u>Nishimoto</u>. Boccignone alleges that "Defendants were in

---

[6] <u>Nishimoto v. Federman-Bachrach & Associates</u>, 903 F.2d 709, 713 (9th Cir. 1990).
[7] <u>Spain v. Aetna Life Ins. Co.</u>, 11 F.3d 129, 131 (9th Cir. 1993) (internal quotation marks and citations omitted).
[8] 903 F.2d at 713.
[9] <u>Nishimoto</u>, 903 F.2d at 711.
[10] 903 F.2d at 713.
[11] <u>Id.</u>; See also, <u>Felton v. Unisource Corp.</u>, 940 F.2d 503, 507 (9th Cir. 1991) (claim brought under state wrongful termination and state disability discrimination law was preempted because plaintiff alleged that employer fired him to avoid paying his medical insurance benefits after he contracted lung cancer); <u>Tingey v. Pixley-Richards West, Inc.</u>, 953 F.2d 1124, 1131 (9th Cir. 1992) (wrongful termination claim preempted based on plaintiff's theory that his employer terminated him to deny him medical insurance benefits after his son was born with spina bifida).

the unique position of being plaintiff's **Employer/Health Insurer/Healthcare Provider**."[12] In support of her allegations, she attaches to her complaint a summary of MPHS's benefit plans.[13] She further alleges that:

> As Defendants are the **Employer/Health Insurer/Healthcare Provider**, they use Benefit and Risk Management Services as a Third Party Administrator (hereafter, "TPA") . . . . In so much as Defendants' TPA reviewed information, paid bills for Plaintiff's injuries, and investigated work related claims . . . Defendants were in a position to know that Plaintiff's work in the Emergency Department made her pregnancy *higher risk* due to repeated exposure to X-rays, numerous infections, and other risks from many sources. Defendants were also in a position to access the results of genetic testing they performed (as Healthcare Provider) on Plaintiff's unborn baby. After creating the risk that Plaintiff could give birth to a gravely ill baby needing expensive healthcare, Defendants (the self insured **Employer/Health Insurer/Healthcare Provider**) terminated Plaintiff's employment, potentially saving themselves a substantial amount of money in medical care not provided to Plaintiff and her baby (subsequently born two months premature, with a heart murmur, on Medi-Cal at the expense of the California taxpayer instead of Sutter Health as intended and expected).[14]

Boccignone also alleges that defendants "terminated plaintiff so she or her unborn baby

---

[12] Complaint, ¶¶ 36, 52, and 80 (emphasis in original). References to the complaint refer to plaintiff's second amended complaint, which is the operative pleading. Plaintiff's moving papers purported to have a draft third amended complaint attached. Plaintiff's Memorandum of Points and Authorities in Support of Motion to Remand, p. 4, n. 11 However, that was not the case.
[13] Complaint, Exhibit M.
[14] Complaint, ¶¶ 38, 52, and 92 (emphasis in original).

- 4 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO REMAND    CASE NO. CV 07-6243 CRB

1 would not cost Defendant any more money."[15]

2 The conclusion that these allegations relate to an employee benefit plan is
3 inescapable. Causes of action "relate to" an ERISA plan if they have "a connection with
4 or reference to such a plan."[16] Boccignone alleges that defendants abused their
5 positions as, inter alia, her health insurer and terminated her so as to avoid providing her
6 healthcare benefits. Her claims relate to an ERISA plan and, as a result, this court has
7 jurisdiction.

8 Plaintiff's argument on this issue in her motion to remand is unpersuasive.
9 She states:

> There is no claim for healthcare benefits, only Plaintiff's
> counsel's theory that Defendants were possibly motivated to
> discriminate to avoid Plaintiff's potential healthcare costs;
> Plaintiff need only prove discrimination. In their ERISA
> argument, Defendants cite Nishimoto v. Federman-Bachrach
> & Associates, 903 F. 2d 709, 713 (9th Cir. 1990), a case
> involving age discrimination. As Plaintiff is under age forty,
> we will not waste the Court's time on an inapplicable case.
> ERISA is not at issue.[17]

19 The argument that Nishimoto's claims included age discrimination and Boccignone's did
20 not is flimsy. Defendants need only show that some of plaintiff's claims relate to an
21 ERISA plan, not that all of them do. If anything, her argument supports removal by
22 acknowledging "Plaintiff's counsel's theory that Defendants were possibly motivated to
23 discriminate to avoid Plaintiff's potential healthcare costs." The allegations that she
24 makes to support that theory relate to an ERISA plan and are therefore preempted.

25 **B.     § 301 of the LMRA further supports defendants' removal**

26 There is a second, independent ground for federal jurisdiction over

---

[15] Complaint, ¶ 74.
[16] Nishimoto v. Federman-Bachrach & Associates, supra, 903 F.2d at 713.
[17] Motion to remand, p. 5.

- 5 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO REMAND

CASE NO. CV 07-6243 CRB

plaintiff's claims. Throughout her employment with Mills-Peninsula (MPHS), Boccignone was covered by a collective bargaining agreement between MPHS and her union, the California Nurses Association.[18] Section 301 of the Labor Management Relations Act of 1974 (LMRA)[19] preempts all state law claims whose outcome depends on an analysis of the express or implied terms of a collective bargaining agreement.[20] The Supreme Court explains:

> Within its proper sphere, § 301 has been accorded unusual pre-emptive power. In Avco Corp. v. Machinists, 390 U.S. 557, 88 S. Ct. 1235, 20 L. Ed. 2d 126 (1968), for example, we recognized that an action for breach of a collective-bargaining agreement "arose under" § 301 (and therefore was subject to federal removal, see 28 U.S.C. § 1441 (1988 ed. and Supp. IV)), despite the fact that the petitioner's complaint did not mention the federal provision and appeared to plead an adequate claim for relief under state contract law.[21]

§ 301 preempts Boccignone's claims and provides a further basis for federal jurisdiction.

In arguing for remand, plaintiff grossly misstates defendants' position on this issue. Defendants are not "arguing that when one chooses to become a union member that union member by virtue of joining a Collective Bargaining Agreement disenfranchises themselves from the greater protections offered by the State, here California, in which they choose to be."[22] Nor do defendants argue, as plaintiff repeatedly suggests, that § 301 preempts state law employment discrimination claims. But if resolution of plaintiff's claims necessarily entails the court's interpretation of the provisions of the collective bargaining agreement (CBA), the state law claims are

---

[18] Decl. of Claudia Christensen in Support of Defendants' Notice of Removal at ¶ 2, Exhibits 1 and 2.
[19] 29 U.S.C. § 185.
[20] Cook v. Lindsay Olive Growers, 911 F.2d 233, 237 (9th Cir. 1990); Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987).
[21] Livadas v. Bradshaw, 512 U.S. 107, 122 (1994).
[22] Ex Parte Motion to Enlarge Time, p. 4, lines 2-4.

- 6 -
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REMAND
CASE NO. CV 07-6243 CRB

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

preempted.[23]

While pointing to flaws in arguments defendants never raised, plaintiff ignores defendants' actual arguments. In their removal papers, defendants explain multiple allegations in Boccignone's rambling second amended complaint that require reference to the CBA.

Her ninth cause of action, entitled "common law wrongful termination," consists of three paragraphs. The first incorporates the earlier allegations and the third alleges damages in an amount to be proven. In between is the sole substantive allegation regarding liability, which reads as follows:

> Defendants fired Plaintiff from their employment without just cause (without complying with their own employment policies and procedures, and in violation of the agreed upon terms for a union grievance hearing); and asserted a pretextual reason (allegations of incompetence) for firing Plaintiff.[24]

Any analysis of the merits of this claim necessarily involves analyzing the provisions of the CBA – specifically including articles 25 (regarding termination and discipline) and 27 (grievance procedure). In fact, Boccignone's union initiated a grievance regarding the termination but failed to pursue it in a timely fashion.[25]

Just before those allegations, Boccignone claimed that:

> Defendants – despite the rules and regulations set forth in the Collective Bargaining Agreement with the California Nurses Association (not being raised at this time, but possibly at a later date depending on discovery regarding the present

---

[23] Kirton v. Summit Medical Center, 982 F.Supp. 1381, 1386-1389 (N.D. Cal. 1997); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985) ("[S]tate-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are pre-empted by those agreements."); Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 689 (9th Cir. 2001) (Section 301 preempts "claims founded directly on rights created by collective-bargaining agreements.").
[24] Compl. at ¶¶ 75-77.
[25] Christensen Decl. in Support of Removal, Exhs. 3 and 4.

- 7 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO REMAND

CASE NO. CV 07-6243 CRB

    cause of action) – ignored said union Agreement and terminated Plaintiff so she or her unborn baby would not cost Defendant any more money. Plaintiff was terminated while waiting for her agreed upon grievance hearing and still recovering from the investigation into her private life which had nothing to do with her work or her ability to work.[26]

Defendants cannot explain why, if you are not raising an issue, you include it in the complaint. Nor do they know at what later time plaintiff may decide to proceed differently. But the allegation implicates both § 301 (alleging defendants "ignored" the CBA) and ERISA (accusing defendants of terminating her to avoid providing medical benefits).

    In addition to her complaints about the termination, plaintiff complains that she was subjected to unwarranted corrective action, including two written warnings[27] and a suspension.[28] Again, questions as to whether the corrective actions were appropriate necessarily require resort to the CBA.[29]

    Plaintiff further alleges that defendants breached a contract by rejecting her application for an award under MPHS's loan forgiveness program.[30] MPHS rejects such applications as a matter of policy if the RN applicant has received written disciplinary action within one year of the date of the application. This is another issue that is subject to the grievance procedure of the CBA.[31]

    Plaintiff's twelfth cause of action alleging retaliation also requires an interpretation of the CBA.[32] Plaintiff alleges that she made a complaint concerning MPHS's understaffed Emergency Department.[33] The CBA in effect at the time of

---

[26] Compl. at ¶ 74.
[27] Compl. at ¶¶ 71 and 72.
[28] Compl. at ¶ 25 (second paragraph).
[29] Christensen Decl. in Support of Removal at ¶ 6, Exhibit 5.
[30] Compl. at ¶¶ 26-29.
[31] Christensen Decl. in Support of Removal at ¶ 5.
[32] Compl. at ¶¶ 94-100, Exhibits N and O.
[33] Id. at ¶¶ 22, 27, 29, 96.

- 8 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

Case 3:07-cv-06243-CRB    Document 22    Filed 01/25/2008    Page 10 of 10

plaintiff's alleged complaints contains several provisions regarding staffing.[34] Article 28 provides a mechanism for RN's to raise staffing concerns initially to a manager and then to a committee, the Staffing Committee, which is jointly composed of management and union representatives.[35] Given the prevalence of issues that require interpretation of the CBA and/or resort to its grievance procedures, there should be little doubt that plaintiff's claims are preempted by Section 301 of the LMRA. Her motion to remand is, therefore, without merit.

The state law claims referenced above are completely preempted by Section 301 of the LMRA.[36] This action is therefore appropriate for removal and the motion to remand should be denied.

## IV. CONCLUSION

Because there are two independent grounds for this court's jurisdiction over Boccignone's claims, her motion to remand lacks merit and should be denied.

DATED: January 25, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: /s/ JEFFREY D. POLSKY
JEFFREY D. POLSKY

Attorneys for Defendants
MILLS-PENINSULA HEALTH SERVICES,
SUTTER HEALTH AND CLAUDIA
CHRISTENSEN

4813-2844-8002.2

---

[34] Christensen Decl. in Support of Removal at ¶ 7, Exhibit 2.
[35] Id.
[36] Kirton v. Summit Medical Center, 982 F.Supp. 1381, 1386-1389 (N.D. Cal. 1997); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985) ("[S]tate-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are pre-empted by those agreements."); Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 689 (9th Cir. 2001) (Section 301 preempts "claims founded directly on rights created by collective-bargaining agreements.").

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO REMAND

CASE NO. CV 07-6243 CRB