1   MAUREEN E. MCCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   JEFFREY D. POLSKY (State Bar No. 120975)
    Email: polsky@kmm.com
3   ROSSANA S. ELTANAL (State Bar No. 221145)
    Email: eltanal@kmm.com
4   KAUFF MCCLAIN & MCGUIRE LLP
    One Post Street, Suite 2600
5   San Francisco, California  94104
    Telephone:   (415) 421-3111
6   Facsimile:    (415) 421-0938

7   Attorneys for Defendants
    MILLS-PENINSULA HEALTH SERVICES,
8   SUTTER HEALTH AND CLAUDIA CHRISTENSEN

9   DENNIS D. STRAZULO (State Bar No. 124695)
    Email:dstrazulo@strazlaw.com
10  NANCY MCCOY (State Bar No. 184983)
    Email:nmccoy@strazlaw.com
11  STRAZULO FITZGERALD, LLP
    One Sansome Street, Suite 3500
12  San Francisco, California 94104
    Telephone: (415) 394-9500
13  Facsimile: (415) 934-9501

14  Attorneys for Defendant
    BARBARA FOSTER

15

16                    UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18

19
    L.M. BOCCIGNONE,                      CASE NO.  CV 07-6243 CRB
20
                    Plaintiff,
21                                        **DEFENDANTS' BRIEF
    v.                                    REGARDING JURISDICTION
22                                        OVER FOURTH AMENDED
    SUTTER HEALTHCARE (MILLS              COMPLAINT**
23  PENINSULA HEALTH SERVICES),
    BARBARA "BOBBI" FOSTER, CLAUDIA       **JUDGE:**     Honorable Charles R. Breyer
24  CHRISTENSEN and DOES 1-97,            **SECOND AMENDED
                                          COMPLAINT FILED:**  November 14, 2007
25                  Defendants.           **TRIAL DATE:**     No date set.

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE  (415) 421-3111

1    **I.    INTRODUCTION**

2         The Court now has before it Boccignone's fourth amended complaint.  Like

3    its predecessors, this pleading is a jumble of allegations.  The opening allegation –

4    "Late, one humid Saturday late August night, Plaintiff was part of a medical team effort

5    which Defendants claim resulted in life saving results . . ." – demonstrates plaintiff's

6    disregard of the rule that averments be "simple, concise, and direct."[1]  Plaintiff's 36

7    pages of allegations are anything but that.  The problem is compounded by the fact that

8    the pleading refers to numerous exhibits, none of which is attached.

9         It is exceedingly difficult for defendants to determine which of plaintiff's

10   allegations are essential to her claims and which are tangential or irrelevant.  The

11   repeated references to the Health Insurance Portability and Accountability Act (HIPAA)[2]

12   appear to fall in the latter category, since plaintiff admits that HIPAA does not support a

13   civil claim for relief.[3]  But for the reasons stated below plaintiff's allegations still implicate

14   § 301 of the Labor Management Relations Act (LMRA).[4]  As a result, there remains a

15   federal question.

16   **II.    PLAINTIFF'S CLAIMS IMPLICATE § 301 OF THE LMRA**

17        Throughout her employment with Mills-Peninsula (MPHS), Boccignone was

18   covered by a collective bargaining agreement between MPHS and her union, the

19   California Nurses Association.[5]  Section 301 of the Labor Management Relations Act

20   (LMRA)[6] preempts all state law claims whose outcome depends on an analysis of the

21   express or implied terms of a collective bargaining agreement (CBA).[7]

22        Plaintiff's second cause of action alleges that her employer, MPHS,

23   breached an oral contract to provide her a bonus if certain contingencies were met.  She

24   ---

[1] Fed.R.Civ.P. 8.
[2] Fourth Amended Complaint, ¶¶ 10, 11, 23, 24, 27, 64, 67, 82, 92, 101, 110, and 134.

25   [3] Fourth Amended Complaint, ¶ 24.
[4] 29 U.S.C. § 185.

26   [5] Decl. of Claudia Christensen in Support of Defendants' Notice of Removal at ¶ 2, Exhibits 1
    and 2.

27   [6] 29 U.S.C. § 185.
[7] Cook v. Lindsay Olive Growers, 911 F.2d 233, 237 (9th Cir. 1990); Young v. Anthony's Fish

28   Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987); Livadas v. Bradshaw, 512 U.S. 107, 122 (1994).

- 1 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' BRIEF RE: JURISDICTION OVER FOURTH          CASE NO.  CV 07-6243 CRB
AMENDED COMPLAINT

1 | alleges that this agreement is independent of any obligations contained in the CBA.[8]

2 |         The Ninth Circuit addressed a similar issue in <u>Young v. Anthony's Fish

3 | Grottos</u>.  Young worked at Anthony's as a waitress from 1974 to 1983.  After 1980, the

4 | position was covered by a collective bargaining agreement.  In 1985, she agreed to

5 | return to work according to certain specified terms.  When she was subsequently fired,

6 | she sued claiming that the employer breached an oral agreement concerning the terms

7 | for her reinstatement.  Anthony's removed the matter to federal court alleging that

8 | Young's state law claims were preempted by § 301 of the LMRA.  Young moved to

9 | remand on the basis that the oral agreement was independent of the CBA.  After the

10 | district court granted summary judgment for the employer, Young appealed.[9]

11 |         The appellate court analyzed the issue as follows:

12 |         Young contends that her individual labor contract is

13 |         independent of the CBA and that her contract claim is thus

14 |         not a claim for breach of the CBA. The subject matter of her

15 |         contract, however, is a job position covered by the CBA.

16 |         Because any independent agreement of employment

17 |         [concerning that job position] could be effective only as part

18 |         of the collective bargaining agreement, the CBA controls and

19 |         the contract claim is preempted.[10]

20 | The Ninth Circuit therefore affirmed the district court's holding that the oral contract claim

21 | was preempted.

22 |         A similar issue arose in <u>Beals v. Kiewit Pacific Co.</u>[11]  While Beals was

23 | employed in California, Kiewit offered him work in Hawaii on a project that would involve

24 | extensive overtime and would last at least two years.  The employer sent Beals a "move

25 | letter" that promised him, among other things, employment for the duration of the project,

26 |

27 | [8] Fourth Amended Complaint, ¶¶ 68-70.
   | [9] 830 F.2d at 996.

28 | [10] 830 F.2d at 997 (internal citations and quotations omitted).
   | [11] 114 F3d. 892 (9th Cir. 1997).

- 2 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' BRIEF RE: JURISDICTION OVER FOURTH
AMENDED COMPLAINT

CASE NO.  CV 07-6243 CRB

1    moving expenses, and additional compensation.  When Kiewit failed to honor the terms

2    of the "move letter," Beals sued for breach of contract.  Although the position was

3    covered by a collective bargaining agreement, Beals argued that his agreement was

4    negotiated before he became subject to the CBA and did not require interpretation of the

5    CBA.[12]

6                    Again, the Ninth Circuit determined that the claim was preempted.

7                    Kiewit is correct that the move letter is superseded by the

8                    CBA because any independent agreement of employment

9                    [concerning a job position covered by the CBA] could be

10                   effective only as part of the collective bargaining agreement.

11                   Moreover, to the extent that the [independent agreement] is

12                   inconsistent with the provisions of the [CBA], the bargaining

13                   agreement controls.  Since the parties do not dispute that the

14                   position Beals was hired to fill - that of forklift/pump operator -

15                   was covered by the CBA, the CBA controls and any claims

16                   seeking to enforce the terms of the move letter are

17                   preempted.[13]

18   As a result, Beals' breach of contract claim was determined to be preempted by § 301.

19                   Defendants dispute that an agreement concerning any aspect of

20   Boccignone's compensation (here, a "sign-on bonus") could truly be considered

21   independent of the CBA.  But even if it could, the claim is still preempted given that

22   plaintiff's nursing position was covered by a CBA.  "[W]here the position in dispute is

23   covered by the CBA, the CBA controls and any claims seeking to enforce the terms of an

24   agreement are preempted."[14]  Boccignone's second cause of action, alleging breach of

25   an oral contract, is therefore preempted.[15]

26   [12] 114 F.3d at 893-894.

27   [13] 114 F.3d at 894 (internal citations and quotations omitted).
     [14] Audette v. Int'l Longshoremen's and Warehousemen's Union, 195 F.3d 1107, 1112 (citing
     Young and Beals).

28   [15] By focusing on the second cause of action, defendants intend no waiver of their right to argue

                                        - 3 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' BRIEF RE: JURISDICTION OVER FOURTH                    CASE NO.  CV 07-6243 CRB
AMENDED COMPLAINT

**III.    CONCLUSION**

§ 301 of the LMRA preempts plaintiff's second cause of action. As a result, her fourth amended complaint presents a federal question and jurisdiction in this Court remains appropriate.

DATED: March ___, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP


By:  /s/ JEFFREY D. POLSKY
          JEFFREY D. POLSKY

Attorneys for Defendants
MILLS-PENINSULA HEALTH SERVICES,
SUTTER HEALTH AND CLAUDIA
CHRISTENSEN

4823-7231-5650.1

---

other bases for preemption. With respect to plaintiff's first cause of action, for negligent misrepresentation, "parties cannot escape the preemptive effect of section 301 by recasting their contract claims as tort claims." Young, 830 F.2d at 999. *See also,* Young, 830 F.2d at 1001 (finding a misrepresentation claim preempted). The fact that the claim requires determination as to whether certain corrective actions were justified fiend appropriate (Complaint, ¶¶ 63, 65, and 66) strengthens the conclusion that the issue also requires interpretation of the CBA.

- 4 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE  (415) 421-3111

DEFENDANTS' BRIEF RE: JURISDICTION OVER FOURTH
AMENDED COMPLAINT

CASE NO.  CV 07-6243 CRB