ROBERT H. GOLD (STATE BAR NO. 146136)
GOLD & ASSOCIATES
235 Montgomery Street, Suite 747
San Francisco, CA 94104
Telephone: (415) 354-5400
Facsimile: (415) 354-5405

Attorney for Plaintiff M. Boccignone

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| M. Boccignone, | Case No. CV 07-6243 CRB |
|---|---|
| *Plaintiff,* | DECLARATION OF ROBERT H. GOLD OF PROOF OF SERVICE IN SUPPORT OF MOTION FOR REMAND |
| | JURY TRIAL DEMANDED |
| V. | |
| MILLS PENINSULA HEALTH SERVICES (MPHS), SUTTER HEALTH (SUTTER), CLAUDIA CHRISTENSEN, BARBARA J. FOSTER and DOES 6-100, | |
| *Defendants.* | |

I, Robert H. Gold, hereby swear under Penalty of Perjury in the State of California and For the United States District Court, that:

1.     On Tuesday, March 4, 2008, [after e-Filing ECF Document 39 on February 29, 2008] I personally served the Court and all counsel with the ECF Document/Complaint, listed as ECF Document 40 (Document 39 was e-filed on Pacer within 8 minutes of Document 40 on March 4, 2008.) Both Counsel and the Court simultaneously had access, to the best of my knowledge, to the Proposed Fourth Amended Complaint, with all attached Exhibits within hours of each other.

---

**Declaration of Robert H. Gold Regarding Proof of Service of Complaint with Exhibits of (Proposed) FOURTH AMENDED COMPLAINT to all Opposing Counsel In Support of ongoing Motion for Remand**
- 1 -

2. I understand that the Court's Order of March 7, 2008 reads: *"After receipt of Defendant's submission the Court will advise the parties if further briefing or oral argument is required."*

3. Therefore, until Plaintiff further hears from the Court it may not raise an opinion or argument in support of its claim for remand and/or in support of its request for costs for remand.

4. This declaration clarifies the Proof of *Service with all attached exhibits.*

5. As Plaintiff is barred from commentary, Plaintiff quotes verbatim from Defendants own cited case of *Audette v. ILUW* (9th Cir.) (Wash.) (1999) Case No. 98-35324 [West Summary]:

> [1] Only actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship (not present here), federal question jurisdiction is required. Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The plaintiff may avoid federal jurisdiction by exclusive reliance on state law. However, a state common law claim will be converted into a federal claim when the preemptive force of a federal statute is so extraordinary that it displaces any state-law claim in the area. Complete preemption applies to cases raising claims preempted by S 301. [2] Although the settlement agreement did not settle a grievance that arose under the CBA, its performance implicated the CBA. The settlement agreement provided that the defendants could produce justification why B registration should not take place
>
> The CBA regulates the terms, conditions, and procedures for work categories (..."B registered" workers, and "A registered" workers).

6. In *Young v. Anthony's Fish Grottos*, 830 F.2d 993 (9th Cir.) (AK) 1987):

> ...Congress did not intend for section 301 to preempt "state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." Under Alaska state law a cause of action for breach of the implied covenant of good faith and fair dealing is appropriate to ensure that the rights and duties of the Alaska Workers' Compensation Act are respected. We find that adjudication of this contract cause of action does not require an analysis of the collective bargaining agreement and, thus, is not preempted by section 301.

Dated: March 14, 2008        /s/
                             Robert H. Gold, Esq.

---

**Declaration of Robert H. Gold Regarding Proof of Service of Complaint with Exhibits of (Proposed) FOURTH AMENDED COMPLAINT to all Opposing Counsel In Support of ongoing Motion for Remand**

- 2 -