IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. BOCCIGNONE, | No. C 07-06243 CRB |
| Plaintiff, | **ORDER OF REMAND** |
| v. | |
| SUTTER HEALTHCARE, et al., | |
| Defendants. / | |

    The Court previously ruled that defendants properly removed this lawsuit from state court because the removed complaint stated a federal question, namely, a claim preempted by ERISA. Plaintiff subsequently amended her complaint to eliminate the ERISA preempted claim. In an Order filed March 7, 2008, the Court indicated that it intends to decline supplemental jurisdiction and remand the action if the current complaint (the Fourth Amended Complaint) does not state a federal claim. It ordered defendants to advise the Court in writing if they believe the Fourth Amended Complaint states a federal question and, if so, to submit a brief setting forth reasons. Now pending before the Court is defendants' response.

    Defendants contends that the first and second causes of action are completely preempted by the Labor Management Relations Act ("LMRA") and therefore the current complaint states a federal claim. Plaintiff alleges that in order to encourage plaintiff to work for defendant following her graduation from nursing school, defendants promised to repay

1 her nursing school loans.  After she completed one year of employment, however, defendants
2 declined to repay any part of her loans on the ground that she was not eligible because a
3 written disciplinary action had been taken against her.  Plaintiff contends that defendants
4 never advised her that the loan forgiveness program was not available to nurses who receive
5 written disciplinary action.  Based on these allegations she makes a claim for negligent
6 misrepresentation (first cause of action) and breach of oral contract (second cause of action).
7 Defendants contend these causes of action are preempted by the LMRA as it is undisputed
8 that plaintiff's employment was covered by a collective bargaining agreement.

9 Section 301 of the LMRA establishes federal jurisdiction for "[s]uits for violation of
10 contracts between an employer and a labor organization."  29 U.S.C. § 185(a).  The LMRA
11 therefore preempts any state cause of action for breach of a collective bargaining agreement.
12 See Jimeno v. Mobil Oil Corp., 66 F.3d 1514, 1522 (9th Cir. 1995).  "Despite the breadth of
13 § 301 complete preemption, not every claim which requires a court to refer to the language of
14 a labor-management agreement is necessarily preempted."  Balcorta v. Twentieth
15 Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000) (internal quotation marks and
16 citation omitted).  Rather, federal preemption is mandated only if the application of state law
17 requires interpretation of a collective bargaining agreement.  See Lingle v. Norge Division of
18 Magic Chef, Inc., 486 U.S. 399, 413 (1998).  The term "interpret," within the context of
19 section 301 complete preemption, requires more than merely looking at, considering,
20 referring to, or applying the terms of the agreement.  See Balcorta, 208 F.3d at 1108.  It is the
21 "legal character of a claim, as 'independent' of rights under the collective-bargaining
22 agreement, (and not whether a grievance arising from 'precisely the same set of facts' could
23 be pursued), that decides whether a state cause of action may go forward."  Livadas v.
24 Bradshaw, 512 U.S. 107, 123-24 (1994).

25 Defendants argue that because plaintiff's position was covered by a collective
26 bargaining agreement, her claims are preempted.  As support for this broad assertion of
27 LRMA jurisdiction, defendant relies on Young v. Anthony's Fish Grottos, 830 F.2d 993 (9th
28 Cir. 1987).  In Young, the plaintiff alleged that she agreed to return to work for the defendant

2

1  based on the employer's oral promise that she could return to work on the same terms as she
2  had before and that she could only be terminated for cause.  The day she reported to work
3  defendant terminated her employment and plaintiff sued for breach of an oral agreement.
4  The collective bargaining agreement covering her employment provided that an employee is
5  on probation for the first 30 days of work and during that probationary period can be
6  discharged at will.  Id. at 996.  The Ninth Circuit held that the plaintiff's breach of contract
7  claims were preempted by the LMRA because the subject matter of her alleged contract–the
8  terms of her employment–is covered by the collective bargaining agreement.  Id. at 997.
9  "Because any 'independent agreement of employment [concerning that job position] could be
10 effective only as part of the collective bargaining agreement, the CBA controls and the
11 contract claim is preempted."  Id. (internal quotation marks and citation omitted).

12        Defendants appear to read Young as holding that any contract claim by an employee
13 covered by a collective bargaining agreement is preempted, so long as the alleged contract
14 has something to do with the employment.  The Court does not read Young so broadly.  First,
15 to do so would contradict the Supreme Court's teaching that federal preemption applies only
16 if the state law claim is for breach of a collective bargaining agreement or requires
17 interpretation of such an agreement.  Lingle, 486 U.S. at 413;  see also Cramer v.
18 Consolidated Freightways, Inc., 255 F.3d 683, 690 (9th Cir. 2001) (explaining that the
19 Supreme Court has held that "complaints of employees covered by a CBA are not preempted
20 if their claims are unrelated to the terms of the CBA," and that the Court has specifically
21 rejected the contention that "all employment-related matters involving unionized employees
22 be resolved through collective bargaining and thus be governed by a federal common law
23 created by § 301") (internal quotation marks and citation omitted).

24        Second, in Young the plaintiff's contract claim directly contradicted the terms of the
25 collective bargaining agreement; for the plaintiff to prevail the terms of the collective
26 bargaining agreement would have to be ignored.  In other words, the plaintiff's claim was not
27 "entirely independent of any understanding embodied in the collective-bargaining agreement
28 between the union and the employer."  Livadas, 512 U.S. at 124-25.

1       Here, in contrast, defendants do not argue that there is anything in the collective
2  bargaining agreement governing plaintiff's employment that remotely addresses her claim
3  here; namely, the promise to repay her loans.  While there is evidence that defendants had a
4  loan forgiveness program, there is no evidence that this program was negotiated between the
5  union and the employer and was in any way part of the collective bargaining agreement.
6  Accordingly, plaintiff's claim that defendant negligently misrepresented the terms of the loan
7  forgiveness program (first cause of action) and her claim that the loan repayment promise did
8  not include a written disciplinary action condition (second cause of action) are not
9  preempted; neither claim contradicts the terms of the collective bargaining agreement nor
10 otherwise requires interpretation of the collective bargaining agreement, at least to the extent
11 the claims do not challenge the discipline imposed.  See Cramer, 255 F.3d at 691.  The fact
12 that the subject of loan forgiveness could have been made a part of the collective bargaining
13 agreement is irrelevant.  Id. at 692.
14      Defendants' reliance on Beals v. Kiewit Pacific Co., 114 F.3d 892 (9th Cir. 1997) is
15 equally unpersuasive.  The court held that to the extent the terms of the allegedly
16 independent agreement are inconsistent with the collective bargaining agreement, the
17 collective bargaining agreement controls.  Id. at 894.  Again, defendants offer no evidence
18 that plaintiff's claim of an agreement to repay her loans contradicts anything in the collective
19 bargaining agreement controlling her employment.
20      In a footnote defendants observe that in plaintiff's first cause of action for negligent
21 misrepresentation plaintiff appears to be challenging the written disciplinary action itself.
22 She contends that defendants told her that no disciplinary action would be taken for an
23 inadvertent act before July 2006, Fourth Amended Complaint ¶ 64, and, apparently, that she
24 does not recall receiving any written disciplinary action until defendants cited it to her as a
25 reason for not repaying her loans.  Id. at ¶ 65.
26      It is unclear whether plaintiff is alleging the representation as to a lack of disciplinary
27 action as a basis for her negligent misrepresentation claim; the Court's reading of the first
28 cause of action suggests that it is based solely on the misrepresentation as to the eligibility

4

1  for the loan forgiveness program and not on an additional misrepresentation as to when
2  disciplinary action could be taken.  Even if the claim were also based on the additional
3  alleged misrepresentation of no disciplinary action for the first six months, however,
4  defendants have not met their burden of proving that such a claim is completely preempted.
5  Defendants have not even attempted to show that such a claim involves *disputed* terms of the
6  governing collective bargaining agreement.  Beals, 114 F.3d at 895.  In Beals, for example,
7  the plaintiff made a negligent misrepresentation claim based on an alleged representation that
8  was directly contradicted by the terms of the collective bargaining agreement.  Because the
9  plaintiff did not challenge the meaning of the collective bargaining agreement, the Ninth
10 Circuit held that resolution of the plaintiff's misrepresentation claim did not require
11 interpretation of the agreement and was therefore not preempted.  Id.  Here, too, defendants
12 have not met their burden of proving that to resolve such a misrepresentation claim
13 (assuming one is made), the Court would have to interpret disputed terms of the collective
14 bargaining agreement.

15       The Court does not interpret the allegation that plaintiff does not recall receiving any
16 written disciplinary action as a separate claim challenging the imposition of such action.
17 Such allegation does not have any direct bearing on plaintiff's claim that defendant
18 misrepresented the terms of its loan repayment agreement, the claim in which the allegation
19 appears.

20       As this action no longer states a federal question, it is REMANDED to state court.
21 **IT IS SO ORDERED.**

22
23 Dated: March 20, 2008

                                  CHARLES R. BREYER
                                  UNITED STATES DISTRICT JUDGE