```
 1                  UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3   BEFORE THE HONORABLE CHARLES R. BREYER, JUDGE

 4   L.M. BOCCIGNONE,

 5            PLAINTIFF,

 6     VS.                              NO. C 07-6243 CRB

 7   SUTTER HEALTHCARE (MILLS         PAGES 1 - 13
     PENINSULA HEALTH SERVICES)
 8   BARBARA "BOBBI" FOSTER, CLAUDIA
     CHRISTENSEN AND DOES 1-97,
 9
              DEFENDANTS.
10   _____

11          SAN FRANCISCO, CALIFORNIA
             FRIDAY, FEBRUARY 15, 2008
12
                 TRANSCRIPT OF PROCEEDINGS
13
     APPEARANCES:
14
     FOR THE PLAINTIFF:
15   ROBERT H. GOLD, ESQUIRE
     584 CASTRO STREET
16   SAN FRANCISCO, CALIFORNIA 94114

17


18   FOR THE DEFENDANTS DEFENDANTS SUTTER, MILLS-PENINSULA AND
     CHRISTENSEN:
19   KAUFF MCCLAIN & MCGUIRE LLP
     ONE POST STREET
20   SUITE 2600
     SAN FRANCISCO, CALIFORNIA 94104
21   BY: JEFFREY D. POLSKY , ESQUIRE

22   FURTHER APPEARANCES ON NEXT PAGE

23   REPORTED BY:  KATHERINE WYATT, CSR, RPR, RMR
                   OFFICIAL REPORTER, USDC
24                 COMPUTERIZED TRANSCRIPTION BY ECLIPSE

25
```

KATHERINE WYATT, OFFICIAL REPORTER, CSR, RMR (415) 487-9834

```
 1  FURTHER APPEARANCES:

 2  FOR DEFENDANT BARBARA BOBBI FOSTER:
    STRAZULO FITZGERALD LLP
 3  ONE SANSOME STREET
    3500
 4  SAN FRANCISCO, CALIFORNIA 94104

 5  BY:  NANCY L. MCCOY, ATTORNEY AT LAW

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1  FEBRUARY 15, 2008                            10:00 O'CLOCK A.M.
 2
 3                        P R O C E E D I N G S
 4          THE CLERK:  CALLING CASE CO 7-6243, L.M. BOCCIGNONE
 5  VERSUS SUTTER HEALTHCARE.
 6          APPEARANCES, COUNSEL.
 7          MS. MCCOY:  NANCY MCCOY WITH DEFENDANT BARBARA
 8  FOSTER.
 9          THE CLERK:  PLEASE COME FORWARD AND MAKE YOUR
10  APPEARANCES.
11          MS. MCCOY:  NANCY MCCOY FOR DEFENDANT BARBARA FOSTER.
12          MR. POLSKY:  JEFF POLSKY FOR DEFENDANTS SUTTER,
13  MILLS-PENINSULA AND CHRISTENSEN.
14          THE CLERK:  PLAINTIFF DOESN'T SEEM TO BE HERE, YOUR
15  HONOR.
16          THE COURT:  OKAY. LET'S PASS IT.
17          SORRY.
18          (THEREUPON, THIS CASE WAS PASSED.)
19          THE CLERK:  CALLING CASE CO7-6243, L.M. BOCCIGNONE
20  VERSUS SUTTER HEALTHCARE.
21          APPEARANCES, COUNSEL.
22          MS. MCCOY:  GOOD MORNING, YOUR HONOR.
23          THE COURT:  BEFORE WE GET THERE, MR. WAGSTAFFE, THIS
24  IS MR. SMITH WHO IS SEATED TWO ROWS AHEAD OF YOU.  HE IS THE
25  TRUST PROTECTOR FOR YOUR NEW CLIENT.
```

1          **MR. GOLD:** GOOD MORNING, YOUR HONOR. ROBERT GOLD

2   APPEARING FOR PLAINTIFF LISA BOCCIGNONE HOPEFULLY TO BE

3   PLAINTIFF JANE ROE.

4          **MR. POLSKY:** JEFF POLSKY FOR DEFENDANTS

5   MILLS-PENINSULA, SUTTER HEALTH AND CLAUDIA CHRISTENSEN.

6          **MS. MCCOY:** NANCY MCCOY FOR DEFENDANT BARBARA FOSTER.

7          **THE COURT:** WELL, FIRST OF ALL, I'VE BEEN SORT OF

8   INUNDATED WITH LETTERS AND PLEADINGS AND SO FORTH. THERE ARE A

9   COUPLE OF THINGS I THINK WE CAN ADDRESS AT THE BEGINNING.

10         NUMBER ONE IS I CAN CERTAINLY APPRECIATE THE

11  DIFFICULTIES YOU'VE HAD WITH THE E-FILING SYSTEM AND COMPUTERS.

12  DON'T WORRY ABOUT IT. NONE OF IT IS BEING HELD AGAINST YOU. I'M

13  SURE NONE OF IT WAS INTENTIONAL OR, YOU KNOW, YOU'RE LIKE THE

14  REST OF US.

15         WE'RE OF A DIFFERENT GENERATION, AND MAYBE OUR KIDS

16  KNOW HOW TO WORK ALL THIS STUFF RIGHT, BUT IT'S HARD FOR US TO

17  DO IT. SO I WOULDN'T BE CONCERNED ABOUT THAT.

18         THANK YOU FOR YOUR LETTERS AND NONE OF THAT IS GOING

19  TO BE HELD AGAINST YOU.

20         WITH RESPECT TO -- LET'S MOVE ON SORT OF TO THE

21  MERITS. IT JUST SEEMS TO ME THAT IN THE COMPLAINT AS IT WAS AS

22  IT IS NOW IN FRONT OF ME, THAT THERE IS A SUFFICIENT BASIS FOR

23  REMOVAL.

24         AND THE ARGUMENT IS THAT SHE WAS TERMINATED IN ORDER

25  TO, WHAT, DENY HER CERTAIN BENEFITS? WELL, I MEAN THAT IS AN

1  ERISA CLAIM. AND SO THAT WOULD MEAN TO ME THAT THE SUBMISSION
2  IS APPROPRIATE -- PARDON ME -- THE REMOVAL IS APPROPRIATE, AND I
3  WOULD NOT DENY REMAND ON THAT BASIS.
4            SO WE HAVE CERTAINLY MOVED ON BECAUSE YOU HAVE
5  PROPOSED AN AMENDED COMPLAINT. AND IN THE AMENDED COMPLAINT YOU
6  HAVE TAKEN OUT THOSE ALLEGATIONS. THAT SET OF ALLEGATIONS WHICH
7  WOULD -- WHICH IS IN THE -- IS IT THE FIRST OR SECOND AMENDED?
8  I DON'T KNOW.
9            **MR. GOLD:** IT'S THE THIRD.
10           **THE COURT:** OH, THE THIRD. OKAY. IT'S THE THIRD.
11           **MR. GOLD:** IT'S A PROPOSED.
12           **THE COURT:** YOU REMOVED IN THE THIRD-AMENDED
13  COMPLAINT THE ALLEGATIONS OF THE SECOND-AMENDED COMPLAINT WHICH
14  GAVE IT FEDERAL JURISDICTION.
15           OKAY. SO THEN THE QUESTION IS -- A COUPLE OF
16  QUESTIONS. NUMBER ONE IS WHAT WE WOULD DO ABOUT THE
17  THIRD-AMENDED COMPLAINT. AND IN MY VIEW I WOULD PERMIT YOU TO
18  FILE IT, AND DIRECTING THE DEFENDANTS TO ACCEPT SERVICE
19  FORTHWITH, WHICH THEY WILL DO, RIGHT?
20           **MR. POLSKY:** YES.
21           **THE COURT:** COUNSEL?
22           **MS. MCCOY:** WELL --
23           **THE COURT:** DON'T "WELL." YES, JUST ACCEPT IT, ALL
24  RIGHT?
25           **MS. MCCOY:** YES.

KATHERINE WYATT, OFFICIAL REPORTER, CSR, RMR (415) 487-9834

1          **THE COURT:** I DON'T PLAY THAT GAME.

2          OKAY. FINE.

3          **MR. GOLD:** OKAY.

4          **THE COURT:** JUST HEAR ME OUT.

5          OKAY. I THINK YOU HAVE TO CHANGE THE CAPTION OF IT IN

6   TWO RESPECTS. NUMBER ONE:  YOU SHOULD INDICATE THAT IT'S A

7   DOCUMENT FILED IN THE UNITED STATES DISTRICT COURT FOR THE

8   NORTHERN DISTRICT OF CALIFORNIA. IT'S A COMPLAINT NOW PRESENTLY

9   ON FILE HERE.  I'VE ALLOWED YOU TO AMEND IT.

10         SO THAT'S THE ONE IN FRONT OF ME NOW. ARE YOU

11  FOLLOWING WHAT I'M SAYING?

12         **MR. GOLD:** YOU'RE SAYING THE AMENDED --

13         **THE COURT:** THE THIRD-AMENDED COMPLAINT IS THE

14  COMPLAINT NOW AT ISSUE.

15         **MR. GOLD:** RIGHT.

16         **THE COURT:** BECAUSE I'VE GRANTED YOUR MOTION TO FILE

17  AN AMENDED COMPLAINT.

18         **MR. GOLD:** RIGHT.

19         **THE COURT:** OKAY. SO THAT'S ON FILE.

20         **MR. GOLD:** RIGHT.

21         **THE COURT:** SO YOU HAVE TO CHANGE THE CAPTION WITH

22  RESPECT TO YOUR REQUEST THAT IT GO UNDER SOME DOE APPELLATION.

23  I DON'T QUITE UNDERSTAND IT.  IT SEEMED TO ME LIKE, NUMBER ONE,

24  THE CAT IS OUT OF THE BAG, AND NUMBER TWO, YOU KNOW, SOMEBODY

25  GOES BACK TO THE E SYSTEM OR SO FORTH, YES, THEY CAN PUT ONE AND

1   ONE TOGETHER. IT'S NOT CURED BY THIS. AND THERE'S NO

2   CONFIDENTIAL INFORMATION THAT I'M AWARE OF IN YOUR THIRD-AMENDED

3   COMPLAINT.

4           SO YOUR REQUEST TO PERMIT A FILING UNDER THE NAME OF

5   WHATEVER IT IS --

6           **MR. GOLD:** JANE ROE.

7           **THE COURT:** JANE ROE IS DENIED.

8           OKAY. NOW, WE COME TO THE NEXT QUESTION. AND THE NEXT

9   QUESTION IS: IS THERE FEDERAL JURISDICTION NOW?  THAT'S THE

10  QUESTION.

11          OKAY, TO WHICH I TURN TO THE DEFENDANTS AND I ASK

12  THEM WHAT DO THEY BELIEVE IS THE BASIS FOR FEDERAL JURISDICTION

13  NOW?

14          **MR. POLSKY:** YOUR HONOR --

15          **THE COURT:** UNDER THE THIRD-AMENDED COMPLAINT.

16          **MR. POLSKY:** -- WITH THE CAVEAT THAT WE JUST GOT THIS

17  THREE DAYS AGO.

18          **THE COURT:** RIGHT.

19          **MR. POLSKY:** BUT I THINK THERE ARE A COUPLE OF BASES

20  FOR FEDERAL JURISDICTION. ONE IS IN PARAGRAPH TWELVE OF THIS

21  PRESENT -- THIS THIRD-AMENDED COMPLAINT, THERE'S AN ALLEGATION

22  THAT THERE WAS ANIMOSITY AGAINST THE PLAINTIFF BECAUSE SHE

23  REQUESTED UNION REPRESENTATION, AND THAT A HEARING TOOK PLACE

24  WHICH DID NOT COMPLY WITH THE REQUIREMENTS OF THE COLLECTIVE

25  BARGAINING AGREEMENT.

KATHERINE WYATT, OFFICIAL REPORTER, CSR, RMR (415) 487-9834

1  **THE COURT:** OKAY. SO -- WELL, IF THERE'S ANIMOSITY, I
2  DON'T KNOW -- I MEAN, I HAVE TO TRY TO FIGURE THAT ONE OUT. I
3  DON'T KNOW THAT --
4  **MR. POLSKY:** WELL --
5  **THE COURT:** I THINK YOU HAVE TO HAVE SOMETHING MORE
6  THAN THAT, DON'T YOU?
7  **MR. POLSKY:** NO. NO. THAT -- PART OF OUR PROBLEM
8  HERE IS THIS IS NOT A CLEAR, CONCISE AND SIMPLE PLEADING. WE --
9  YOU KNOW, THERE ARE PAGES OF EDITORIALIZING AND ARGUMENT THAT WE
10 DON'T SEE HOW IT RELATES TO PARTICULAR THEORIES OR PARTICULAR
11 FACTS.
12 **THE COURT:** WELL, NOR DO I. BUT I'M TRYING TO FIGURE
13 OUT WHAT EXACTLY IS THE JURISDICTIONAL --
14 **MR. POLSKY:** WELL, IF HE'S SAYING THAT ONE OF THE
15 DEFENDANTS WAS SUPPORTIVE OF PLAINTIFF UNTIL SHE TRIED TO
16 EXERCISE HER UNION RIGHTS, AND THAT THAT WAS THE BASIS FOR THAT
17 DEFENDANT'S ACTIONS AGAINST THE PLAINTIFF, YOU KNOW, I THINK
18 THAT RAISES A FEDERAL QUESTION.
19 NOW, THERE IS ALSO --
20 **THE COURT:** IS THAT WHAT YOU'RE SAYING?
21 **MR. GOLD:** NO.
22 **THE COURT:** OKAY. WELL, THEN, YOU TELL ME WHAT --
23 WHAT ARE YOU SAYING THAT -- AS IT RELATES TO THE COLLECTIVE
24 BARGAINING AGREEMENT, AND IN PARTICULAR, WITH THE DISCIPLINE OF
25 THE COLLECTIVE BARGAINING AGREEMENT?

KATHERINE WYATT, OFFICIAL REPORTER, CSR, RMR (415) 487-9834

1                I MEAN, SHE WAS PROMISED -- AS I UNDERSTAND THE CASE,
2    THE ARGUMENT IS SHE WAS PROMISED THAT THEY WOULD PAY LOANS.
3    OKAY?
4                THEY TERMINATED HER. AND THEN, WHEN THEY TERMINATED
5    HER THEY SAID:
6                    "WE'RE NOT PAYING YOUR LOANS."
7                OKAY. SO IF THAT'S ALL THAT ONE WERE TO SAY THERE
8    WOULD BE NO FEDERAL JURISDICTION. THAT'S ALL ONE SAID:
9                    "WE PROMISED TO PAY HER -- SHE WAS PROMISED TO
10               PAY HER LOANS. THEY DIDN'T PAY HER LOANS. THEY FIRED
11               HER, DIDN'T PAY HER LOANS.  AND MY COMPLAINT IS THAT
12               THEY DIDN'T PAY HER LOANS."
13               **MR. POLSKY:**  IF THAT WERE ALL THE COMPLAINT SAID I
14   WOULD AGREE THAT DOES NOT PRESENT A FEDERAL QUESTION.
15               **THE COURT:** NO FEDERAL QUESTION.  OKAY.
16               NOW, THE QUESTION IS:  DOES IT SAY SOMETHING OTHER
17   THAN THAT?  AND I'M TRYING TO WORK MY WAY THROUGH IT.
18               AND WHAT DO YOU SAY, THE PLAINTIFF?  WHAT DO YOU SAY?
19   DO YOU SAY ANYTHING ELSE?
20               **MR. GOLD:** RIGHT NOW THE ONLY CONTRACT CLAIM WE HAVE
21   IN THIS COMPLAINT IS THEY MADE A PROMISE TO HER IF SHE SIGNS ON:
22                    "WE WILL PAY YOUR LOANS IF YOU STAY AND WORK
23               WITH US FOR A YEAR."
24               AND THE SIGN-ON BONUS IS NOT IN THE COLLECTIVE
25   BARGAINING AGREEMENT. WE MAKE NO REFERENCE TO THE COLLECTIVE

1  BARGAINING AGREEMENT, AND WE BELIEVE IT'S INDEPENDENT OF THE
2  COLLECTIVE BARGAINING AGREEMENT.
3      **THE COURT:**  SO IT DOESN'T MAKE ANY DIFFERENCE WHETHER
4  THEY APPROPRIATELY DISCIPLINED HER OR NOT UNDER THE COLLECTIVE
5  BARGAINING AGREEMENT BECAUSE THAT WOULD BE FEDERAL JURISDICTION.
6      **MR. POLSKY:**  RIGHT.
7      **THE COURT:**  BUT IT'S JUST:
8      "HEY, LOOK. I PROMISED.  I PROMISED I WOULD PAY
9      HER, PAY HER LOANS. I DIDN'T."
10      BREACH OF CONTRACT. THAT'S IT. THAT'S WHAT THE
11  LAWSUIT'S ABOUT.
12      AND IF THAT'S -- AND YOU SAY "YES"; IS THAT RIGHT?
13  THE PLAINTIFF SAYS:  "THAT'S RIGHT?"
14      **MR. GOLD:**  WITHOUT ANY REFERENCE TO THE CBA, YES.
15      **THE COURT:**  ALL RIGHT.  LET'S JUST ACCEPT THAT AS
16  BEING WHAT HIS CLAIM IS. NO FEDERAL JURISDICTION.
17      **MR. POLSKY:**  IF THAT WERE HIS CLAIM.  BUT I HAVE TO
18  GO BY WHAT'S IN THE THIRD-AMENDED COMPLAINT.
19      **MR. GOLD:**  I'LL GO FURTHER THAN THAT.
20      **MR. POLSKY:**  THERE'S A LOT.  YOU KNOW, THERE ARE
21  ALLEGATIONS RELATING TO THE COLLECTIVE BARGAINING AGREEMENT.
22  THERE ARE ALLEGATIONS OF INAPPROPRIATE, UNJUSTIFIED DISCIPLINE.
23  THERE ARE ALSO --
24      **THE COURT:**  ANY NUMBER OF THINGS HE SAYS. BUT I
25  DON'T -- YOU KNOW, I'M JUST TRYING TO WORK MY WAY THROUGH IT AND

1  FIGURE OUT WHETHER THE BASIS OF THIS COMPLAINT IS SIMPLY A
2  BREACH OF CONTRACT.  AND HE'S TELLING ME -- IS THAT CORRECT,
3  COUNSEL?
4           **MR. GOLD:**  YES.
5           **THE COURT:**  SO THAT'S IT. BREACH OF CONTRACT.
6           WELL, WHAT I THOUGHT I -- LET ME TAKE A LOOK AT THIS.
7           LET ME GO THROUGH IT.  IF I NEED SOME FURTHER
8  BRIEFING, I WILL ADVISE YOU.
9           **MR. POLSKY:**  MAY I POINT OUT ANOTHER FEDERAL ISSUE
10 RAISED BY THIS THIRD-AMENDED COMPLAINT?
11          **THE COURT:**  SURE.
12          **MR. POLSKY:**  AND THAT IS -- AND, AGAIN, I DON'T KNOW
13 TO WHAT EXTENT THESE TIE INTO THE PARTICULAR THEORIES OF
14 RECOVERY, BUT THERE ARE ALLEGATIONS OF HIPAA VIOLATIONS. AND
15 HIPAA IS PART OF ERISA.  SO IF THIS COMPLAINT ADDRESSES HIPAA
16 VIOLATIONS THAT ARE --
17          **THE COURT:**  WELL, ARE YOU FORMING ANY OF YOUR BASIS
18 FOR YOUR RECOVERY ON THE HIPAA?
19          **MR. GOLD:**  RECOVERY?  NO, SIR.
20          **THE COURT:**  OKAY. ANYWAY, I THINK I BETTER TAKE A
21 LOOK AT THIS.
22          **MR. POLSKY:**  OKAY.
23          **MR. GOLD:**  YOUR HONOR, MAY I?
24          **THE COURT:**  SURE.
25          **MR. GOLD:**  AND PLEASE FEEL FREE TO STOP ME AS I PUT

1  MY FOOT IN MY MOUTH.
2          **THE COURT:**  OH, I FEEL FREE TO STOP YOU.
3          **MR. GOLD:**  I ACTUALLY DID WORK VERY HARD.  I'M SORRY
4  FOR ALL THE ERRORS.
5          **THE COURT:**  NO.  DON'T WORRY ABOUT THAT.
6          **MR. GOLD:**  I HAVE ACTUALLY A REPROPOSED THIRD-AMENDED
7  COMPLAINT.
8          **THE COURT:**  YOU HAVE ANOTHER ONE.
9          **MR. GOLD:**  I HAVE ANOTHER ONE.
10         **THE COURT:**  YOU HAVE A FOURTH-AMENDED.
11         **MR. GOLD:**  RIGHT, WHICH I STILL HAVE TO FIX BECAUSE I
12 HAVE TO MAKE IT A FEDERAL POINT.  BUT IT'S CLEARER, AND IT'S
13 MORE NARROWER AND IT'S GRAMMATICALLY CORRECT.
14         **THE COURT:**  HERE'S WHAT I WANT YOU TO DO.  I WANT YOU
15 TO FILE YOUR FOURTH-AMENDED COMPLAINT.
16         **MR. GOLD:**  OKAY.
17         **THE COURT:**  WHEN CAN YOU DO ALL YOUR PROOFING IN
18 LIGHT OF EVERYTHING THAT I'VE SAID?  AND --
19         **MR. GOLD:**  GIVE ME ONE WEEK.
20         **THE COURT:**  I CERTAINLY WILL.  OKAY.  I'LL GIVE YOU
21 14 DAYS. FILE WITHIN 14 DAYS.  OKAY?
22             AT THAT POINT, WE WILL TAKE A LOOK AT IT AND SEE
23 WHETHER ON ITS FACE IT HAS ANY JURISDICTIONAL CLAIMS.
24         **MR. GOLD:**  MAY I RAISE TWO OTHER POINTS?
25         **THE COURT:**  WELL, YOU'RE SORT OF AHEAD NOW.  DO YOU

```
 1  REALLY WANT TO --
 2              MR. GOLD:  NO.  NO.  I'M FINE, BUT I JUST WANTED FOR
 3  COUNSEL -- WE DON'T HAVE OFTEN A CHANCE TO SPEAK FACE-TO-FACE.
 4              THE COURT:  WHO?
 5              MR. GOLD:  OPPOSING COUNSEL.
 6              THE COURT:  GO OUT AND TALK.
 7              MR. POLSKY:  WE CAN SPEAK FACE-TO-FACE RIGHT OUTSIDE.
 8              MR. GOLD:  WELL, MRS. --
 9              THE COURT:  NO.  OKAY.  GOODBYE.  I'VE HAD ENOUGH OF
10  THIS MESS.
11              MR. GOLD:  OKAY.  THANK YOU.
12              THE COURT:  YOU GUYS GO OUT AND TALK, AND IF YOU CAN
13  RESOLVE IT SOME WAY, SURE.  GO RIGHT AHEAD.
14              MR. GOLD:  THANK YOU, YOUR HONOR.
15              THE COURT:  BE MY GUEST.
16              MR. POLSKY:  THANK YOU, YOUR HONOR.
17              MR. GOLD:  THANK YOU, YOUR HONOR.
18              THE COURT:  THANKS FOR COMING IN.
19              (THEREUPON, THIS HEARING WAS CONCLUDED.)
20
21
22
23
24
25
```

KATHERINE WYATT, OFFICIAL REPORTER, CSR, RMR (415) 487-9834

```
 1                    CERTIFICATE OF REPORTER
 2           I, KATHERINE WYATT, THE UNDERSIGNED, HEREBY CERTIFY
 3   THAT THE FOREGOING PROCEEDINGS WERE REPORTED BY ME, A CERTIFIED
 4   SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED BY ME INTO
 5   TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE
 6   RECORD OF SAID PROCEEDINGS.
 7           I FURTHER CERTIFY THAT I AM NOT OF COUNSEL OR
 8   ATTORNEY FOR EITHER OR ANY OF THE PARTIES IN THE FOREGOING
 9   PROCEEDINGS AND CAPTION NAMED, OR IN ANY WAY INTERESTED IN THE
10   OUTCOME OF THE CAUSE NAMED IN SAID CAPTION.
11           THE FEE CHARGED AND THE PAGE FORMAT FOR THE
12   TRANSCRIPT CONFORM TO THE REGULATIONS OF THE JUDICIAL
13   CONFERENCE.
14            IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND THIS
15   16TH DAY OF MAY, 2008.
16
17
18
19
20          S/B KATHY WYATT
21
22
23
24
25
```